UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                    CRIMINAL NO. 3:12CR238 (JBA)

v.

LAWRENCE HOSKINS                            October 30, 2019

**GOVERNMENT'S SUPPLEMENTAL**
**JURY INSTRUCTION ON MONEY LAUNDERING COUNTS**

The Government moves for a supplemental instruction informing the jury that, to convict

the defendant on the money laundering counts under 18 U.S.C. § 1956(a)(2)(A), it need not find

that the defendant knew the transportation, transmittal, or transfer of funds was from a place in the

United States to or through a place outside the United States.

Counts Nine through Twelve of the Third Superseding Indictment charge the defendant

with aiding and abetting international money laundering, in violation of 18 U.S.C. §§

1956(a)(2)(A) and 2.  Section 1956(a)(2)(A) makes it a crime to "transport[], transmit[], or

transfer[] . . . a monetary instrument or funds from a place in the United States to or through a

place outside the United States or to a place in the United States from or through a place outside

the United States – (A) with the intent to promote the carrying on of specified unlawful activity. .

. ."  As relevant here, the elements of a § 1956(a)(2)(A) offense are that (1) the defendant

transported, transmitted, or transferred a monetary instrument or funds from a place in the United

States to or through a place outside the United States; and (2) the defendant did so with the intent

to promote the carrying on of specified unlawful activity ("SUA"), here, a felony violation of the

Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2.

1

Section 1956(a)(2)(A)'s requirement that funds be transferred from inside the United States

to or through a place outside the United States (or vice versa) is a jurisdictional element. Unlike

Sections 1956(a)(1) and (a)(3), Section 1956(a)(2) does not use the term "financial transaction"; it

criminalizes the transportation, transmittal, or transfer of funds. Section 1956(a)(2), therefore,

does not rely on a "financial transaction" in order to establish interstate or foreign commerce (i.e.

federal jurisdiction). *See* 18 U.S.C. § 1956(c)(4) (defining "financial transaction" to require either

an effect on interstate or foreign commerce or the use of a financial institution whose activities

affect interstate or foreign commerce); *see also United States v. Goodwin*, 141 F.3d 394, 399-400

(2d Cir. 1997) (finding that § 1956 contains a "jurisdictional element" that "ensure[s], through

case-by-case inquiry, that the money laundering statute will reach conduct affecting interstate

commerce") (internal quotation marks and citation omitted); *United States v. Leslie*, 103 F.3d

1093, 1101 (2d Cir. 1997) ("The interstate commerce element of the money laundering statute,

while an essential element, is jurisdictional in nature."); *Naut v. United States*, 2011 WL 3370398,

*5 (S.D.N.Y. Aug. 3, 2011) ("[I]t must be noted that the interstate commerce element [of 18 U.S.C.

§ 1956(a)(1)] is a jurisdictional requirement for the exercise of federal power by this Court.").

Accordingly, the from/to/through requirement is necessary to establish federal jurisdiction

by ensuring a nexus with foreign commerce. *See* U.S. Const., art. I, § 8, cl. 3. Without that

requirement, Section 1956(a)(2) would sweep in a purely local transportation, transmittal, or

transfer of funds (assuming it is done with the requisite intent to promote the carrying on of SUA).

Because the from/to/through element of section 1956(a)(2)(A) is jurisdictional, it does not

require that the defendant knew the transportation, transmittal, or transfer of funds would be from

a place in the United States to or through a place outside the United States. The Supreme Court

has recently reaffirmed the longstanding principle that "'the existence of the fact that confers

2

federal jurisdiction need not be one in the mind of the actor at the time he perpetuates the act made criminal by the federal statute.'" *Torres v. Lynch*, 136 S. Ct. 1619, 1631 (2016) (quoting *United States v. Feola*, 420 U.S. 671, 677 n.9 (1975)).  That is "[b]ecause jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct" – the "'evil Congress seeks to prevent'" – but "instead simply ensure the Federal Government has the constitutional authority to regulate the defendant's conduct." *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019).  Thus, "when Congress has said nothing about the mental state pertaining to a jurisdictional element, the default rule flips: Courts assume that Congress wanted such an element to stand outside the otherwise applicable *mens rea* requirement." *Torres*, 136 S. Ct. at 1631; *accord Rehaif*, 139 S. Ct. at 2196; *see also United States v. Yermian*, 468 U.S. 63, 68 (1984) ("Jurisdictional language need not contain the same culpability requirement as other elements of the offense[.]").

Consistent with these principles, the Supreme Court and Second Circuit (and courts in general) repeatedly have declined to impose a *mens rea* requirement on the jurisdictional element of a federal criminal statute.  *See, e.g.*, *Feola*, 420 U.S. at 684, 696 (conviction for assaulting federal officer, 18 U.S.C. § 111, does not require knowledge that the victim was a federal officer); *Yermian*, 468 U.S. at 69-70 (conviction for making false statement, 18 U.S.C. § 1001, does not require knowledge of federal agency jurisdiction); *United States v. Allen*, 788 F.3d 61, 66-69 (2d Cir. 2015) (conviction for setting fire on federal lands, 18 U.S.C. § 1855, "does not require knowledge that the lands are federal"); *United States v. Silverio*, 335 F.3d 183, 187 (2d Cir. 2003) (conviction for Hobbs Act robbery, 18 U.S.C. § 1951, does not require knowledge that robbery would affect interstate commerce); *United States v. Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (conviction for wire fraud, 18 U.S.C. § 1343, does not require that the interstate nature of the wire communication be reasonably foreseeable) (cited by Supreme Court in *Torres*); *United States v.*

3

*Ardito*, 782 F.2d 358, 362 (2d Cir. 1986) (conviction for obstructing justice, 18 U.S.C. § 1503, does not require knowledge of the federal nature of the obstructed proceeding); *see also, e.g.*, *United States v. Houston*, 683 F. App'x 434, 437-38 (6th Cir. 2017) (conviction for transmitting a threat in interstate or foreign commerce, 18 U.S.C. § 875(c), does not require knowledge of interstate-commerce element); *United States v. Darby*, 37 F.3d 1059, 1067 (4th Cir. 1994) (same).

The same is true of Section 1956(a)(2)(A).  "Congress has said nothing about the mental state pertaining to [this] jurisdictional element," so the "assum[ption]" is that "Congress wanted [this] element to stand outside the otherwise applicable *mens rea* requirement."  *Torres*, 136 S. Ct. at 1631.

This is confirmed by the statutory construction of Section 1956(a)(2)(A).  Indeed, the only mental state required by the statute is that the defendant acted with intent to promote the carrying on of SUA.  *See United States v. Trejo*, 610 F.3d 308, 315 (5th Cir. 2010) (discussing intent standard).  Significantly, the statute conspicuously sets forth that *mens rea* element in a different subsection that *follows* the introductory provision containing the element of transportation, transmittal, or transfer of funds from a place in the United States to or through a place outside the United States.  *See Yermian*, 468 U.S. at 69 (noting that the "jurisdictional language" of the false statement statute "appears in a phrase separate from the prohibited conduct modified by the terms 'knowingly and willfully'"); *cf. Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009) (as to identity theft statute, finding that "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the *subsequently* listed elements of the crime") (emphasis added).

Therefore, the Government requests a supplemental instructions clarifying that the Government need not prove that the defendant knew or intended that the transfer of money be from a place inside the United States to a place outside the United States, in bold below:

> The first element which the government must prove beyond a reasonable doubt is that the defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States, or aided and abetted another to do the same.
>
> The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.
>
> The term "funds" refers to money or negotiable paper which can be converted into currency. "Transportation" is not a word which requires a definition; it is a word which has its ordinary, everyday meaning. The government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting it. All that is required is proof that the defendant caused the funds or monetary instrument to be transported.
>
> To satisfy this element, the government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside the United States. **However, the government need not prove that the defendant knew or intended that the funds or monetary instruments would be transported from somewhere in the United States to or through someplace outside the United States. Rather, to find that the government has proven this element beyond a reasonable doubt, you need only find that the defendant caused or aided and abetted funds to be transported, and that the transported funds or monetary instruments were, in fact, transported from somewhere in the United States to or through someplace outside the United States.**

Respectfully submitted,

| | |
|---|---|
| ROBERT ZINK | JOHN H. DURHAM |
| CHIEF | UNITED STATES ATTORNEY |
| Fraud Section, Criminal Division | District of Connecticut |
| United States Department of Justice | |

/s/                                                              /s/

| | |
|---|---|
| DANIEL S. KAHN | DAVID E. NOVICK |
| SENIOR DEPUTY CHIEF | ASSISTANT U.S. ATTORNEY |
| Federal Bar No. phv04243 | Federal Bar No. phv02874 |
| LORINDA LARYEA | 157 Church St., 25th Floor |
| ASSISTANT CHIEF | New Haven, Connecticut 06510 |
| Fraud Section, Criminal Division | Tel. (203) 821-3700 |
| U.S. Department of Justice | |
| 1400 New York Avenue, N.W. | |
| Washington, D.C.  20005 | |
| Tel. (202) 616-3434 | |

CERTIFICATION OF SERVICE

This is to certify that on October 30, 2019, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY:    ____/s/_____
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY