```
 1                  UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
 2

 3     _____
                                     )
 4     UNITED STATES OF AMERICA,      )
                                      ) No. 3:12-CR-238 (JBA)
 5                    Plaintiff,      )
                                      ) November 5, 2019
 6                                    )
       v.                             ) 11:10 a.m.
 7                                    )
                                      ) 141 Church Street
 8                                    ) New Haven, Connecticut
       LAWRENCE HOSKINS,              )
 9                                    )
                      Defendant.      )
10     _____)

11

12
                           CHARGE CONFERENCE
13

14

15

16

17     B E F O R E:

18           THE HONORABLE JANET BOND ARTERTON, U.S.D.J.

19

20

21

22

23

24                   Official Court Reporter:
                     Melissa J. Cianciullo, RMR, CRR, CRC
25                   (203) 606-1794
```

```
 1    A P P E A R A N C E S:

 2    For the Government:

 3         DAVID E. NOVICK, AUSA
           U.S. Attorney's Office - NH
 4         157 Church Street, 23rd Floor
           New Haven, CT 06510
 5         (203) 821-3700
           E-mail: david.novick@usdoj.gov

 6
           DANIEL S. KAHN, ESQ.
 7         LORINDA LARYEA, ESQ.
           U.S. Department of Justice
 8         Fraud Section, Criminal Division
           1400 New York Avenue, N.W.
 9         Room 11308
           Washington, D.C., 20005
10         Email: daniel.kahn@usdoj.gov
                  lorinda.laryea@usdoj.gov
11
      For the Defendant:
12
           CHRISTOPHER J. MORVILLO, ESQ.
13         DANIEL SILVER, ESQ.
           BENJAMIN K. PEACOCK, ESQ.
14         Clifford Chance US LLP - NY
           New York, NY 10019-6131
15         (212) 878-8000
           E-mail: christopher.morvillo@cliffordchance.com
16                 daniel.silver@cliffordchance.com
                   benjamin.peacock@cliffordchance.com
17
           BRIAN E. SPEARS, ESQ.
18         Spears Manning & Martini LLC
           2425 Post Road, Suite 203
19         Southport, CT 06890
           (203) 292-9766
20         E-mail: bspears@spearsmanning.com

21

22

23

24

25
```

| | |
|---|---|
| 1 | THE COURT:  Good morning, Counsel.  Please be | 11:10 |
| 2 | seated. | 11:10 |
| 3 | All right.  We have our draft for discussion | 11:10 |
| 4 | that's been sent to you yesterday.  I think the most | 11:10 |
| 5 | orderly way to proceed will be to just go page by | 11:10 |
| 6 | page and see if there are changes, corrections, et | 11:10 |
| 7 | cetera. | 11:10 |
| 8 | Perhaps we could start with the easy part. | 11:10 |
| 9 | We circulated a verdict form.  Is there any problem | 11:10 |
| 10 | with the verdict form? | 11:10 |
| 11 | MR. NOVICK:  No, Your Honor. | 11:10 |
| 12 | MR. SILVER:  No, Your Honor. | 11:10 |
| 13 | THE COURT:  All right.  Tell me, what is the | 11:10 |
| 14 | first page anyone has dispute with respect to the | 11:10 |
| 15 | substance, or I'm happy to receive your editing | 11:11 |
| 16 | and -- | 11:11 |
| 17 | MR. NOVICK:  First page for us, Your Honor, | 11:11 |
| 18 | is page 14.  I think it's 14.  Now I have the red | 11:11 |
| 19 | line here. | 11:11 |
| 20 | MS. LARYEA:  It's page 14. | 11:11 |
| 21 | MR. NOVICK:  The definition of agent. | 11:11 |
| 22 | MR. SILVER:  I think I may have something | 11:11 |
| 23 | earlier, Your Honor. | 11:11 |
| 24 | And just for the record, obviously we don't | 11:11 |
| 25 | intend to relitigate every issue we've filed | 11:11 |

1    previously.  But just so the record is clear, we          11:11

2    don't intend to waive our prior request or objections     11:11

3    either.                                                    11:11

4            THE COURT:  That's fine.                           11:11

5            MR. SILVER:  So on page 5 I think is the          11:11

6    first page where I noted something.  We would just        11:11

7    request that under Subsection D, it read "presumption     11:11

8    of innocence" and "government's burden of proof."         11:11

9    And we request -- this kind of relates to page 6 as       11:11

10   well.  We request that the discussion of the              11:11

11   preponderance standard that relates to withdrawal not     11:11

12   be included here on the bottom of page 6, but rather      11:12

13   just discussed in the withdrawal charge itself so         11:12

14   that the first time the jury hears about the burden       11:12

15   of proof would just simply be about the government's      11:12

16   burden.                                                    11:12

17           MR. NOVICK:  We obviously disagree with that.     11:12

18           THE COURT:  Let me just -- page 6.  I'm           11:12

19   sorry.  I don't see that it references the --             11:12

20           MR. SILVER:  The very bottom of page 6, the       11:12

21   paragraph that starts with, "The defendant has argued     11:12

22   that he withdrew."  Then it's essentially that            11:12

23   paragraph which was discussed as preponderance of the     11:12

24   evidence.                                                  11:12

25           MR. NOVICK:  I have it on page 7.                 11:12

1    MR. SILVER:  It's on my page 6.  I'm sorry.    11:12
2  But ...    11:12
3    THE COURT:  All right.  Other than stylistic,    11:13
4  are there substantive objections to the way it's    11:13
5  currently formulated?    11:13
6    MR. SILVER:  The only objection, Your Honor,    11:13
7  is just that we think it would be clearer for the    11:13
8  jury to hear at the outset about the reasonable doubt    11:13
9  standard and that it's the government's standard and    11:13
10  that it may be a bit confusing for them to hear at    11:13
11  this stage about the preponderance of the evidence    11:13
12  standard that applies to withdrawal.  So it's --    11:13
13    MR. NOVICK:  Your Honor, I think it's an    11:13
14  accurate statement of law.  I mean, the burden --    11:13
15    THE COURT:  I don't think he's disputing    11:13
16  that.    11:13
17    MR. SILVER:  Yeah, I'm not.    11:13
18    MR. NOVICK:  I understand.  There are two    11:13
19  different burdens in the case.  I don't think it's    11:13
20  confusing.    11:14
21    THE COURT:  If we moved the withdrawal burden    11:14
22  to the withdrawal section, I would find that.    11:14
23    MS. LARYEA:  Page 17.    11:14
24    MR. NOVICK:  Your Honor, I think that even on    11:14
25  the bottom of page 5 where it says, "The law presumes    11:14

1    the defendant to be innocent of these charges against    11:14

2    him," which obviously we have no issue with, "the    11:14

3    burden is on the government to prove the guilt of the    11:14

4    defendant beyond a reasonable doubt," which as a    11:14

5    general proposition obviously is a true thing;    11:15

6    however, in this case there is an exception to that.    11:15

7    And then it says, "This burden never shifts to the    11:15

8    defendant for the simple reason that the law never    11:15

9    imposes upon a defendant," et cetera.    11:15

10        I think it's important within this section to    11:15

11   make clear that that's not entirely true in this    11:15

12   particular circumstance.    11:15

13        THE COURT:  How so?    11:15

14        MR. NOVICK:  I think it does that right now.    11:15

15   I think it makes clear that -- at least as long as    11:15

16   it's in the last paragraph there, that -- I think you    11:15

17   could add a clause that says except as I'm going to    11:15

18   describe to you with regard to withdrawal and then    11:15

19   explain that additional paragraph there.  I think it    11:15

20   ought to acknowledge that there is a shift in the    11:15

21   burden on that one issue.    11:15

22        MR. SILVER:  I don't think it's really burden    11:15

23   shifting, Your Honor.  The government still has the    11:15

24   burden to prove all the elements beyond a reasonable    11:15

25   doubt.  It's just that if they have done so, we have    11:15

1    the preponderance burden for the withdrawal defense.    11:16

2    So I don't think it's inaccurate to say the burden    11:16

3    never shifts.    11:16

4        Venue is also a preponderance standard but we    11:16

5    don't mention that here in this initial section, nor    11:16

6    do I think we should.  I think it just makes more    11:16

7    sense to discuss those issues when they come up.    11:16

8        MR. NOVICK:  Venue is not an element of the    11:16

9    crime.    11:16

10        THE COURT:  The reason I think that it has an    11:17

11    appropriate place here is to juxtapose not only the    11:17

12    burden of proof on the government, but that that must    11:17

13    be established first before we even get to the    11:17

14    withdrawal defense.    11:17

15        Let me consider your suggestion and whether    11:17

16    it would make better sense from the jury standpoint    11:18

17    of comprehension to move it.  Okay?    11:18

18        What's next?    11:18

19        MR. SILVER:  I think I may have one other    11:18

20    point before we get to Mr. Novick's first point which    11:18

21    is Your Honor has the 404(b) instruction much later    11:18

22    in the charge, and we would request that it be    11:18

23    inserted on what appears on my page 8 just before we    11:18

24    get to a description of the charges in the    11:18

25    indictment.  So perhaps it could go at the end of    11:18

1    what's Section 2 just before the beginning of                11:18

2    Section 3.                                                    11:18

3            And we would -- we actually prepared a short          11:18

4    proposal on 404(b) which is really just modeled off          11:18

5    the charge that Your Honor gave on the record during         11:18

6    trial which is a little bit more expanded from the           11:18

7    version that appears in the Court's proposed charge          11:19

8    which I think is now towards the end.  It's on page          11:19

9    43 currently.                                                11:19

10           MR. NOVICK:  You're saying it's on page 43.          11:19

11   I don't see it.                                               11:19

12           MR. SILVER:  Sorry.  It's my 43.  It's just          11:19

13   before what says Number 2, "What is not evidence."          11:19

14   So it's at the end of what is evidence.                      11:19

15           MR. NOVICK:  It strikes the government that          11:19

16   that's the exact appropriate place to be discussing         11:19

17   issues of what is and what is not evidence, and             11:20

18   that's exactly what is at issue in dealing with             11:20

19   404(b) on top of the fact that it has already been          11:20

20   instructed.  I have no issue with -- the government         11:20

21   has no issue with instructing them again on this.           11:20

22   But I don't think that it is necessary to advance it        11:20

23   among all other evidentiary issues to an area where         11:20

24   it is essentially the discussion of the substantive         11:20

25   crimes.                                                      11:20

| | | |
|---|---|---|
| 1 | THE COURT:  So the defense wants an expanded | 11:20 |
| 2 | charge and move it to where? | 11:20 |
| 3 | MR. SILVER:  We would propose, Your Honor, at | 11:20 |
| 4 | the end of what's II, "Overview of crimes charged." | 11:20 |
| 5 | So it appears to me, at least, the top of page 8. | 11:20 |
| 6 | It's just after the discussion of what each count is | 11:21 |
| 7 | basically. | 11:21 |
| 8 | THE COURT:  Before "overview of crimes | 11:21 |
| 9 | charged," did you say? | 11:21 |
| 10 | MR. SILVER:  That was my suggestion, Your | 11:21 |
| 11 | Honor, because it applies to both the FCPA counts and | 11:21 |
| 12 | the money laundering counts, and so I thought it | 11:21 |
| 13 | would just be as clear to insert it before discussing | 11:21 |
| 14 | those counts individually. | 11:21 |
| 15 | THE COURT:  All right.  I'll consider that. | 11:21 |
| 16 | I can immediately see the benefit but let me consider | 11:21 |
| 17 | it. | 11:22 |
| 18 | MR. SILVER:  Okay.  And a small point on | 11:22 |
| 19 | page -- what's my page 9, Your Honor, "Purpose of the | 11:22 |
| 20 | statute," I know that this is typically included in | 11:22 |
| 21 | conspiracy charges.  But the paragraph that reads, | 11:22 |
| 22 | "Congress has deemed it appropriate to make | 11:22 |
| 23 | conspiracy a separate crime discussing the threat to | 11:22 |
| 24 | public safety that arises from a conspiracy." | 11:22 |
| 25 | I know that's commonly given, but we would | 11:22 |

1   argue it's unnecessary to explain why, explain the                    11:22
2   dangers of conspiracy.  And so we would request that                   11:22
3   that paragraph be stricken.                                            11:22
4         MR. NOVICK:  We think it's an appropriate                        11:22
5   charge, Your Honor.  It's part of the pattern charge.                  11:22
6   It is regularly considered to be an appropriate                        11:22
7   charge particularly in the context of conspiracy                       11:22
8   which is not unlike substantive crimes.  They're not                   11:22
9   particularly well-known to the jury, understanding                     11:22
10  that conspiracy is in fact a distinct evil, it's not                   11:22
11  just a restatement of the substantive crime.  It is a                  11:23
12  crime in and of itself.                                                11:23
13        THE COURT:  Why does the defendant think this                    11:23
14  is unnecessary with respect to this conspiracy or                      11:23
15  these conspiracies?                                                    11:23
16        MR. SILVER:  Your Honor, I just think it's                       11:23
17  unnecessary to explain to the jury that Congress has                   11:23
18  determined that there's a grave or a greater threat                    11:23
19  to public safety from conspiratorial conduct than                      11:23
20  individual conduct.  And so it's really just based on                  11:23
21  that objection.                                                        11:23
22        THE COURT:  I'll consider that.  I'm not                         11:23
23  currently inclined to accept it as a reason to take                    11:23
24  this out.  The jury's familiarity with conspiracy,                     11:23
25  what it means and why it means that is an appropriate                  11:23

```
 1    objective.                                              11:23

 2            Okay.  What's next?                             11:24

 3            MR. SILVER:  Okay.  I think last point before   11:24

 4    agency would be on my page 11.  It's the -- it's in     11:24

 5    the section "Membership in the conspiracy" which is     11:24

 6    Section 5, the paragraph that begins, "In that regard   11:24

 7    has been said that in order for the defendant to be     11:24

 8    deemed a participant, he must have had a stake in the   11:24

 9    venture of its outcome."                                11:24

10            We would just request that the next sentence    11:24

11    which begins "You are instructed that," that where      11:24

12    the text says, "If you find the defendant had such an   11:24

13    interest," which is referring to a financial            11:24

14    interest, we would ask that it say, "If you find the    11:24

15    defendant had or did not have such an interest, that    11:24

16    is a factor you may properly consider," just to make    11:24

17    it clear that either the existence or lack of a         11:24

18    financial interest could be considered by the jury.     11:24

19            THE COURT:  So we could change that to --       11:24

20            MR. NOVICK:  Your Honor, I'm sorry.  This       11:25

21    is -- first of all, this is the standard charge.  I     11:25

22    think that the whole point of this is that it is --     11:25

23    if in fact you find it, it's something you can          11:25

24    consider but it is not necessary, it is not essential   11:25

25    to find that.                                           11:25
```

| | | |
|---|---|---|
| 1 | THE COURT:  It's hard to understand what is | 11:25 |
| 2 | the significance of a finding of no financial | 11:25 |
| 3 | interest other than, and it's a factor.  We say it's | 11:25 |
| 4 | not essential but it's a factor you may consider. | 11:26 |
| 5 | Doesn't that subsume the fact that they might find | 11:26 |
| 6 | that the defendant didn't have such an interest?  I'm | 11:26 |
| 7 | not sure I understand what's wrong with this. | 11:26 |
| 8 | MR. SILVER:  I think on a close reading, it | 11:26 |
| 9 | does subsume it.  But I think it just makes it more | 11:26 |
| 10 | clear and more balanced to explicitly say either | 11:26 |
| 11 | having a financial interest or not having one is -- | 11:26 |
| 12 | either is a factor. | 11:26 |
| 13 | MR. NOVICK:  It's -- again, someone not | 11:26 |
| 14 | having financial interest does not mean that they're | 11:26 |
| 15 | not a member of the conspiracy which is exactly what | 11:26 |
| 16 | that makes it sound like.  I think that the way it's | 11:26 |
| 17 | written is much clearer. | 11:26 |
| 18 | THE COURT:  Well, I do too but let me | 11:27 |
| 19 | consider that when we put together the final charge. | 11:27 |
| 20 | MR. SILVER:  Okay.  Nothing else from us | 11:27 |
| 21 | until the agency element, so Mr. Novick can go first | 11:27 |
| 22 | if he'd like. | 11:27 |
| 23 | MR. NOVICK:  So under Element Three, Your | 11:27 |
| 24 | Honor, the first paragraph on the top of page 14 | 11:27 |
| 25 | beginning, "Here the domestic concern at issue." | 11:27 |

11:27
11:27
11:27
11:27
11:27
11:28
11:28
11:28
11:28
11:28
11:28
11:28
11:28
11:28
11:29
11:29
11:29
11:29
11:29
11:29
11:29
11:29
11:29
11:29
11:29

 1    MR. SILVER:  Sorry.  I'm having trouble

 2 finding.

 3    MR. NOVICK:  It is the third paragraph under

 4 Element Three.

 5    MR. SILVER:  Okay.

 6    MR. NOVICK:  The government's suggestion

 7 would be at the end of that paragraph it read here

 8 the parties have stipulated that Alstom Power, Inc.,

 9 was a domestic concern.

10    MR. SILVER:  No objection.

11    THE COURT:  All right.

12    MR. NOVICK:  Next, after the paragraph that

13 begins, "One may be an agent for some business

14 purposes," the government asks -- I suppose

15 reiterates its request for instruction from Cutco

16 which reads, "Joint participation in a partnership or

17 joint venture establishes control sufficient to make

18 each partner or joint venture an agent of the

19 others."

20    MR. SILVER:  And, Your Honor, we would object

21 to that language as we've previously set forth in our

22 papers.  I think here there's been no evidence at all

23 during the trial that Mr. Hoskins was a joint

24 venturer or a member of a partnership with Alstom

25 Power, Inc.  In fact, it actually would be confusing

1   because there has been evidence of a joint venture                11:29

2   which was a joint venture between Alstom Power, Inc.,             11:29

3   Marubeni and Alstom Indonesia.  But there's no                    11:29

4   evidence that Mr. Hoskins was a member of that joint              11:29

5   venture, and so I think that language is in --                    11:29

6   opposite here and certainly potentially misleading               11:30

7   for the jury.                                                     11:30

8           THE COURT:  Anything further?                            11:30

9           MR. NOVICK:  Your Honor, I think it's --                 11:30

10   counsel is emphasizing form over substance.  I think            11:30

11   the evidence at trial, and I know the Court reserved            11:30

12   ruling on this based on depending on what the                    11:30

13   evidence was.  I think the evidence here is that the            11:30

14   International Network and Alstom Power, Inc., were               11:30

15   together engaged in an effort to win the Tarahan               11:30

16   Project, and I think that is sufficient as a matter            11:30

17   of fact to support the Cutco instruction.                       11:30

18           MR. SILVER:  I think there's a real risk,              11:30

19   Your Honor, that if the jury is permitted to conclude          11:30

20   that Mr. Hoskins was an agent because International            11:30

21   Network was working together with API to build the            11:30

22   Tarahan Project, that completely undermines the                 11:30

23   control element and really the definition of what             11:30

24   common law agency is.                                           11:31

25           THE COURT:  Isn't that what the argument is           11:31

| | |
|---|---|
| 1 | going to be as to what the facts show? |
| 2 | Doesn't that, Mr. Novick, suggest that the |
| 3 | jury should decide whether the relationship between |
| 4 | International Network and API in their joint efforts |
| 5 | together made him an agent?  Because it's not a |
| 6 | formal joint partnership.  A partnership has its own |
| 7 | characteristics and its own legal consequences.  We |
| 8 | don't have such a thing here.  It seems to me this |
| 9 | should be left for your oral argument -- for your |
| 10 | summations. |
| 11 | MR. NOVICK:  Understood, Your Honor. |
| 12 | THE COURT:  Okay.  What's next? |
| 13 | MR. SILVER:  I just had a couple points on |
| 14 | that page, Your Honor. |
| 15 | We would request that just a little earlier |
| 16 | in the page where the Court defines undertaking, we |
| 17 | would ask that the sentence read, "The undertaking |
| 18 | consists of the acts or services which the agent |
| 19 | agrees to perform on behalf of the principal." |
| 20 | MR. NOVICK:  I disagree with that, Your |
| 21 | Honor.  You're collapsing the different elements of |
| 22 | agency into one.  Undertaking I think is accurately |
| 23 | defined there as the acts or services which the agent |
| 24 | performs on behalf of the principal.  That's what |
| 25 | the -- that's literally what the undertaking is. |

11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:31
11:32
11:32
11:32
11:32
11:32
11:32
11:32
11:32
11:32

| | | |
|---|---|---|
| 1 | MR. SILVER:  I think our point, Your Honor, | 11:32 |
| 2 | is just that the way it's currently framed | 11:32 |
| 3 | includes -- means that it could also include other | 11:32 |
| 4 | things and I don't think that that's correct.  I | 11:32 |
| 5 | think that the undertaking consists of the services | 11:32 |
| 6 | that the agent has agreed to perform.  That's the | 11:32 |
| 7 | crux of the agency relationship.  It's not other | 11:33 |
| 8 | aspects of what the principal intended to do. | 11:33 |
| 9 | THE COURT:  What other facts are you | 11:33 |
| 10 | believing exist for the jury to consider other than | 11:33 |
| 11 | an undertaking to influence and successfully achieve | 11:33 |
| 12 | an award of the contract? | 11:33 |
| 13 | MR. SILVER:  Well, I think this goes to the | 11:33 |
| 14 | point -- | 11:33 |
| 15 | THE COURT:  What other evidence has there | 11:33 |
| 16 | been that he did anything other than that? | 11:33 |
| 17 | MR. SILVER:  Well, this goes to the point | 11:33 |
| 18 | that I think the government's theory or what they | 11:33 |
| 19 | will attempt to argue in summation is that because | 11:33 |
| 20 | API had the legal road or in a sense had control over | 11:33 |
| 21 | the bidding process in general, that control is | 11:33 |
| 22 | sufficient to create an agency relationship over | 11:33 |
| 23 | Mr. Hoskins with respect to the services Mr. Hoskins | 11:33 |
| 24 | performed.  And so what we're attempting to do is | 11:33 |
| 25 | clarify that the undertaking over which the principal | 11:34 |

1    has -- must have control is in fact the specific

2    services that the agent has agreed to perform for the

3    principal.  And so that's what we're trying to

4    clarify.

5          MR. NOVICK:  Your Honor, counsel is

6    collapsing elements together in agency.  The

7    agreement is a separate part of this.  The

8    undertaking being defined here is literally the acts

9    or services which the agent performs on behalf of the

10   principal.

11         THE COURT:  And that --

12         MR. SILVER:  That's what I just said, I

13   think, the undertaking is the acts and services.

14         MR. NOVICK:  "Includes the acts or services

15   which the agent performs on behalf of the principal."

16   That's what it says here.

17         MR. SILVER:  Right.  But it says "includes"

18   which implies there could be other things that are

19   not listed there.  And so that's why we're saying it

20   should say "consists of," "it consists of the acts or

21   services which the agent agrees to perform on behalf

22   of the principal."

23         MR. NOVICK:  I disagree with the "agrees to

24   perform" because, again, I think we're collapsing the

25   elements together.

| | | |
|---|---|---|
| 1 | THE COURT:  Well, let's start with is it | 11:35 |
| 2 | better to say, "The undertaking consists of the acts | 11:35 |
| 3 | or services which the agent performs"?  The defense | 11:35 |
| 4 | argument being that using the word "includes" expands | 11:35 |
| 5 | to non-FCPA violative conduct, the defendant's | 11:35 |
| 6 | conduct.  But I don't know of any evidence of that. | 11:35 |
| 7 | MR. NOVICK:  I'm not sure that that's a risk | 11:35 |
| 8 | here, Your Honor. | 11:35 |
| 9 | THE COURT:  But "undertaking consists of," is | 11:35 |
| 10 | there any problem with that? | 11:35 |
| 11 | MR. NOVICK:  I don't think so, Your Honor. | 11:35 |
| 12 | THE COURT:  And then I'm not going to put | 11:35 |
| 13 | what the agent agrees to perform because we have that | 11:35 |
| 14 | in Number 2, acceptance by the agent of the | 11:36 |
| 15 | undertaking, and then we're just defining | 11:36 |
| 16 | undertaking. | 11:36 |
| 17 | Okay.  Let's move on. | 11:36 |
| 18 | MR. SILVER:  Just a couple other little | 11:36 |
| 19 | points on that page, Your Honor. | 11:36 |
| 20 | So we would request in -- I guess it's two | 11:36 |
| 21 | paragraphs down, "One may be an agent for some | 11:36 |
| 22 | business purpose and not others," that instead of | 11:36 |
| 23 | "specific events of this case," that we would request | 11:36 |
| 24 | the Court say "conduct alleged in this case," just to | 11:36 |
| 25 | make it clear that what we're talking about is, | 11:36 |

1    again, the conduct the government alleges to be

2    violative of the FCPA.

3        MR. NOVICK:  I disagree with that, Your

4    Honor.  What we're talking about is the facts of the

5    case, what the jury finds, not what the government is

6    alleging.

7        MR. SILVER:  But I think this goes to what

8    Your Honor just was alluding to.  The sentence we're

9    talking about reads, "Here the government must prove

10   the defendant was an agent of a domestic concern in

11   connection with," and we think it should say "the

12   conduct alleged in this case."  He must be an agent

13   for that conduct, not in connection with some other

14   something else.

15       MR. NOVICK:  That would be inconsistent with

16   he can be an agent for some business purposes and not

17   others.  I think this is exactly the point, that it

18   is only the specific facts of the case and the events

19   of the case as the jury finds them.

20       MR. SILVER:  I don't think it's inconsistent.

21   That's really the whole -- of course somebody can be

22   a business agent for some purposes and not others.

23   We would agree with that.  But to be guilty of the

24   FCPA charges, he must have been an agent for the

25   purposes for which the government alleges he broke

11:36
11:36
11:36
11:36
11:36
11:36
11:36
11:36
11:36
11:36
11:36
11:37
11:37
11:37
11:37
11:37
11:37
11:37
11:37
11:37
11:37
11:37
11:37
11:37
11:37

1    the law, and so that's why we would request it say                    11:37
2    "conduct alleged in."                                                 11:37
3         MR. NOVICK:  The conduct here -- one moment                      11:37
4    please, Your Honor.                                                   11:37
5         MR. KAHN:  I apologize, Your Honor.  We're                       11:38
6    trying to speak with one voice, but I'm apparently                    11:38
7    not making my point, articulating well to Mr. Novick.                 11:38
8    Hopefully I can do so better with the Court.                          11:38
9         The conduct alleged in the indictment goes                       11:38
10   far beyond the undertaking.  The conduct alleged in                   11:38
11   the indictment covers a substantial amount of                        11:38
12   conduct, some of which Mr. Hoskins was involved in,                   11:38
13   some of which he wasn't.  That's the nature of a                      11:38
14   conspiracy.  And so to change it from the specific                    11:38
15   events of this case in the context of the undertaking                 11:38
16   and suddenly to start talking about the conduct                       11:38
17   alleged in the indictment makes it seem like he has                   11:38
18   to be an agent for each and every aspect of the                       11:38
19   conduct that the government has alleged.                              11:38
20        MR. SILVER:  I actually --                                       11:38
21        MR. NOVICK:  Which is not accurate.                              11:38
22        MR. SILVER:  I like Mr. Kahn's point.  So I                      11:38
23   think it could be even clearer to say "in connection                  11:38
24   with the conduct Mr. Hoskins was alleged to have                      11:38
25   engaged in in this case."  That makes it even more                    11:38

1    specific.                                                      11:38

2          MR. NOVICK:  It's the facts of this case.               11:38

3    It's the specific events of this case that the agency          11:38

4    concerns.  It's not general organizational charts              11:39

5    that the defense has offered.  It's not PowerPoints.          11:39

6    It's you have to look at the specific events of this          11:39

7    case.                                                          11:39

8          MR. SILVER:  I think we're kind of saying the            11:39

9    same thing but we're ...                                       11:39

10          THE COURT:  So to the extent our jurors are            11:39

11   being asked for their factual findings on what                11:39

12   happened, it seems to me that in the context of               11:39

13   clarifying that you can be an agent for one thing and         11:39

14   not for others, meaning his agency status doesn't            11:39

15   apply to everything that he did in this case -- I             11:39

16   mean, the only alternative that might work is one            11:40

17   that's just too factually specific such as "in              11:40

18   connection with efforts to obtain the Tarahan              11:40

19   contract."  I don't know whether that's what you want      11:40

20   or whether that clarifies what specific events means.      11:40

21          MR. KAHN:  That's fine with the government,          11:40

22   Your Honor.                                                   11:40

23          MR. SILVER:  I'm not sure that does the trick        11:40

24   in our view, Your Honor, because, again, it has to          11:40

25   be -- it has to be that the defendant was an agent          11:40

1   for purposes of the conduct that he is alleged to          11:41
2   have done in connection with the efforts to obtain          11:41
3   the Tarahan Project.  And so that's the point that I        11:41
4   think is important to get across, that it has to be         11:41
5   not just API's efforts to obtain the Tarahan Project        11:41
6   but what the defendant is alleged to have done in           11:41
7   that regard.                                                11:41
8           THE COURT:  But isn't that the part that it         11:41
9   was an agent?  And then the context in which he was         11:41
10  an agent of the domestic concern, in connection with.      11:41
11  And if specific events in this case you want to            11:41
12  clarify as -- let's see, specific --                        11:41
13          MR. SILVER:  Say conduct Mr. Hoskins is             11:41
14  alleged to have engaged in this case.                       11:41
15          THE COURT:  See, what I'm trying to do is not       11:41
16  bleed into 404(b) conduct.  I'm trying to keep it           11:42
17  Tarahan focused.                                            11:42
18          MR. SILVER:  I see.  I see.                          11:42
19          THE COURT:  In connection with the --               11:42
20          MR. KAHN:  Your Honor, I think defense             11:42
21  counsel's point is already captured in the above          11:42
22  undertaking and the general instruction on what an         11:42
23  agent is.  I think the purpose of this is now being        11:42
24  morphed to try to reiterate what is already stated in      11:42
25  the undertaking piece of it.                                11:42

1    The purpose of this is, as Your Honor pointed    11:42

2    out, that this is the Tarahan context.  It's not the    11:42

3    general context.  And I think it's accurately    11:42

4    captured here.  To the extent that defense counsel    11:42

5    wants to clarify that it's in the context of the    11:42

6    Tarahan Project or efforts to secure it, I think that    11:42

7    that certainly is acceptable to the government.  But    11:42

8    once you start narrowing it again to try to reiterate    11:42

9    what's already in the undertaking paragraph, it loses    11:42

10    the whole purpose of why this is in here.    11:42

11    THE COURT:  So if it read, "An agent of    11:42

12    domestic concern in connection with the specific    11:43

13    events related to the Tarahan Project," that    11:43

14    captures -- that narrows it.  That focuses it and    11:43

15    that directs them to what the significance of the    11:43

16    agent is, doesn't it?    11:43

17    MR. NOVICK:  Yes, Your Honor.    11:43

18    MR. SILVER:  I think maybe a different way to    11:43

19    state our concern is that we don't want there to be a    11:43

20    risk the jury concludes that by doing something    11:43

21    lawful in connection with the Tarahan Project, the    11:43

22    defendant became an agent.  It has to be in    11:43

23    connection --    11:43

24    THE COURT:  What did he do that was lawful in    11:43

25    connection with the Tarahan Project?    11:43

```
1          MR. SILVER:  Well, you know, simply attending          11:43
2     a meeting where no bribery was discussed, for               11:43
3     example, or --                                               11:43
4          THE COURT:  Do we have that evidence?                   11:43
5          MR. SILVER:  Well, I think it's -- those               11:43
6     facts are contested.  I mean, there's been                   11:43
7     testimony --                                                 11:44
8          THE COURT:  Is there evidence that you claim            11:44
9     shows he went to a meeting on the Tarahan Project in         11:44
10    which bribery was not discussed?                             11:44
11         MR. SILVER:  That certainly would be what we            11:44
12    would argue the evidence shows regarding this                11:44
13    September meeting in Jakarta.  There was evidence            11:44
14    from some witnesses that there was no discussion of          11:44
15    bribery.  There was evidence from other witnesses            11:44
16    there was discussion of bribery.                             11:44
17         MR. KAHN:  I don't think that accurately                11:44
18    captures the evidence, Your Honor.                           11:44
19         THE COURT:  I think I'd like to make the                11:44
20    change.  I'm glad you brought up the need for the            11:44
21    change.  But I think that refining events in this            11:44
22    case to specific events related to the Tarahan              11:44
23    Project improves it.                                         11:44
24         MR. KAHN:  We agree.                                     11:44
25         THE COURT:  All right.  Let's move on.                   11:44
```

| | | |
|---|---|---|
| 1 | What's next? | 11:44 |
| 2 | MR. SILVER:  Just final point on this agency | 11:44 |
| 3 | issue, Your Honor, that the next paragraph, we would | 11:44 |
| 4 | request that the Court end the next paragraph with | 11:44 |
| 5 | "what I have just given to you" and so not include | 11:44 |
| 6 | the language "and you should not consider other uses | 11:45 |
| 7 | of the term agent." | 11:45 |
| 8 | We think it's appropriate for the jury to | 11:45 |
| 9 | consider the way the term "agent" is used.  Obviously | 11:45 |
| 10 | they have to apply the definition the Court will give | 11:45 |
| 11 | them. | 11:45 |
| 12 | THE COURT:  But that's exactly what I'm | 11:45 |
| 13 | telling them not to do. | 11:45 |
| 14 | MR. NOVICK:  Right. | 11:45 |
| 15 | MR. SILVER:  Well, I just think they have to | 11:45 |
| 16 | apply this definition.  But they can certainly | 11:45 |
| 17 | consider other agency relationships they heard about | 11:45 |
| 18 | in the context of the case. | 11:45 |
| 19 | THE COURT:  Why?  That's not relevant.  I | 11:45 |
| 20 | mean, what I'm saying is this is the instruction: | 11:45 |
| 21 | The use of consultant and agent and so forth floats | 11:45 |
| 22 | through the evidence.  That's exactly not what | 11:45 |
| 23 | they're supposed to be considering because it doesn't | 11:45 |
| 24 | bear on whether Mr. Hoskins was an agent.  It may be | 11:45 |
| 25 | that we should say, "You should only use the | 11:45 |

1    definition of agent which I have just given you."      11:45

2          MR. SILVER:  I think that's fine, Your Honor.   11:45

3    I think that --                                         11:45

4          THE COURT:  Should we just stop there?           11:45

5          MR. SILVER:  -- that would do the trick.         11:45

6          MR. NOVICK:  I think that it -- I think the      11:45

7    rest of that sentence is necessary.  Right?  So you     11:46

8    have seen and heard evidence that the term agent was    11:46

9    sometimes used to refer to third-party consultants in   11:46

10   the case.  So you're referencing other uses of the      11:46

11   word "agent" in these documents, particularly in        11:46

12   documents counsel has put into evidence.  "But in       11:46

13   determining whether Mr. Hoskins was an agent of         11:46

14   Alstom Power, Inc., you should use the definition of    11:46

15   agent which I have just given you."                     11:46

16         THE COURT:  Add "only" there.                     11:46

17         MR. NOVICK:  Add "only."                          11:46

18         THE COURT:  Should only use the definition.       11:46

19         MR. NOVICK:  I would say, "You should not         11:46

20   consider definitions or other uses of the term          11:46

21   'agent.'"                                               11:46

22         THE COURT:  I don't know that we have any         11:46

23   other definitions out there.                            11:46

24         MR. NOVICK:  There are, Your Honor.  There        11:46

25   are in the process documents that counsel has put       11:46

1  into evidence and particularly the ones I'm thinking    11:46

2  of --    11:46

3        THE COURT:  In the consultancy agreements?    11:47

4        MR. NOVICK:  Not in the consultancy    11:47

5  agreements.  But in the documents that describe the    11:47

6  process of selecting an agent and that kind of thing,    11:47

7  there are definitions of what an agent is.    11:47

8        THE COURT:  What do they say?    11:47

9        MR. NOVICK:  I don't have the exhibit.    11:47

10        MR. SILVER:  They say third-party consultant.    11:47

11        THE COURT:  So if we just say, "You should    11:47

12  only consider the definition I've given you.  You    11:47

13  should not consider any other uses of the term agent"    11:47

14  seems appropriate.  I think we should do it that way.    11:47

15  It cabins it and it cabins it in a way that I hope    11:47

16  that we will not hear in closing the defendant    11:47

17  arguing something contrary.  That's an important    11:47

18  objective here.    11:47

19        All right.  What's next?    11:48

20        MR. NOVICK:  In the last paragraph of the    11:48

21  agent section, Your Honor, this is here and in    11:48

22  another place, you have a paragraph that calls out    11:48

23  obviously, "If you find that Mr. Hoskins acted as an    11:48

24  agent of Alstom Power, Inc.," et cetera, proceed to    11:48

25  the next element.  If not, you know, proceed to the    11:48

| | |
|---|---|
| 1 | next count.  But that is not paralleled in any of the | 11:48 |
| 2 | other elements.  The government doesn't think that | 11:48 |
| 3 | that paragraph is necessary.  Obviously you're | 11:48 |
| 4 | telling the jury that as to each of the elements | 11:48 |
| 5 | without calling one out is more important than the | 11:48 |
| 6 | other.  They have to find all the elements beyond a | 11:48 |
| 7 | reasonable doubt.  This strikes me that it is | 11:48 |
| 8 | emphasizing unnecessarily one element. | 11:48 |
| 9 | MR. SILVER:  We would disagree, Your Honor. | 11:48 |
| 10 | I mean, we think it's obviously a very subtle point | 11:48 |
| 11 | about which there's been much testimony and will be | 11:49 |
| 12 | much argument and summation, and so I think it bears | 11:49 |
| 13 | emphasis in this portion of the charge. | 11:49 |
| 14 | THE COURT:  So in essence, the defense wants | 11:49 |
| 15 | to just delete that paragraph? | 11:49 |
| 16 | MR. NOVICK:  The government does. | 11:49 |
| 17 | THE COURT:  I mean the government does. | 11:49 |
| 18 | MR. NOVICK:  Yes, Your Honor.  We don't think | 11:49 |
| 19 | that it is necessarily -- excuse me.  We don't think | 11:49 |
| 20 | it's necessary, and it's not parallel with the way | 11:49 |
| 21 | the other elements have read. | 11:49 |
| 22 | THE COURT:  Well, that's true.  And then just | 11:49 |
| 23 | move to Element Four. | 11:49 |
| 24 | MR. NOVICK:  Yes, Your Honor. | 11:50 |
| 25 | THE COURT:  I think that works. | 11:50 |

1          Okay.  What's next?

2          MR. NOVICK:  Under "Commission of an overt

3    act," Your Honor, so in discussions with counsel,

4    obviously for the sake of everybody, we did not

5    attempt to prove up every overt act in the

6    indictment.  And so we have redone the third

7    superseding indictment in discussion with counsel.

8          One of two ways we can do this, Your Honor.

9    We can white out the overt acts that were not proven

10   up or we can renumber the paragraphs, and we're happy

11   to do either.  We've got a renumbered indictment here

12   that I can give Your Honor and I've provided to

13   counsel.

14         Alternatively, we can if it's preferable just

15   white out.  What I've given you is both the redline

16   and a clean version showing Your Honor what we did

17   not prove up.  It consists principally of e-mails

18   that we didn't --

19         THE COURT:  So the question here then is

20   should you redo the paragraphs?

21         MR. NOVICK:  So in the clean edit, Your

22   Honor, yes, we've renumbered the paragraphs.  That's

23   exactly right.

24         THE COURT:  Any problem with giving this to

25   the jury as their --

```
 1          MR. SILVER:  No, Your Honor.  I think we're          11:51
 2   fine with renumbering the paragraphs.  That's fine.        11:51
 3          THE COURT:  And what we will do, Your Honor,        11:51
 4   I think this is without objection, would be summary        11:51
 5   charts have reference to the paragraphs in the             11:51
 6   indictment, so we will just redo the paragraph            11:51
 7   references accordingly and substitute the summary         11:51
 8   charts that are in evidence for the ones that are now     11:52
 9   accurately keyed to the indictment.  I assume --          11:52
10          MR. SILVER:  That's fine as long as we can         11:52
11   just get copies of those just to make sure that we --     11:52
12          MR. NOVICK:  Sure.                                 11:52
13          THE COURT:  Should we, for the purposes of         11:52
14   recordkeeping, call this the amended third                11:52
15   superseding indictment?                                   11:52
16          MR. NOVICK:  That makes sense, Your Honor.         11:52
17          MS. DAVIS:  It already is.                         11:52
18          MR. NOVICK:  You can call it the second.           11:52
19          MR. SILVER:  Second amended third superseding      11:52
20   indictment.                                               11:52
21          THE COURT:  And that -- will you give me a         11:52
22   new face -- let's see.  So if there's no objection,       11:52
23   then you can use the second amended third superseding     11:52
24   indictment.  I just need a new face page.                 11:52
25          MR. NOVICK:  Cover page, sure, Your Honor.         11:52
```

1          THE COURT:  Cover page.  Because we're going          11:52

2    to give them copies of the indictment in their          11:52

3    notebooks and we need to start copying that.          11:52

4          MR. NOVICK:  Understood.  We will do that as          11:52

5    soon as we get back to the office.          11:53

6          THE COURT:  Okay.  You don't need -- just          11:53

7    that.          11:53

8          MR. NOVICK:  Would you like someone to drop          11:53

9    it off?  Would you like an e-mail?          11:53

10          THE COURT:  Just e-mail.          11:53

11          All right.  But then will we need any          11:53

12    change -- does this change the pages?          11:53

13          MR. NOVICK:  So it will change the pages,          11:53

14    Your Honor.  We will still make the last page the          11:53

15    preexisting signature page.  But we'll white out the          11:53

16    page number to make sure that it's in line with the          11:53

17    rest of the document, and it will change the page          11:53

18    numbers in here.          11:53

19          THE COURT:  "In here" meaning in the          11:53

20    indictment?          11:53

21          MR. NOVICK:  It will change the pages in the          11:53

22    indictment and obviously the ones you refer to in the          11:53

23    charge.          11:53

24          My other suggestion --          11:53

25          THE COURT:  Let me just stop you.  There          11:53

| | |
|---|---|
| 1 | isn't anyplace in which I refer to specific overt | 11:53 |
| 2 | acts or what are you referring to? | 11:54 |
| 3 |     MR. NOVICK:  So under the second paragraph | 11:54 |
| 4 | under Element Four, it says, "Read overt acts." | 11:54 |
| 5 |     THE COURT:  Yes. | 11:54 |
| 6 |     MR. NOVICK:  My suggestion there, Your Honor, | 11:54 |
| 7 | would be an instruction that says, "The overt acts | 11:54 |
| 8 | are listed in the" -- "the overt acts charged in the | 11:54 |
| 9 | indictment are listed in the indictment which you | 11:54 |
| 10 | will have a copy of.  I'm going to read you ten of | 11:54 |
| 11 | them."  And we'll ask the Court specifically just by | 11:54 |
| 12 | way of not having to have the jury listen for longer | 11:54 |
| 13 | than is necessary.  I'm happy to have the Court read | 11:54 |
| 14 | all of them, but I think it is -- | 11:54 |
| 15 |     THE COURT:  How many did you take out?  So I | 11:54 |
| 16 | should just read them examples of overt acts charged, | 11:54 |
| 17 | but that the full text is in there?  I want to make | 11:54 |
| 18 | sure they hear what it is that -- | 11:55 |
| 19 |     MR. NOVICK:  So we have no objection to | 11:55 |
| 20 | reading all of the overt acts, Your Honor. | 11:55 |
| 21 |     MR. KAHN:  The issue is, Your Honor, that I | 11:55 |
| 22 | believe there are 37 overt acts. | 11:55 |
| 23 |     THE COURT:  Remaining? | 11:55 |
| 24 |     MR. KAHN:  Yes.  And so we were trying to | 11:55 |
| 25 | save your voice, Your Honor. | 11:55 |

1          THE COURT:  Well, that's a good                    11:55

2   consideration.                                            11:55

3          MR. SILVER:  Do we have to read any of them?      11:55

4   Can't we just refer to the indictment since they'll      11:55

5   have the indictment in the deliberations room?           11:55

6          MR. NOVICK:  We think we should read some of      11:55

7   them.                                                     11:55

8          THE COURT:  I tend to want to read them to        11:55

9   the jury to make sure they know what they are.  Are      11:55

10  there ten selected overt acts you can agree I should     11:55

11  read?                                                     11:55

12         MR. NOVICK:  We'll come up with a list, Your      11:55

13  Honor.                                                    11:55

14         MR. SILVER:  Sure.                                 11:55

15         MR. NOVICK:  The alternative being, I suppose     11:55

16  if we can't agree, then the Court will read all of       11:55

17  them, I suppose.                                          11:55

18         THE COURT:  All right.  So we would do            11:56

19  something like here are ten such overt acts, the         11:56

20  remainder for you to read in your notebook.  All         11:56

21  right.  Let's do something like that.  Okay.             11:56

22         MR. NOVICK:  The last paragraph of Element        11:56

23  Four reads, "Finally, you must find that either the      11:56

24  agreement was formed or that an overt act was            11:56

25  committed in the District of Connecticut which           11:56

| | |
|---|---|
| 1 | includes the entire state of Connecticut." | 11:56 |
| 2 | After the word "committed," the government | 11:56 |
| 3 | would suggest an addition that says "regardless of | 11:56 |
| 4 | when it was formed or committed," because the prior | 11:57 |
| 5 | statements are finding an overt act within the | 11:57 |
| 6 | statute, and obviously the one that forms the basis | 11:57 |
| 7 | of venue for the purposes of conspiracy does not need | 11:57 |
| 8 | to be one that was within the statute. | 11:57 |
| 9 | MR. SILVER:  I'm not sure I totally | 11:57 |
| 10 | understood the government saying that if there was no | 11:57 |
| 11 | overt act committed in the district -- | 11:57 |
| 12 | MR. NOVICK:  Well, let me make an alternative | 11:57 |
| 13 | suggestion.  I don't know that -- counsel certainly | 11:57 |
| 14 | hasn't suggested that they are consisting venue for | 11:57 |
| 15 | purposes of the conspiracy.  So we could just remove | 11:57 |
| 16 | that last paragraph reading "finally." | 11:57 |
| 17 | MR. SILVER:  I think that's true, Your Honor. | 11:57 |
| 18 | We haven't challenged venue for Counts 1 or 8. | 11:57 |
| 19 | THE COURT:  I'm for simplicity.  We'll take | 11:57 |
| 20 | that last paragraph out.  Thank you. | 11:58 |
| 21 | MR. NOVICK:  I have nothing until withdrawal. | 11:58 |
| 22 | MR. SILVER:  Yeah, same with me. | 11:58 |
| 23 | THE COURT:  All right.  We'll go to | 11:58 |
| 24 | withdrawal.  And that starts on my 17. | 11:58 |
| 25 | MR. NOVICK:  Yes, Your Honor.  The only | 11:58 |

1  paragraph the government has suggestions as to or          11:58

2  argument as to is the "resignation from a business         11:58

3  does not by itself" paragraph.                             11:58

4       Your Honor, the government's position here           11:58

5  first is that the case law is such that it's               11:58

6  resignation from a criminal enterprise, that's             11:58

7  Berger, does not by itself constitute withdrawal.  So      11:58

8  it's not parallel here.                                    11:58

9       In addition to that, I don't think that the          11:58

10  counsel has put forward any evidence, not being a         11:59

11  burden, that he severed ties from the criminal            11:59

12  enterprise here that he disavows or defeated in this      11:59

13  way, that he resigned from the company in a way to        11:59

14  disavow or defeat the conspiracy such that a Berger       11:59

15  instruction would be appropriate.                         11:59

16       MR. SILVER:  Your Honor, I think we've --            11:59

17       MR. NOVICK:  So I would request, Your Honor,         11:59

18  to remove that paragraph.                                 11:59

19       THE COURT:  But isn't there a difference             11:59

20  between resignation from employment and withdrawal        11:59

21  from a criminal enterprise?                               11:59

22       MR. NOVICK:  Yes, Your Honor.  Yes, Your             11:59

23  Honor, that's the point.                                  11:59

24       THE COURT:  Should this word be "resignation         11:59

25  from employment" which is what he did?                    11:59

1        MR. SILVER:  Instead of "from a business"?

2        THE COURT:  Yes.

3        MR. SILVER:  We're fine with that change,

4   Your Honor.

5        MR. NOVICK:  But it still doesn't capture the

6   point that -- Your Honor, the case law is such that

7   it is resignation from a criminal enterprise, not

8   resignation from a business that triggers this

9   instruction.

10        MR. SILVER:  We disagree with that, Your

11   Honor.  I mean, this was briefed prior to trial.

12        MR. KAHN:  I think the concern, Your Honor,

13   is the first sentence is certainly a correct

14   statement, the resignation from a business or from

15   employment does not by itself necessarily constitute

16   withdrawal.  It then, however, goes on to give the

17   Berger instruction and say that "resignation may

18   constitute withdrawal if."  That is referring to

19   Berger where it's resignation from the criminal

20   enterprise.

21        So that's the concern, that it's somehow

22   suggesting that resignation from the business may in

23   fact be sufficient if he does the following things,

24   and that's not what the case law says.

25        MR. SILVER:  And we certainly disagree, Your

12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:00
12:01
12:01

| | |
|---|---|
| 1 | Honor.  We don't think there's any distinction in the | 12:01 |
| 2 | case law between criminal enterprises and businesses. | 12:01 |
| 3 | And I think furthermore, Your Honor has | 12:01 |
| 4 | inserted language after "however" that says, "If you | 12:01 |
| 5 | find the defendant's resignation disavowed or | 12:01 |
| 6 | defeated the purpose of the conspiracy."  I assume | 12:01 |
| 7 | that the Court did that to make very clear that the | 12:01 |
| 8 | resignation must be consistent with a disavowal.  And | 12:01 |
| 9 | so I don't think there's any reason to go further. | 12:01 |
| 10 | That makes it clear that the resignation must be | 12:01 |
| 11 | consistent with a disavowal. | 12:01 |
| 12 | THE COURT:  So you're saying that the first | 12:01 |
| 13 | and the second sentence could be referring to two | 12:01 |
| 14 | separate things?  Or are you saying that Berger | 12:02 |
| 15 | doesn't make that distinction? | 12:02 |
| 16 | MR. SILVER:  Well, I'm saying that the | 12:02 |
| 17 | Court's formulation was fine.  So I'm not sure I | 12:02 |
| 18 | understand the Court's question.  I'm sorry. | 12:02 |
| 19 | THE COURT:  So if we say "resignation from a | 12:02 |
| 20 | business or employment does not by itself necessarily | 12:02 |
| 21 | constitute withdrawal," that covers noncriminal | 12:02 |
| 22 | business enterprises, right? | 12:02 |
| 23 | MR. SILVER:  Uh-huh. | 12:02 |
| 24 | THE COURT:  And you do not believe that the | 12:02 |
| 25 | case law makes a distinction to say that if you find | 12:02 |

1    resignation disavows or defeated, you think that the          12:03

2    jury can consider his resignation in terms of whether         12:03

3    it brought about a disavowal or defeated the purpose          12:03

4    of the conspiracy to suffice under Berger?                    12:03

5         MR. SILVER:  Exactly.  That's exactly right              12:03

6    because that's what I think is consistent with the            12:03

7    case law and makes sense here.  I mean, there's no            12:03

8    requirement that one does more when one resigns from          12:03

9    a legitimate business than when one resigns from a            12:03

10   fraudulent enterprise.  That's just not the case.             12:03

11        I mean, there's the Nerlinger case, for                  12:03

12   example, where the defendant resigned from a                  12:03

13   legitimate trading company and in doing so closed the         12:03

14   account that he -- that had been used to deposit              12:04

15   proceeds of the scheme and the Court found that those         12:04

16   acts were sufficient to constitute a disavowal.               12:04

17        So there's really no distinction, I think,               12:04

18   that the government would like to make between,               12:04

19   quote/unquote, criminal enterprises and businesses.           12:04

20        MR. KAHN:  I apologize, Your Honor.  I just              12:04

21   want to clarify for the record.  Berger says the             12:04

22   quote is resignation from a criminal enterprise              12:04

23   standing alone does not constitute withdrawal as a            12:04

24   matter of law.  That's Berger.                                12:04

25        Nerlinger doesn't even talk about the                    12:04

1    resignation as the key issue.  It says, "The only            12:04

2    question is whether his closing of the account             12:04

3    constitutes an affirmative action in light of the          12:04

4    rules that mere cessation of conspiratorial activity        12:04

5    is not enough."                                             12:04

6        So I think there's a lot of conflation going          12:04

7    on between the legitimate corporation and the               12:04

8    withdrawal from the criminal enterprise.  And I think       12:04

9    there's a lot of risk of jury confusion with this          12:05

10   paragraph.  Again, we can certainly talk about ways        12:05

11   to revise it to make clear that resignation from a         12:05

12   business alone does not constitute withdrawal, you         12:05

13   must find that the defendant took steps to disavow or      12:05

14   defeat the purpose of the conspiracy and if you have       12:05

15   found that, I think we have it.                             12:05

16       MR. NOVICK:  Yeah.  So, Your Honor, what I            12:05

17   would potentially suggest here is after that first         12:05

18   sentence, rather than beginning "however," it would        12:05

19   be a standalone sentence that says "rather you             12:05

20   must" --                                                    12:05

21       THE COURT:  What about "unless"?                       12:05

22       MR. SILVER:  I think that's fine, Your Honor,          12:05

23   "unless you find the defendant's resignation."  I'm        12:05

24   sorry.  I'll let you finish before I respond.              12:05

25       MR. NOVICK:  I would suggest, Your Honor, a            12:05

1    standalone sentence.  So the first sentence,                    12:05

2    "Resignation from a business does not by itself                 12:06

3    necessarily constitute withdrawal, rather you must              12:06

4    also find the resignation disavowed or defeated the             12:06

5    purpose of the conspiracy."  And then begin, "If you            12:06

6    find the defendant's resignation disavowed or                   12:06

7    defeated, the purpose of the conspiracy" -- well,               12:06

8    sorry, Your Honor.                                              12:06

9         MR. KAHN:  It's resignation from the criminal             12:06

10   enterprise.  So that's the problem we're running                12:06

11   into.  So I think it's, as Mr. Novick started to                12:06

12   articulate, rather you must find that the defendant             12:06

13   took steps to disavow or defeat the criminal                    12:06

14   enterprise or the conspiracy.  If you have found                12:06

15   that, then you can go on to the rest of the                     12:06

16   paragraph.  But to mix and match resignation from the          12:06

17   business and resignation from the criminal enterprise          12:06

18   is what I think has the risk of confusing the law.             12:06

19        And I'm happy -- and I'm sure Your Honor has             12:06

20   the cases but I'm happy to pass them up.                        12:06

21        MR. SILVER:  Your Honor, I think I like                   12:07

22   Mr. Novick's proposal as opposed to Mr. Kahn's.  I             12:07

23   think Mr. Kahn misstates the holdings of Berger and            12:07

24   Nerlinger.  I think that Berger did refer to a                  12:07

25   criminal enterprise because that was what was at               12:07

1    issue in Berger.  And, in fact, in Berger it was the

2    Court finding that there had been no withdrawal

3    because the resignation was essentially a

4    fabrication.  And so -- and that's why it was using

5    the words "criminal enterprise."  There's no

6    hard-and-fast or any kind of distinction between how

7    one resigns from a, quote/unquote, criminal

8    enterprise and how one resigns from a business.

9            So I don't think we want to have a charge

10   here that implies to the jury that resignation cannot

11   be a disavowal.

12           I think I agree with Mr. Novick that we want

13   to make clear that they have to find that when he

14   resigned, he disavowed.

15           MR. NOVICK:  He disavowed the criminal

16   enterprise, withdrew from the criminal enterprise.

17           THE COURT:  That's what I'm saying, disavowed

18   or defeated the purpose of the conspiracy.  Isn't the

19   conspiracy the criminal enterprise?

20           MR. KAHN:  So I think that's right, Your

21   Honor.  So if you said, "Rather you must find that

22   the defendant took steps."  It's not that the

23   resignation alone can somehow disavow or defeat the

24   conspiracy.  There's no --

25           MR. SILVER:  It absolutely can.  It

12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:07
12:08
12:08
12:08
12:08
12:08
12:08
12:08
12:08
12:08

| | | |
|---|---|---|
| 1 | absolutely can. | 12:08 |
| 2 | MR. KAHN:  Can I finish, please? | 12:08 |
| 3 | MR. SILVER:  Sure. | 12:08 |
| 4 | THE COURT:  So let me -- I'm going to | 12:08 |
| 5 | interrupt you. | 12:08 |
| 6 | MR. KAHN:  Of course. | 12:08 |
| 7 | THE COURT:  Why is that not like the guy who | 12:08 |
| 8 | closes his account and that have the effect of | 12:08 |
| 9 | defeating the conspiracy because his only involvement | 12:08 |
| 10 | was through that account?  So -- | 12:08 |
| 11 | MR. KAHN:  Absolutely.  So I would say that | 12:08 |
| 12 | if there was evidence here that Mr. Hoskins took away | 12:08 |
| 13 | the consultancy agreement or did something like | 12:08 |
| 14 | closing an account, it was the closing the account. | 12:08 |
| 15 | It wasn't leaving the business.  And there's no case | 12:08 |
| 16 | that counsel has pointed to to suggest that leaving a | 12:08 |
| 17 | company is the equivalent of leaving a conspiracy and | 12:08 |
| 18 | to inject this was the reason we suggested removing | 12:09 |
| 19 | it altogether to begin with. | 12:09 |
| 20 | MR. SILVER:  But that's the factual question | 12:09 |
| 21 | the jury has to determine, right, is whether leaving | 12:09 |
| 22 | the business was sufficient to constitute a disavowal | 12:09 |
| 23 | and I think -- | 12:09 |
| 24 | MR. NOVICK:  I don't think that's the | 12:09 |
| 25 | question.  I think the question is did he take | 12:09 |

1    actions to disavow or defeat the criminal enterprise,    12:09

2    the criminal conspiracy.    12:09

3         MR. KAHN:  Right.    12:09

4         MR. SILVER:  And we certainly wouldn't want    12:09

5    to tell the jury that they can't consider his    12:09

6    resignation in determining whether or not he    12:09

7    disavowed.    12:09

8         MR. NOVICK:  Just for purposes of -- this is    12:09

9    why the original suggestion, Your Honor, was to    12:09

10   remove this.  There is not -- this is sowing    12:09

11   confusion as we speak.    12:09

12        THE COURT:  The purpose of the conspiracy is    12:09

13   the criminal enterprise.  So if you say, "resignation    12:09

14   from employment does not by itself constitute    12:09

15   withdrawal, rather you must also find that he took    12:09

16   action to disavow or defeat the purpose of the    12:10

17   conspiracy."    12:10

18        MR. KAHN:  That --    12:10

19        THE COURT:  "In order for his" -- I'm going    12:10

20   to just stop it there.    12:10

21        MR. KAHN:  Yes, Your Honor.  That would be    12:10

22   our suggestion.    12:10

23        THE COURT:  Should we do that?    12:10

24        MR. NOVICK:  Yes, Your Honor.    12:10

25        THE COURT:  Okay.  And the rest are all facts    12:10

1    that you argue.  Okay.                                12:10

2         What's next?                                     12:10

3         MR. SILVER:  I guess just before we leave        12:10

4    withdrawal, I don't know if we have to belabor these  12:10

5    points.  But we had previously objected to the        12:10

6    sentence that reads, "Where defendant by his          12:10

7    conspiratorial actions sets in motion events" and     12:10

8    also on the following page, the paragraph "by way of  12:10

9    example."  We briefed this earlier.  I think Your     12:11

10   Honor had reserved judgment on whether either of      12:11

11   those two statements would make it in.  I take it     12:11

12   Your Honor has read our position on that.             12:11

13        THE COURT:  I have.                              12:11

14        MR. SILVER:  Okay.                               12:11

15        THE COURT:  So the first paragraph is going      12:11

16   to go in where the conspiratorial act sets in motion  12:11

17   events to have effect beyond that period.  I think    12:11

18   examples are helpful for a jury.  I think they also   12:11

19   are risky because I don't think marshaling evidence   12:11

20   is appropriate for the most part.                     12:11

21        MR. KAHN:  Your Honor, the government would      12:11

22   suggest that this is appropriate.  It is the pattern  12:11

23   instruction for the exact reason that Your Honor      12:12

24   suggests and that includes it and is helpful for the  12:12

25   jury to understand what a step to disavow and defeat  12:12

1    looks like.                                    12:12
2         MR. SILVER:  I think that the problem we   12:12
3    have, Your Honor, is just, right, if we give certain  12:12
4    examples, it leaves impressions that those are the  12:12
5    only ways in which withdrawal can be effectuated,  12:12
6    which I know is not Your Honor's intent, but it runs  12:12
7    that risk.                                     12:12
8         MR. NOVICK:  We wouldn't object to -- it does  12:12
9    say "by way of example."  We would not object to --  12:12
10        THE COURT:  What if we just say "for         12:12
11   example"?                                      12:12
12        MR. NOVICK:  That's fine.                   12:12
13        THE COURT:  That's pretty clear.  Okay.     12:12
14        MR. SILVER:  And the last point on          12:12
15   withdrawal, Your Honor, is at the bottom of this page  12:12
16   you say, "However, it's important to remember the  12:12
17   fact that the defendant has raised this defense does  12:12
18   not relieve the government of its burden," and then  12:13
19   you go on to kind of list various elements.    12:13
20   There's -- we don't list every element there such as  12:13
21   agency or that an overt act was committed in    12:13
22   furtherance of the conspiracy.                 12:13
23        So I think we would either suggest that we  12:13
24   include those additional elements or maybe just  12:13
25   modify it to say it's important to remember that the  12:13

1  fact the defendant has raised this defense does not                    12:13

2  relieve the government of its burden of proving                        12:13

3  beyond a reasonable doubt each and every element of                    12:13

4  the crime, something to that effect.                                   12:13

5         MR. NOVICK:  That's fine.                                       12:13

6         MR. KAHN:  That's fine.                                         12:13

7         MR. NOVICK:  We can get rid of that last                        12:13

8  sentence, correct?                                                     12:13

9         MR. SILVER:  Yeah.                                              12:13

10         THE COURT:  Each and every element of the                      12:13

11  conspiracy?                                                           12:13

12         MR. SILVER:  Of the conspiracy, yeah.                          12:13

13         MR. NOVICK:  The element of the crime of                       12:14

14  conspiracy?                                                           12:14

15         MR. SILVER:  Or crime of conspiracy is fine,                   12:14

16  yeah.                                                                 12:14

17         THE COURT:  Okay.                                              12:14

18         MR. NOVICK:  We have nothing until --                          12:14

19         MR. SILVER:  I'm sorry.  I thought I was done                  12:14

20  with withdrawal.                                                      12:14

21         But the last paragraph on what looks like my                   12:14

22  next page just before Section C, we say that -- it                    12:14

23  currently reads, "Withdrawal as a defense to the                      12:14

24  conspiracy charge in Count 1."  I think we should                     12:14

25  probably just say there, for sake of clarity, "to the                 12:14

1    conspiracies charged in Counts 1 and 8."    12:14

2         I know that we later say that when we talk    12:14

3    about Count 8, but I think it might just be clearer    12:14

4    to say "the conspiracies charged in Counts 1 and 8."    12:14

5         MR. NOVICK:  That's not a problem.    12:14

6         THE COURT:  "Then you must acquit him of    12:14

7    the" --    12:14

8         MR. SILVER:  It's in two places.  It's in the    12:14

9    first sentence in that paragraph and then the second    12:14

10    sentence in that paragraph.    12:14

11         THE COURT:  "The conspiracies charged in    12:15

12    Count 1 and Count 8."    12:15

13         MR. NOVICK:  I'm sorry, Your Honor.  I know I    12:15

14    said I didn't have objection.    12:15

15         Does this not conflate the idea that they    12:15

16    have to separately consider withdrawal as to each of    12:15

17    the conspiracies?  Why would we want to do this?  I    12:15

18    think that we haven't even talked about Count 8    12:15

19    which, I mean, it's essentially the same players but    12:15

20    it's a different conspiracy, different elements of    12:15

21    the conspiracy.  I think on further thought it ought    12:15

22    to read the way it does and they'll be instructed    12:15

23    separately on withdrawal.    12:15

24         THE COURT:  Okay.  Let's -- on withdrawal?    12:15

25         MR. NOVICK:  I'm sorry.  On withdrawal as to    12:15

1    Count 8.  So I think we should leave the paragraph as    12:15

2    it is.  To start changing it to include Count 8 is    12:15

3    confusing.    12:15

4        THE COURT:  That's probably true.  Let's take    12:15

5    a close look though at Count 8 when we get there.    12:15

6        MR. SILVER:  Okay.  And then the last point,    12:15

7    Your Honor.  The last sentence there says, "But if    12:16

8    you find, even if you find he withdrew, withdrawal is    12:16

9    not an offense to the substantive counts."    12:16

10        And I guess our only issue there, I'm not    12:16

11   exactly sure what the solution is, is it is in    12:16

12   respect to Pinkerton liability.  So if they find he    12:16

13   withdrew, then he can't be liable as a coconspirator    12:16

14   for those subsequent acts.    12:16

15        And so we request that that be modified to    12:16

16   make clear that it's a defense to that theory of    12:16

17   liability.    12:16

18        MR. NOVICK:  I think you can do that, Your    12:16

19   Honor, in the context of the Pinkerton charge.    12:16

20        MR. KAHN:  I agree, Your Honor.  I think it    12:16

21   would be too confusing.    12:16

22        THE COURT:  So that's accurate?    12:16

23        MR. NOVICK:  Yes, Your Honor.    12:16

24        THE COURT:  And what did you want to    12:17

25   supplement this?    12:17

1           MR. SILVER:  Well, I just want to make sure                    12:17

2    it's clear that with respect to the Pinkerton theory                  12:17

3    of conspiratorial liability, that if they find he                     12:17

4    withdrew, they can't find guilt on that basis for the                 12:17

5    substantive offenses set forth in Counts 2 through 7                  12:17

6    or Counts 9 through 12.                                               12:17

7           MR. KAHN:  The government believes, Your                       12:17

8    Honor, that the appropriate place to include that                     12:17

9    would be in the Pinkerton instruction.                                12:17

10          THE COURT:  Okay.  Can we get to the                           12:17

11   Pinkerton instruction and see how that fares?                         12:17

12          MR. SILVER:  Okay.                                             12:17

13          MR. NOVICK:  So our next comment is on page                    12:17

14   our 23, the listing of the elements of the violation                  12:17

15   of the FCPA.                                                          12:17

16          THE COURT:  Anything before then?                              12:18

17          MR. SILVER:  No.                                               12:18

18          MR. PEACOCK:  Is that Element Three, mails or                  12:18

19   instrumentality of interstate commerce?                               12:18

20          MR. NOVICK:  No.  Elements just listing --                     12:18

21   it's not Element Two.  It's Subheading 2, page 22.                    12:18

22   It says "elements of violation of the FCPA."  It                      12:18

23   lists the first five elements, but then leaves out                    12:18

24   the sixth and seventh.  Your Honor later describes                    12:18

25   the sixth and seventh element, but it does not list                   12:18

1    them in the context of the description of the          12:18

2    elements, if that makes sense.                         12:18

3           THE COURT:  But that's correct.                 12:18

4           MR. NOVICK:  There are seven elements of the    12:18

5    crime.                                                 12:18

6           MR. SILVER:  I think that's right.  Actually,   12:18

7    the charge says "The following seven elements," but    12:18

8    then it lists one through five and not six and seven.  12:18

9           THE COURT:  Okay.  I see what you're saying.    12:18

10          MR. NOVICK:  So I think what Your Honor is       12:18

11   missing would be -- so Number 5 is the offer of        12:18

12   payment, promise to pay, et cetera.                    12:18

13          Number 6 would add the payment is for one of    12:18

14   four purposes.                                         12:19

15          I can hand Your Honor what we just wrote        12:19

16   which is just copying what was in our proposal.        12:19

17          MR. SILVER:  That looks fine to us.  Thank      12:19

18   you.                                                   12:19

19          THE COURT:  Okay.  And then we go on to         12:19

20   describe each of those elements.  Okay.                12:19

21          MR. SILVER:  On Element One on that list, I     12:19

22   think we should just say, "Mr. Hoskins was an agent    12:19

23   of a domestic concern" and just cut out "was the       12:19

24   domestic concern."                                     12:19

25          THE COURT:  I think so too.                     12:19

| | | |
|---|---|---|
| 1 | MR. NOVICK:  We agree with that, Your Honor. | 12:19 |
| 2 | So under Element One, "Agent of a domestic | 12:20 |
| 3 | concern," the actual element, first element, the same | 12:20 |
| 4 | comment I had before, Your Honor.  I would suggest we | 12:20 |
| 5 | remove the "if you find that Mr. Hoskins has not been | 12:20 |
| 6 | proved to be an agent of a domestic concern," | 12:20 |
| 7 | because, again, it is not the way we are articulating | 12:20 |
| 8 | the rest of the elements. | 12:20 |
| 9 | THE COURT:  Let's take that last paragraph | 12:20 |
| 10 | out. | 12:20 |
| 11 | MR. SILVER:  I think we have something on | 12:20 |
| 12 | Element Three, unless you have something before | 12:20 |
| 13 | Element Three. | 12:20 |
| 14 | MR. NOVICK:  We do not. | 12:20 |
| 15 | MR. PEACOCK:  So for Element Three, the last | 12:20 |
| 16 | sentence of the paragraph that begins "the term | 12:20 |
| 17 | interstate commerce" we think can be removed in light | 12:20 |
| 18 | of the stipulation that's mentioned in the following | 12:20 |
| 19 | paragraph. | 12:20 |
| 20 | THE COURT:  Okay.  I've got to catch up with | 12:21 |
| 21 | you. | 12:21 |
| 22 | MR. PEACOCK:  Sure. | 12:21 |
| 23 | THE COURT:  Okay.  What would you propose? | 12:21 |
| 24 | The parties have stipulated or just take out the | 12:21 |
| 25 | whole thing before the parties have stipulated? | 12:21 |

1          MR. PEACOCK:  Yes, Your Honor.  I think the

2    sentence beginning with "I instruct you that, as a

3    matter of law" can just be taken out because the

4    stipulation that's mentioned in the next paragraph

5    should cover that issue.

6          MR. NOVICK:  That's fine, Your Honor.

7          MR. SILVER:  So it would be those two

8    sentences, right, "I instruct you" and then "so if

9    you find."

10         THE COURT:  Okay.

11         MR. PEACOCK:  And then we would also request

12   that the paragraph which reads, "It is not necessary

13   for the defendant to be directly or personally

14   involved in the charged wire," that that paragraph

15   also be removed.

16         I think that concept of reasonable

17   foreseeability which is being discussed in that

18   paragraph is picked up in the next paragraph in

19   connection with the causation element which is where

20   we think the reasonable foreseeability comes into,

21   into this.  And it's somewhat confusing to have it

22   sort of discussed on its own there and then discussed

23   again in the next paragraph in the context with

24   causation.

25         MR. NOVICK:  I think it's appropriate as it

1    is.                                                                12:22

2           THE COURT:  But I think -- where are you              12:22

3    saying causation is picked up otherwise?                    12:23

4           MR. PEACOCK:  So in the paragraph beginning           12:23

5    "in this regard, it is sufficient to establish."            12:23

6           THE COURT:  Right.  And so what are you               12:23

7    saying is not necessary?                                    12:23

8           MR. PEACOCK:  We don't think that the                 12:23

9    paragraph before that is necessary, the paragraph           12:23

10   stating that, "It is not necessary for the defendant         12:23

11   to be directly or personally involved in the charged        12:23

12   wire."  And we don't think it necessary because the         12:23

13   following paragraph which refers to causation makes         12:23

14   clear that the defendant only needs to be -- the            12:23

15   causation satisfied if it's reasonably satisfied on         12:23

16   the wire issue.                                              12:23

17          THE COURT:  But where do we say --                    12:23

18          MR. SILVER:  At the end of the paragraph, it          12:23

19   says, "If the use of the wires can reasonably be            12:23

20   foreseen even though actually not attend, then he           12:24

21   causes the wires to be used."                               12:24

22          THE COURT:  And what's the harm in that "it           12:24

23   is not necessary" sentence?                                 12:24

24          MR. PEACOCK:  Well, I think it's somewhat             12:24

25   confusing to refer to reasonably foreseeable in             12:24

1  slightly different terms in two paragraphs                    12:24
2  consecutively when I don't think there is anything --         12:24
3  any meaning that's different from the first paragraph         12:24
4  than from the different.                                      12:24
5       MR. KAHN:  Your Honor, the government would             12:24
6  disagree.  We think there is a substantial difference         12:24
7  because the first paragraph is making the point that          12:24
8  the defendant need not be directly or personally              12:24
9  involved.  That's not captured in the next one.               12:24
10      THE COURT:  Well, that's what I was looking             12:24
11 for elsewhere.                                                12:24
12      MR. SILVER:  Well, the next paragraph does              12:24
13 say, "This does not mean that the defendant must              12:24
14 specifically have authorized others to make the wire"         12:24
15 which I think is a different sentence.                         12:24
16      THE COURT:  But directly or personally                  12:24
17 involved is a bit different but broader.  I think we          12:24
18 should keep it in, but let me think about your               12:25
19 comment.                                                      12:25
20      All right.  Next?                                       12:25
21      MR. NOVICK:  I have nothing until Element              12:25
22 Five.                                                         12:25
23      MR. SILVER:  Same.                                      12:25
24      MR. NOVICK:  And the last -- I would suggest            12:25
25 adding a sentence at the end of Element Five right            12:25

1    before Number 8 that reads "here the parties have          12:25

2    stipulated that PLN was an instrumentality of the          12:25

3    foreign government."                                       12:25

4          MR. SILVER:  No objection.  I think there's          12:25

5    just a typo.  It should say "definition" instead of        12:25

6    "decision" at the end of the second sentence in that       12:25

7    paragraph.                                                 12:25

8          MR. NOVICK:  Sorry.  Where are we looking at?        12:26

9          MR. SILVER:  The instrumentality sentence            12:26

10   that says, "An instrumentality of a foreign                12:26

11   government," and the second sentence says,                 12:26

12   "State-owned or state-controlled companies that            12:26

13   provide services to the public may meet this               12:26

14   definition."                                               12:26

15         MR. NOVICK:  Agreed.                                 12:26

16         THE COURT:  That the PLN was an                      12:26

17   instrumentality?                                           12:26

18         MR. NOVICK:  Of a foreign government.                12:26

19         THE COURT:  Do we want to put Indonesia in           12:26

20   there?                                                     12:26

21         MR. NOVICK:  Sure.                                   12:26

22         THE COURT:  How do you really pronounce the          12:26

23   name of the corporation?                                   12:26

24         MR. SILVER:  You can just say PLN.  That's           12:26

25   what I always do.                                          12:26

| | |
|---|---|
| 1 | THE COURT:  All the sudden I realized I | 12:26 |
| 2 | hadn't asked you how you pronounce it. | 12:26 |
| 3 | MR. KAHN:  We asked Mr. Thiessen several | 12:26 |
| 4 | times and we just couldn't hear him the way he was | 12:26 |
| 5 | pronouncing it because his voice was so low. | 12:27 |
| 6 | MR. NOVICK:  Our next comment -- | 12:27 |
| 7 | THE COURT:  Was that because he was so tall? | 12:27 |
| 8 | MR. KAHN:  No. | 12:27 |
| 9 | THE COURT:  He just didn't want to be here? | 12:27 |
| 10 | MR. NOVICK:  He was in -- which is not a fact | 12:27 |
| 11 | that came out.  He was in the bombing in Jakarta | 12:27 |
| 12 | years ago and he has tinnitus.  He was in the | 12:27 |
| 13 | hospital for a long time.  He has tinnitus as a | 12:27 |
| 14 | result of that and just doesn't hear very well at | 12:27 |
| 15 | all. | 12:27 |
| 16 | THE COURT:  So he can't hear how loud he's | 12:27 |
| 17 | speaking? | 12:27 |
| 18 | MR. NOVICK:  He can't hear how loud he's | 12:27 |
| 19 | speaking, that's right. | 12:27 |
| 20 | THE COURT:  All right.  What's next? | 12:27 |
| 21 | MR. NOVICK:  After the seventh element but | 12:27 |
| 22 | before guilt of substance of offense, we request an | 12:27 |
| 23 | additional instruction which I would entitle | 12:27 |
| 24 | "solicitation of bribe not a defense."  I have a very | 12:27 |
| 25 | short motion for it which I can hand up and provide a | 12:28 |

| | |
|---|---|
| 1 | copy to counsel.  It is an instruction that we had in | 12:28 |
| 2 | our proposal originally.  I think there's been some | 12:28 |
| 3 | evidence -- I don't know what counsel is going to | 12:28 |
| 4 | argue, but I think there's been some evidence that | 12:28 |
| 5 | the bribes were in part solicited by foreign | 12:28 |
| 6 | officials here.  And we want the jury to be | 12:28 |
| 7 | instructed consistent with what other juries have | 12:28 |
| 8 | been instructed in other similar circumstances, that | 12:28 |
| 9 | that is not a defense, the fact that Eddie Widiono | 12:28 |
| 10 | and Emir Moeis may have asked for a bribe. | 12:28 |

1  copy to counsel.  It is an instruction that we had in

2  our proposal originally.  I think there's been some

3  evidence -- I don't know what counsel is going to

4  argue, but I think there's been some evidence that

5  the bribes were in part solicited by foreign

6  officials here.  And we want the jury to be

7  instructed consistent with what other juries have

8  been instructed in other similar circumstances, that

9  that is not a defense, the fact that Eddie Widiono

10  and Emir Moeis may have asked for a bribe.

11          MR. SILVER:  Your Honor, we don't intend to

12  argue that as a defense, so I don't think it casts

13  a --

14          THE COURT:  Well, let's put it in because I

15  think it's useful to really give direction to the

16  jury in the event that they came up with that.

17          So this would be a new Paragraph 10?

18          MR. NOVICK:  Yes, Your Honor.

19          THE COURT:  And is there language as opposed

20  to the briefing here?

21          MR. NOVICK:  There should be at the very end.

22  We had pulled that instruction from the last two FCPA

23  cases from the Southern District of New York.

24          THE COURT:  Were you all involved in the

25  trial of those two cases?

| | | |
|---|---|---|
| 1 | MR. NOVICK:  I was not. | 12:29 |
| 2 | MR. KAHN:  Our office was but we personally | 12:29 |
| 3 | were not. | 12:29 |
| 4 | THE COURT:  Mr. Silver, any objection to that | 12:30 |
| 5 | language? | 12:30 |
| 6 | MR. SILVER:  No objection to the language. | 12:30 |
| 7 | We don't think it's necessary, but no objection to | 12:30 |
| 8 | that specific language if the Court is inclined to | 12:30 |
| 9 | include it. | 12:30 |
| 10 | THE COURT:  I think it's a good idea.  Okay. | 12:30 |
| 11 | MR. NOVICK:  Next, Your Honor, under "Guilt | 12:30 |
| 12 | of substance of offense," I think it's -- I have no | 12:30 |
| 13 | comments on the instruction itself.  I just have a | 12:30 |
| 14 | notation, perhaps we can address this when you get to | 12:30 |
| 15 | Counts 9 through 12, that this should apply to | 12:30 |
| 16 | that -- those counts as well.  It says, "There is | 12:30 |
| 17 | another method by which you may evaluate the | 12:31 |
| 18 | possibility of guilt of" -- I think there's an extra | 12:31 |
| 19 | "the" -- "of Mr. Hoskins for Counts 2 through 7."  I | 12:31 |
| 20 | think the same would apply for Counts 9 through 12. | 12:31 |
| 21 | THE COURT:  So should we give it here and | 12:31 |
| 22 | then just reiterate it when we get to 9 through 12? | 12:31 |
| 23 | MR. NOVICK:  I think that makes sense, Your | 12:31 |
| 24 | Honor. | 12:31 |
| 25 | MR. SILVER:  By "reiterate," Your Honor, you | 12:31 |

| | | |
|---|---|---|
| 1 | mean not repeat the whole thing but just refer back? | 12:31 |
| 2 | THE COURT:  Refer back and give them the page | 12:31 |
| 3 | reference.  Okay. | 12:31 |
| 4 | MR. SILVER:  Before we leave that section, on | 12:31 |
| 5 | Point 6 or Element 6 where it says "the defendant | 12:31 |
| 6 | could have reasonably foreseen that the substantive | 12:31 |
| 7 | crime might be committed," we would suggest that it | 12:31 |
| 8 | say "would be committed" because you could -- it's | 12:31 |
| 9 | different, I think, to say reasonably foreseen that | 12:31 |
| 10 | something might happen versus actually reasonably | 12:32 |
| 11 | foreseeing that it would happen.  So we would suggest | 12:32 |
| 12 | that "might" be changed to "would." | 12:32 |
| 13 | THE COURT:  That seems right, doesn't it? | 12:32 |
| 14 | MR. NOVICK:  I'm looking for the spot. | 12:32 |
| 15 | THE COURT:  Page 28, third line down under 6. | 12:32 |
| 16 | So the old Paragraph 10, "Guilt of substantive | 12:32 |
| 17 | offenses." | 12:32 |
| 18 | MR. NOVICK:  I see what you're saying, Your | 12:32 |
| 19 | Honor.  I'm sorry.  No objection, Your Honor. | 12:32 |
| 20 | THE COURT:  Anything else? | 12:32 |
| 21 | MR. SILVER:  Nothing on that section.  I | 12:32 |
| 22 | think on the next page, the last paragraph before we | 12:32 |
| 23 | talk about Count 8 should refer to six elements as | 12:33 |
| 24 | opposed to five. | 12:33 |
| 25 | And then we would just suggest that at the | 12:33 |

| | |
|---|---|
| 1 | end of that paragraph where Your Honor references | 12:33 |
| 2 | aiding and abetting, I think aiding and abetting | 12:33 |
| 3 | hasn't been defined yet, so perhaps just add a | 12:33 |
| 4 | sentence saying I will explain to you the elements of | 12:33 |
| 5 | aiding and abetting or the meaning of aiding and | 12:33 |
| 6 | abetting shortly. | 12:33 |

1    end of that paragraph where Your Honor references    12:33

2    aiding and abetting, I think aiding and abetting    12:33

3    hasn't been defined yet, so perhaps just add a    12:33

4    sentence saying I will explain to you the elements of    12:33

5    aiding and abetting or the meaning of aiding and    12:33

6    abetting shortly.    12:33

7         THE COURT:  Okay.    12:33

8         MR. KAHN:  I'm sorry.  I thought there are    12:33

9    only five elements of conspiracy.    12:33

10         MR. SILVER:  I think it refers to the six    12:34

11    elements of Pinkerton liability.    12:34

12         MR. KAHN:  Oh, I'm sorry.  My apologies.    12:34

13         THE COURT:  Oh, we were going to look at    12:34

14    something else.    12:34

15         MR. SILVER:  You're right, Your Honor.  That    12:34

16    was the point you had made earlier that here where we    12:34

17    talk about Pinkerton, we should say -- we should    12:34

18    reference withdrawal so to say that if the jury has    12:34

19    found the defendant withdrew from the conspiracies    12:34

20    charged in Counts 1 or Counts 8, that this -- they    12:34

21    may not find Mr. Hoskins guilty using this theory of    12:34

22    liability.    12:34

23         MR. NOVICK:  Can I ask, Your Honor, we have    12:34

24    no objection to there being a reference to withdrawal    12:34

25    here.  But just one other comment in that last    12:34

1    paragraph.  Where it says, "If, however, you are not          12:35

2    satisfied as to the existence of any of these,"             12:35

3    change to six elements, "as to any particular count         12:35

4    among Counts 2 through 7, then you may not find the         12:35

5    defendant guilty of that count using this alternative       12:35

6    method."                                                    12:35

7         THE COURT:  Now, with respect -- we still              12:35

8    haven't discussed Pinkerton liability in relation to        12:35

9    Count 8.  So I think we need to hold off on that            12:35

10   incorporation by reference.  This is still just count       12:35

11   -- as to the conspiracy of Count 1, right?                  12:36

12        MR. NOVICK:  Yes, Your Honor.                          12:36

13        THE COURT:  So now we're on Count 8.                   12:36

14        MR. SILVER:  My next comment is under the              12:36

15   first and second objects of the conspiracy or I guess       12:36

16   the first object for conspiracy which is Element One,       12:37

17   Subpart A.                                                  12:37

18        So, Your Honor, we would just request that at          12:37

19   the end of this both Subpart A and Subpart B where         12:37

20   Your Honor is describing the two objects of the            12:37

21   conspiracy charged in Count 8, that you include the        12:37

22   phrase at the end where you say "rather you need to        12:37

23   determine if the government has proven that the            12:37

24   commission of this offense was an object or goal of        12:37

25   the conspiracy alleged in Count 8, which the               12:37

1    defendant specifically intended to accomplish," just    12:37

2    to make it clear that he must join the conspiracy    12:37

3    with that intent.    12:37

4        MR. NOVICK:  I think that specific intent is    12:37

5    covered elsewhere, the definition.  I think adding it    12:37

6    into a description of the existence of the conspiracy    12:37

7    is not appropriate.  That is part of the elements in    12:37

8    the object -- excuse me, the membership in the    12:38

9    conspiracy which Your Honor instructs separately.  I    12:38

10    think it's going to get confusing.    12:38

11        THE COURT:  Can I have the defendant's    12:38

12    requested language again?    12:38

13        MR. SILVER:  We would just request that -- so    12:38

14    for Subpart A after the word "Count 8" which ends the    12:38

15    paragraph, we --    12:38

16        THE COURT:  I need to -- yes.  Okay.    12:38

17        MR. SILVER:  We would say, comma, which the    12:38

18    defendant specifically intended to accomplish.  And    12:38

19    it would be the same phrase at the end of Subpart B    12:38

20    as well on the next page.    12:38

21        THE COURT:  And the government says that --    12:38

22        MR. NOVICK:  That is covered.    12:38

23        THE COURT:  You're not saying that intent    12:38

24    didn't apply there.  You're just saying it's covered    12:38

25    elsewhere?    12:38

 1          MR. NOVICK:  Yeah.  Your Honor, I'm saying          12:38

 2    that intent is a part of a membership in conspiracy.      12:38

 3    This is describing existence of the conspiracy.  It's     12:38

 4    separately covered in a number of places.  And I          12:39

 5    don't think calling it out and combining two elements     12:39

 6    helps with clarity for purposes of the jury's job         12:39

 7    here because this isn't talking about the defendant's     12:39

 8    intent.  This is talking about the existence of a         12:39

 9    conspiracy whether or not the defendant was a member      12:39

10    of it.                                                     12:39

11          THE COURT:  Did you want to respond to that,        12:39

12    Mr. Silver?                                                12:39

13          MR. SILVER:  Your Honor, I think -- and we          12:39

14    can discuss this further when we get to the next          12:39

15    element which is membership in the conspiracy.  But I     12:39

16    think the charge as drafted doesn't frankly make          12:39

17    clear enough the specific intent element of               12:40

18    membership in the Count 8 conspiracy.  And it refers      12:40

19    back to Your Honor's previous charge on membership        12:40

20    earlier and then talks about the specific mens rea        12:40

21    requirements for these two particular objects.  But       12:40

22    it's not really clear I think either in Element One       12:40

23    or Element Two that the defendant must join this          12:40

24    conspiracy with the specific intent to commit one or      12:40

25    both of those two crimes.                                 12:40

1    THE COURT:  But why would we put that here?    12:40

2    MR. SILVER:  Well, just for clarity sake,    12:40

3    Your Honor.    12:40

4    MR. NOVICK:  That would make it one element.    12:40

5    THE COURT:  But we then go on and we talk    12:40

6    about membership and we talk about the government    12:40

7    having to prove the defendant acted with the intent    12:41

8    to promote the carrying on.  Why is that not    12:41

9    sufficient and actually a little bit more precise?    12:41

10    MR. SILVER:  Well, I think, Your Honor, our    12:41

11    point is that the way it's phrased -- I'm on the next    12:41

12    element now, the membership element.  The way it's    12:41

13    phrased now, the Court refers the jury back just to    12:41

14    the definitions of the terms "knowingly" and    12:41

15    "willfully" which were defined earlier.  So it    12:41

16    doesn't really refer the jury back to the full    12:41

17    description of Count 1 of what it means to be a    12:41

18    member of a conspiracy or that one has to join with    12:41

19    any specific intent.  And then the Court discusses    12:41

20    these two crimes which are the objects of the    12:41

21    conspiracy and their particular mens rea    12:41

22    requirements, one of which happens to have -- and    12:42

23    this is kind of what's confusing about this and I    12:42

24    think what we were briefing earlier.  One of the two    12:42

25    objects of this conspiracy happens to be a specific    12:42

| | |
|---|---|
| 1 | intent crime and the other one is a knowledge crime, | 12:42 |
| 2 | and so it's a bit confusing. | 12:42 |
| 3 | I think it might be clearer to, instead of | 12:42 |
| 4 | having these two paragraphs discussing the mens rea | 12:42 |
| 5 | requirements of the two different crimes, those could | 12:42 |
| 6 | frankly be removed because Your Honor covers the | 12:42 |
| 7 | elements of those crimes elsewhere and just simply | 12:42 |
| 8 | here say -- refer back to the discussion in Count 1 | 12:42 |
| 9 | of what it means to become a member of a conspiracy | 12:42 |
| 10 | and that one must join with a specific intent to | 12:42 |
| 11 | accomplish one or both of the objects of the charged | 12:42 |
| 12 | conspiracy and then later discuss what those | 12:42 |
| 13 | particular objects are and the elements of those | 12:42 |
| 14 | objects. | 12:42 |
| 15 | MR. NOVICK:  I think, Your Honor, very | 12:42 |
| 16 | clearly the reference back to knowingly and willfully | 12:43 |
| 17 | in pages 11 through 13 are where the Court instructs | 12:43 |
| 18 | the jury on the issue of intent in the context of | 12:43 |
| 19 | conspiracy.  It says, "Did he participate in it with | 12:43 |
| 20 | the knowledge of unlawful purpose with the specific | 12:43 |
| 21 | intention of furthering its business or objective as | 12:43 |
| 22 | an associate or worker."  I think that covers it. | 12:43 |
| 23 | And I think that the other two paragraphs | 12:43 |
| 24 | here are important because it is relevant as the | 12:43 |
| 25 | cases have said provided in the briefing, what does | 12:43 |

| Line | | Time |
|---|---|---|
| 1 | it mean to specifically intend a nonspecific intent | 12:43 |
| 2 | crime.  It's certainly not true that we need to prove | 12:43 |
| 3 | the defendant intended to violate 18 USC 8 1957.  And | 12:43 |
| 4 | so I think what the cases have said is in the context | 12:43 |
| 5 | of intent and conspiracy, the proof need not be more | 12:44 |
| 6 | than that intent needed for the underlying crime. | 12:44 |
| 7 | MR. SILVER:  I think we have kind of two | 12:44 |
| 8 | issues.  One is just simply in the paragraph that | 12:44 |
| 9 | says "my earlier explanations," I think the way it | 12:44 |
| 10 | reads, you're just simply referring the jury back to | 12:44 |
| 11 | the definition of knowingly and willful without | 12:44 |
| 12 | making it -- | 12:44 |
| 13 | MR. NOVICK:  Which is where the specific | 12:44 |
| 14 | intent section is. | 12:44 |
| 15 | MR. SILVER:  Well, without making it clear | 12:44 |
| 16 | enough it's really the entire prior instruction on | 12:44 |
| 17 | membership in a conspiracy is what the jury needs to | 12:44 |
| 18 | consider here, not -- | 12:44 |
| 19 | MR. NOVICK:  The specific intent willfully -- | 12:44 |
| 20 | the willfully and, is it, knowingly is where the | 12:44 |
| 21 | intent element comes from.  That's where it's | 12:44 |
| 22 | incorporated.  So I don't know that it requires more. | 12:44 |
| 23 | I'm telling you, you're instructing the jury that the | 12:44 |
| 24 | defendant had to act knowingly and willfully.  What | 12:44 |
| 25 | does that mean, I've defined it.  It includes exactly | 12:45 |

1    what we just read on page 11 and 12.

2        MR. PEACOCK:  I think if we were to change

3    that sentence that begins with "my earlier

4    explanations" to read, "my earlier explanations of

5    what is meant by knowingly and willfully becoming a

6    member of the conspiracy apply equally here."  You

7    should refer back to pages 11 and 13.  I think that

8    would make it a bit clearer.

9        MR. NOVICK:  I think that is covered by the

10   prior sentence, Your Honor.

11       THE COURT:  I'm sorry.  I'm not sure I heard

12   the difference between what's here and what you're

13   proposing.

14       MR. PEACOCK:  Well, I think the difference,

15   Your Honor, is that we want it to be very clear that

16   what's being discussed is knowingly and willfully

17   joining the conspiracy rather than merely what the

18   terms knowingly and willfully mean.

19       MR. NOVICK:  That's what the prior sentence

20   says, Your Honor.  It says -- the second element is

21   the defendant knowingly and willfully.

22       THE COURT:  Knowingly and willfully became a

23   member of the conspiracy.  My earlier explanation of

24   what's meant by knowingly and willfully apply equally

25   here.  Let's leave that.  I think that's enough.

12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:45
12:46
12:46

1  They'll go right back to 11 to 13, they'll see                12:46

2  membership in the conspiracy and they'll have that            12:46

3  full charge in mind to be applied here.  The problem          12:46

4  otherwise is you charge a little but not the whole            12:46

5  thing and it becomes confusing as to whether it's             12:46

6  intended to incorporate the entirety.  So let me just         12:46

7  leave it like that.                                           12:46

8          MR. SILVER:  So just before -- the other             12:46

9  aspect of our objection here was, again, just the             12:46

10  next two paragraphs where the Court talks about the          12:46

11  different mens rea requirements for the two different        12:46

12  objects we think is potentially confusing for the            12:46

13  jury because it's not -- they still have to find that        12:46

14  Mr. Hoskins joined this conspiracy, the money                12:47

15  laundering conspiracy, with a specific intent to            12:47

16  commit one of these two crimes.  And so the fact that        12:47

17  one of those two crimes is not in and of itself a            12:47

18  specific intent crime doesn't change that.  And so we        12:47

19  think it's confusing here to discuss the underlying          12:47

20  mens rea elements of those two crimes.  It could just        12:47

21  be done -- I think is done separately in the charge          12:47

22  when the elements of those two crimes are explained.         12:47

23          MR. NOVICK:  This was our briefing, Your            12:47

24  Honor.  This was specifically as to 1957.  This is           12:47

25  obviously not an issue as to 1956 because it is a            12:47

1    specific intent crime.  But I don't think the law    12:47

2    supports a reading that says you somehow have to    12:47

3    intend the commission of a violation of a particular    12:47

4    statute.  You have to intend the commission of the    12:47

5    object of the conspiracy.    12:48

6        And here what's the object of the conspiracy?    12:48

7    It is not a specific intent crime.  It is -- requires    12:48

8    the defendant's knowledge.  And I think it's relevant    12:48

9    to clarify here that what the defendant's intent in    12:48

10    this context is is to -- excuse me, what the    12:48

11    defendant's mens rea in this context is is to be    12:48

12    aware that the funds being transacted by him or his    12:48

13    coconspirators are proceeds of an AUSA or proceeds of    12:48

14    criminal activity.    12:48

15        MR. SILVER:  I think we just have a    12:48

16    disagreement of a legal nature which was set forth in    12:48

17    our prior briefing.  I think our position is that a    12:48

18    conspiracy to commit a violation of 1957 has a higher    12:48

19    mens rea requirement than a violation of 1957 itself.    12:48

20    I think that when you join a conspiracy, you have to    12:48

21    do so with the specific intent to do something    12:48

22    illegal.  And that's a heightened mens rea standard    12:48

23    than just simply committing the substantive offense.    12:48

24        MR. NOVICK:  And that's why we cited those    12:49

25    cases that say that's not accurate, that the    12:49

```
 1   conspiracy does not elevate the intent requirement     12:49
 2   where it doesn't exist.                                 12:49
 3           THE COURT:  All right.  I had taken into        12:49
 4   consideration your arguments in the briefing.  I'll     12:49
 5   look at that again as to fix the typo.                  12:49
 6           MR. NOVICK:  There's a -- "crime," yes.         12:49
 7           THE COURT:  All right.  What's next?            12:50
 8           MR. NOVICK:  I have nothing until --            12:50
 9           THE COURT:  Do we want on 34 to say "has also   12:50
10   asserted the defense of withdrawal as to the charges    12:50
11   in Count 8"?                                            12:50
12           MR. SILVER:  I think that makes sense, Your     12:50
13   Honor.                                                  12:50
14           MR. NOVICK:  I think you do instruct the jury   12:50
15   on withdrawal in the context of Count 8.                12:50
16           MR. SILVER:  Yeah.  It's right here at the      12:50
17   bottom under 5 after "membership."                      12:50
18           THE COURT:  So we earlier just had the          12:50
19   requirement of acquittal as to Count 1 after the        12:51
20   withdrawal.  Is that the change that we --              12:51
21           MR. SILVER:  I think maybe what Your Honor is   12:51
22   referring to is we want to make clear here where we     12:51
23   talk about withdrawal in the context of Count 8, that   12:51
24   if they find Mr. Hoskins withdrew from the money        12:51
25   laundering conspiracy, they can't -- or, actually, I    12:51
```

1  guess that would go -- I don't know if we talk about                  12:51

2  Pinkerton separately with respect to Count 8 or not.                   12:51

3          MR. NOVICK:  I think the issue, Your Honor,                    12:51

4  was when we were talking about Count 1, counsel had                    12:51

5  initially suggested adding a reference to Count 8 and                  12:51

6  our point was, well, this is a separate issue of                       12:51

7  withdrawal which I think will get covered when we get                  12:51

8  to the other issue of withdrawal.  And I think as                      12:51

9  I've argued earlier, I think that's adequately                         12:51

10  covered here in Count 8.                                              12:51

11          THE COURT:  Okay.  Let's move on.                             12:52

12          MR. SILVER:  I just had a very small point on                 12:52

13  Section E where the beginning of the discussion of                    12:52

14  the substantive money laundering counts, which is it                  12:52

15  currently reads "Counts 9 through 12 charge                           12:52

16  Mr. Hoskins with unlawfully transporting or                          12:52

17  attempting to transport."  Actually, I think                          12:52

18  "attempt" is -- are you proceeding on an attempt                      12:52

19  theory or can we remove attempt?                                      12:52

20          MR. NOVICK:  I think attempt would be                         12:52

21  appropriate.                                                          12:52

22          MR. SILVER:  Okay.  But actually the next                     12:52

23  part is what I was going to raise, which is "such                     12:52

24  funds or monetary instruments to or from the United                   12:52

25  States."  But the charges are really only from                        12:52

1    charges, so I think it could be amended to say "funds    12:52

2    or monetary instruments from the United States."    12:52

3    THE COURT:  It only flowed in one direction.    12:52

4    MR. SILVER:  That's right.  "From the United    12:52

5    States to a place outside the United States."    12:52

6    THE COURT:  Do we need to add "to a place    12:53

7    outside the United States"?    12:53

8    MR. SILVER:  I think it would make it    12:53

9    clearer.    12:53

10    MR. NOVICK:  That's fine, Your Honor.    12:53

11    I don't have anything until the section under    12:53

12    elements of money laundering.  It looks like you have    12:53

13    something before me.    12:53

14    Under "Elements of money laundering," under    12:53

15    the first bullet, I would add, "comma, or aided or    12:53

16    abetted or caused another to do the same."    12:53

17    MR. SILVER:  Where are you?    12:53

18    THE COURT:  So it's 36.    12:53

19    MR. PEACOCK:  It's 33 for us.    12:54

20    THE COURT:  Thirty-three?    12:54

21    MR. SILVER:  We have a different page    12:54

22    numbering for some reason.    12:54

23    MR. NOVICK:  So under "Elements of money    12:54

24    laundering," there are two points, Point 1 and -- two    12:54

25    elements.  Sorry.  And under the first element, at    12:54

```
 1   the end of that first element, read as, "For, comma,      12:54
 2   or aided and abetted or caused another to do the          12:54
 3   same."                                                    12:54
 4          And I'd ask for that same thing at the end of      12:54
 5   the first paragraph under Number 3, Element One that      12:54
 6   begins, "The first element the government must            12:54
 7   prove."                                                   12:54
 8          MR. SILVER:  This is after aiding and              12:54
 9   abetting has already been defined?  No, it hasn't         12:55
10   been defined yet.  Okay.                                  12:55
11          THE COURT:  Okay.                                  12:55
12          MR. NOVICK:  Our next --                           12:55
13          MR. PEACOCK:  Sorry.  Regarding Element One,       12:55
14   "Transportation of a monetary instrument or funds to      12:55
15   or from the United States," we think this needs to        12:55
16   pick up the transportation, I guess in this case it       12:55
17   should just be "from the United States," it should be     12:55
18   knowing.                                                  12:55
19          And this is the issue that we briefed.  We         12:55
20   don't think that the "to or from the United States"       12:55
21   language in Section 1956 is merely a jurisdictional       12:55
22   element but it's actually a part of the offense and,      12:56
23   therefore, that the default rule that a knowing mens      12:56
24   rea applies does apply to that part of Section 1956       12:56
25   and should be incorporated in the instruction.           12:56
```

1          MR. NOVICK:  We obviously argue the opposite.    12:56

2    We would ask for a sentence at the end of the element    12:56

3    which reads, "However, the government need not prove    12:56

4    that the defendant knew the money was being    12:56

5    transported from inside the United States to or    12:56

6    through a place outside the United States."    12:56

7          THE COURT:  Let me go back to the    12:56

8    Subparagraph 1 under elements.  Are we taking out "or    12:56

9    to a place in the United States"?    12:56

10          MR. NOVICK:  Yes, Your Honor.    12:57

11          MR. SILVER:  I think we should do it.  It    12:57

12    appears in a few places under -- yeah, I think both    12:57

13    elements and Element One.  We would suggest that it    12:57

14    be removed in each of those places.    12:57

15          THE COURT:  So what was the addition?    12:57

16          MR. NOVICK:  I would add a sentence right    12:57

17    before Number 4, Element Two, the last sentence under    12:57

18    Element One that would read, "However, the government    12:57

19    need not prove that the defendant knew the money was    12:57

20    being transported from inside the United States to or    12:57

21    through a place outside the United States."    12:57

22          MR. PEACOCK:  And we think that essentially    12:57

23    the opposite should be added.    12:57

24          MR. NOVICK:  I would add, Your Honor, right    12:58

25    before that sentence, that parenthetical can also be    12:58

1    removed because it also reads "or to someplace in the                12:58
2    United States through or from a place outside the                    12:58
3    United States."  It's the same thing.                                12:58
4           MR. SILVER:  Yeah.  It appears in the first                   12:58
5    and final paragraphs of Element One, that same                       12:58
6    parenthetical.                                                       12:58
7           THE COURT:  All right.  I have examined the                   12:59
8    briefing on this, and it just doesn't seem to me this                12:59
9    is the type of a jurisdictional element that tracks                  12:59
10   the types of jurisdictional elements that we see in                  12:59
11   the other cases that are certainly more clearly                      12:59
12   jurisdictional, being on federal lands, et cetera.                   12:59
13   So I have left that out for the time being.  I will                  12:59
14   consider your argument and review your authority and                 13:00
15   see if a change is necessary either way.                             13:00
16          MR. PEACOCK:  Thank you, Your Honor.                          13:00
17          MR. SILVER:  I had something on venue if                      13:00
18   that's where we are next.                                            13:00
19          MR. NOVICK:  Before we -- no.                                 13:00
20          THE COURT:  Excuse me.                                        13:00
21          (Off the record from 1:00 p.m. to 1:01 p.m.)                  13:00
22          THE COURT:  Anything before we get to venue?                  13:01
23          MR. NOVICK:  No, Your Honor.                                  13:01
24          THE COURT:  Okay.                                             13:01
25          MR. SILVER:  So two requests, I think, in                     13:01

1    connection with the venue charge.  They're both in    13:01

2    the third paragraph of the charge.  We would request    13:01

3    that the Court add a sentence after the first    13:01

4    sentence which reads, "To determine where the    13:01

5    financial transaction was conducted, you must    13:01

6    determine whether there was a single continuing    13:01

7    transaction that was conducted at least in part in    13:01

8    Connecticut," which refers directly to the continuing    13:01

9    transaction provision of 1956(i)(3).    13:01

10        And then our second request would be -- and    13:01

11    the next sentence is fine.    13:01

12        And then we would request that the final    13:01

13    sentence be removed.  The final sentence is the one    13:01

14    that says, "In deciding whether the government has    13:02

15    proved venue, you should consider any transfer which    13:02

16    is implemented in multiple stages," et cetera.  We    13:02

17    would request that sentence be removed.    13:02

18        I think that sentence is sort of a version of    13:02

19    what the government has requested which I think comes    13:02

20    from the Harris case which they've cited.  We don't    13:02

21    think it's applicable here.  Harris was not a case    13:02

22    about venue.  It was a case about whether the    13:02

23    government had adequately proven a financial    13:02

24    transaction, an international financial transaction    13:02

25    or an international transfer, I'm sorry, in    13:02

| | | |
|---|---|---|
| 1 | connection with 1956(a)(2)(A).  So it did not deal | 13:02 |
| 2 | with the requirements of venue at all or 1956(i)(3). | 13:02 |
| 3 | If the Court is inclined to include something | 13:02 |
| 4 | along those lines, we would request the sentence be | 13:02 |
| 5 | changed to at least mimic more closely what the | 13:02 |
| 6 | Harris court actually charged the jury in that case | 13:03 |
| 7 | which is included in the opinion, I think it's | 13:03 |
| 8 | referenced in the briefing. | 13:03 |
| 9 | MR. KAHN:  Your Honor, I think that the | 13:03 |
| 10 | government has a couple points here.  As to Harris, | 13:03 |
| 11 | that case is actually directly on point.  It involves | 13:03 |
| 12 | (A)(2) and it's talking about whether the case was | 13:03 |
| 13 | properly charged.  They don't actually use the word | 13:03 |
| 14 | "venue" but they're talking about a two-step | 13:03 |
| 15 | transaction domestically and then overseas, and the | 13:03 |
| 16 | Court held that it was all part of a multistep plan. | 13:03 |
| 17 | So certainly we think that the instruction that you | 13:03 |
| 18 | have included here is appropriate.  It tracks the | 13:03 |
| 19 | Second Circuit.  And I believe there's another Second | 13:03 |
| 20 | Circuit case, Dinero as well that has a similar | 13:03 |
| 21 | holding. | 13:03 |
| 22 | And with respect to the request for the added | 13:03 |
| 23 | sentence by defense counsel for a single -- you must | 13:03 |
| 24 | find that there is a single continuing transaction, | 13:04 |
| 25 | that is what the Court is defining in the last | 13:04 |

1   sentence, and to include it at the outset is          13:04

2   conclusory.  There is no meaning to single continuing  13:04

3   transaction.  That is what the Court is explaining by  13:04

4   one multistep transfer.                                13:04

5        MR. SILVER:  I think, Your Honor, if the          13:04

6   Court takes a look at the *U.S. v. Harris*, it's quite 13:04

7   clear they're not talking about what a continuing      13:04

8   transaction is.  They're not talking about venue.      13:04

9   Venue was not an issue in that case.  They're talking  13:04

10  about a different element of 1956(a)(2)(A).  So        13:04

11  there's no basis to adopt that formulation in          13:04

12  connection with this venue charge.  Again, if the      13:04

13  Court is inclined to include some kind of language     13:04

14  from Harris, we don't think this sentence really       13:04

15  captures even what the Harris Court said and would be  13:04

16  happy to put forth an alternative proposal.  But we    13:05

17  don't think it should be included at all because       13:05

18  really it's just the language of 1956(i) which say     13:05

19  what a continuing transaction is.                      13:05

20       THE COURT:  Do you have a proposal to submit?     13:05

21       MR. SILVER:  I can read something now.            13:05

22  Again, our position is there needs to be nothing       13:05

23  further than the sentence that says "the term          13:05

24  conducts."  But if the Court wanted to go further, we  13:05

25  would propose that it read, "In deciding whether the   13:05

1    government has proved the venue requirement, you                13:05

2    should consider whether the transfer of funds from              13:05

3    API or Alstom Power, Inc., to Pacific Resources                  13:05

4    International and from Pacific Resources                         13:05

5    International to Indonesia was contemplated and                  13:05

6    executed as a single transaction, period.  If instead          13:05

7    you find that the movement of funds from PRI to                 13:06

8    Indonesia was a separate independent transaction,               13:06

9    then you may not find venue in Connecticut."  Because           13:06

10   I think that's exactly what is at issue here.                   13:06

11          MR. KAHN:  That's simply not supported by the            13:06

12   case law, Your Honor.  And I think, again, that's a             13:06

13   conclusory statement, single transaction versus --              13:06

14          THE COURT:  I mean, we're leaving it to the              13:06

15   jury to determine whether this is a single                      13:06

16   transaction composed of parts or a multitransaction             13:06

17   set of activities.  I'm trying to explain what -- the           13:06

18   consequences of each such finding or what's                     13:06

19   necessary.                                                      13:06

20          MR. KAHN:  That's exactly right, Your Honor.             13:06

21          THE COURT:  I think that's right.  I think               13:06

22   your proposal is fraught.                                       13:07

23          MR. SILVER:  Well, Your Honor, I guess the               13:07

24   problem we have is that sentence as it currently                13:07

25   reads says that, "You should consider any transfer              13:07

1    which is implemented in multiple stages to be one                    13:07

2    single transaction if you find that each stage was an                13:07

3    integral part of a single plan to transfer funds."                   13:07

4    That's not anywhere in the statute.  So we're kind of                13:07

5    just essentially making up a definition of what a                    13:07

6    continuing transaction is.  And I think that is much                 13:07

7    fuzzier than the plain meaning of 1956(i)(3) which                   13:07

8    says that a continuing transaction is a transfer of                  13:07

9    funds from one place to another.  That's what the                    13:07

10   statute says.                                                        13:07

11         MR. KAHN:  That is -- so just to be clear,                     13:07

12   Your Honor, so that the Court does not -- is not in                  13:07

13   concern that we are drawing things out of thin air,                  13:07

14   the Second Circuit held, and I quote, We held in                     13:08

15   Harris that a multistep plan to transfer money from                  13:08

16   one location to another should be viewed a single                    13:08

17   transfer under 1965(a)(2).                                           13:08

18         MR. SILVER:  Right.                                            13:08

19         MR. KAHN:  That is the Second Circuit, Dinero                  13:08

20   quoting and citing to Harris which also talks about                  13:08

21   multistep plans.  So the whole purpose, Your Honor,                  13:08

22   of a single transaction, that is defined by the                      13:08

23   Second Circuit as a multistep plan.                                  13:08

24         So, again, I think the instruction as is                       13:08

25   captures the Second Circuit law accurately.                          13:08

1      MR. SILVER:  The problem is both those cases      13:08

2   define what an international transfer is for purposes    13:08

3   of elements of (a)(2)(A), not what a single            13:08

4   continuing transaction is for venue purposes in       13:08

5   1956(i).  They're just two different concepts.        13:08

6      The language I had suggested regarding           13:09

7   contemplated and executed actually comes directly     13:09

8   from Harris.  That's where that language comes from    13:09

9   which, again, I don't think we should go to Harris.   13:09

10  But if the Court is inclined to use that authority,   13:09

11  then I think that our formulation is more -- is       13:09

12  closer to it.                                          13:09

13     THE COURT:  All right.  Let me again look         13:09

14  back at your arguments and see if I think we need to  13:09

15  make adjustments here.                                 13:09

16     What's next?                                       13:09

17     MR. NOVICK:  So where aiding and abetting,        13:10

18  right below where we were just looking, you define    13:10

19  aiding and abetting.  I think around this area would   13:10

20  be the appropriate place to put an additional         13:10

21  Pinkerton instruction that refers back to the earlier 13:10

22  instruction.                                           13:10

23     MR. SILVER:  An additional Pinkerton             13:10

24  instruction just to repeat that it's an alternative   13:10

25  basis, you mean?                                       13:10

```
1          MR. NOVICK:  Because previously that          13:10
2   Pinkerton instruction was related to Counts 6 and 7.  13:10
3          THE COURT:  So you would put that there       13:10
4   before aiding and abetting?                           13:10
5          MR. NOVICK:  Yes, Your Honor.                  13:10
6          MR. SILVER:  Oh, I see.                        13:10
7          THE COURT:  And I could do that by reference.  13:10
8          MR. NOVICK:  Yes.                              13:10
9          MR. SILVER:  And then we would just request    13:10
10  that it's -- as with the prior Pinkerton language, we  13:10
11  included that if they find withdrawal, they can't     13:11
12  rely on that theory of liability.                     13:11
13         MR. NOVICK:  Which I think would be            13:11
14  accomplished by reference but ...                     13:11
15         THE COURT:  Let's see whether that reference   13:11
16  is right there.                                       13:11
17         MR. NOVICK:  I think Your Honor had talked     13:11
18  about adding that into the prior Pinkerton            13:11
19  instruction.                                          13:11
20         THE COURT:  And we didn't do that yet?         13:11
21         MR. NOVICK:  I think Your Honor said that you  13:11
22  were going to.                                        13:11
23         THE COURT:  All right.  If we do that, we      13:11
24  don't need to then add it once more.  And if not,     13:11
25  we'll add it in both places.  Okay.                   13:11
```

| | | |
|---|---|---|
| 1 | MR. NOVICK:  I don't have anything for a | 13:12 |
| 2 | while. | 13:12 |
| 3 | MR. SILVER:  I don't think we do either. | 13:12 |
| 4 | THE COURT:  All right.  What's the next one | 13:12 |
| 5 | anyone has an issue with? | 13:12 |
| 6 | MR. NOVICK:  The next one is right before -- | 13:12 |
| 7 | sorry, is right after guidelines for deliberation | 13:12 |
| 8 | under "government as a party."  The last sentence | 13:12 |
| 9 | reads, "However, it is the government that bears the | 13:12 |
| 10 | burden of proving Mr. Hoskins guilty beyond a | 13:12 |
| 11 | reasonable doubt and Mr. Hoskins has no burden to | 13:12 |
| 12 | prove his innocence," I would add "though I remind | 13:12 |
| 13 | you that as to the issue of withdrawal, the defendant | 13:12 |
| 14 | bears the burden of proof by a preponderance of the | 13:12 |
| 15 | evidence." | 13:12 |
| 16 | THE COURT:  So I'll just put something in | 13:14 |
| 17 | there that says separately, "May I remind you that | 13:14 |
| 18 | the defendant has the burden of persuasion on his | 13:14 |
| 19 | defense and withdrawal." | 13:14 |
| 20 | MR. NOVICK:  Yes, Your Honor. | 13:14 |
| 21 | THE COURT:  Anything else? | 13:14 |
| 22 | MR. SILVER:  Your Honor, I don't think it's | 13:14 |
| 23 | worth belaboring but we had requested a revised | 13:14 |
| 24 | aiding and abetting instruction based on a Roseman | 13:14 |
| 25 | case that had been briefed.  And I'm sure Your Honor | 13:14 |

1    read those submissions and so I don't think we need          13:14

2    to discuss it further.  I just wanted to flag that          13:14

3    issue.                                                       13:14

4          THE COURT:  Thank you.                                 13:14

5          MR. SILVER:  I think our next point is on             13:14

6    uncalled witnesses.  I don't have anything before.          13:14

7          MR. NOVICK:  I have something on "Charts and          13:14

8    summaries," H.  The second sentence reads, "These           13:14

9    charts and summaries were admitted in place of the          13:15

10   underlying documents."  I think that by and large --        13:15

11         THE COURT:  In addition to?                            13:15

12         MR. NOVICK:  In addition to.                           13:15

13         THE COURT:  I'm going to then take out the            13:15

14   whole rest of that sentence, "to save time and avoid        13:15

15   unnecessary inconvenience."                                  13:15

16         MR. NOVICK:  I think that's why we used the           13:15

17   summaries, but I think that's fine.  I don't feel           13:15

18   strongly.                                                    13:15

19         THE COURT:  Well, let's let them know that we         13:16

20   have them in mind.                                           13:16

21         All right.  Anything else?                             13:16

22         MR. NOVICK:  I have nothing until testimony           13:16

23   of cooperating witnesses.                                    13:16

24         MR. PEACOCK:  So we had a point just before           13:16

25   that.  There's a proposed -- an uncalled witnesses          13:16

| | | |
|---|---|---|
| 1 | instruction.  I think our view is that an uncalled | 13:16 |
| 2 | witness instruction isn't appropriate here.  I don't | 13:16 |
| 3 | think it's necessarily correct as a factual matter | 13:16 |
| 4 | that we actually did have an equal opportunity to | 13:16 |
| 5 | call witnesses given that the vast majority of any | 13:16 |
| 6 | fact witnesses who move had something to say are | 13:16 |
| 7 | located overseas where the government has -- | 13:16 |
| 8 | THE COURT:  Which means you would have had | 13:16 |
| 9 | equal unavailability? | 13:16 |
| 10 | MR. PEACOCK:  Well, I think the government | 13:16 |
| 11 | had significant cooperation from the KPK and other | 13:16 |
| 12 | investigators who could have made those people | 13:16 |
| 13 | available to them.  Beyond that, in the case of | 13:16 |
| 14 | Mr. Sharafi, the government met with him we think | 13:17 |
| 15 | over 70 times prior to trial.  He was on their | 13:17 |
| 16 | witness list until I think the second to last day of | 13:17 |
| 17 | trial. | 13:17 |
| 18 | So while we may have had some opportunity to | 13:17 |
| 19 | call Mr. Sharafi as a result of the gilded invitation | 13:17 |
| 20 | that they presented to us, I don't think that we had | 13:17 |
| 21 | an equal opportunity given the nine years or so that | 13:17 |
| 22 | they were dealing directly with him. | 13:17 |
| 23 | MR. NOVICK:  I think that's just factually | 13:17 |
| 24 | wrong, Your Honor.  We've given them -- first of | 13:17 |
| 25 | all -- | 13:17 |

1    THE COURT:  With respect to equal    13:17

2    opportunity, can we leave that out and just go,    13:17

3    "There were names who did not appear to testify.  You    13:17

4    should not draw any inference or reach any conclusion    13:17

5    as to what they would have testified to had they been    13:17

6    called.  Their absence should not affect your    13:17

7    judgment"?  Because that's the essence of it.    13:17

8         MR. PEACOCK:  That's fine for us, Your Honor.    13:17

9         MR. NOVICK:  I think that it ought to -- I    13:18

10    think what that sentence expresses essentially is    13:18

11    that you should not draw -- hold it against,    13:18

12    essentially, either side for not calling a particular    13:18

13    witness and particularly those who are equally    13:18

14    available.    13:18

15         THE COURT:  I'm trying to get out of the    13:18

16    equally available because there is -- only with    13:18

17    respect to Mr. Sharafi is there a clear record of    13:18

18    equal availability.    13:18

19         MR. NOVICK:  Well, I would argue, Your Honor,    13:18

20    as to any other witness.  There is no evidence that    13:18

21    the government had any further access.  We're talking    13:18

22    about people who were friends of the defendant.  We    13:18

23    have no ability, had no ability to compel folks in    13:18

24    Indonesia to speak to us.    13:18

25         THE COURT:  That's why I'm saying that whole    13:18

1  business about equal opportunity to call is not                    13:19

2  squaring up.                                                       13:19

3         MR. NOVICK:  How about an equal opportunity                 13:19

4  or lack of opportunity or inability?                               13:19

5         MR. SILVER:  I just don't think it's accurate               13:19

6  with respect to even Mr. Sharafi.  I just don't think              13:19

7  you can say it's an equal opportunity to call when --              13:19

8         THE COURT:  Sure it is.  He was available.                  13:19

9  He could be -- he could have been called and would                 13:19

10 have been presented notwithstanding his being outside              13:19

11 the subpoena power.                                                13:19

12        MR. SILVER:  I understand Your Honor's point.                13:19

13 But I think that as Mr. Peacock said, this is someone               13:19

14 the government worked with for almost ten years and                 13:19

15 met with 80 times.                                                  13:19

16        THE COURT:  I understand that.  But I just                   13:19

17 don't think that has anything to do with this, and                  13:19

18 I'm really trying to make sure that the jury doesn't                13:19

19 think this has anything to do with it.                              13:19

20        MR. NOVICK:  I agree, Your Honor, and I am                   13:20

21 incredibly concerned about the arguments counsel's                  13:20

22 suggesting.                                                         13:20

23        THE COURT:  No, we're not -- I keep --                       13:20

24 because I really hate to interrupt closing arguments.               13:20

25 So that's why we air these points beforehand when                   13:20

1  something that appears to be heading towards an                13:20

2  improper argument is aired.                                    13:20

3        MR. MORVILLO:  Can I just weigh in on this               13:20

4  for a second here since I'm the one who is going to            13:20

5  be making the argument?  I certainly have no                   13:20

6  intention to argue that an inference should be drawn           13:20

7  against the government.                                        13:20

8        I do think what Your Honor said a moment ago,            13:20

9  that the jury should draw no inferences from                   13:20

10 witnesses who don't appear is fair game.  And they             13:20

11 certainly shouldn't speculate about what a witness             13:20

12 may or may not have said just based on the fact that           13:20

13 their names come up during the course of the trial.           13:20

14       And so I think it would be appropriate to say            13:21

15 in argument that the jury should not consider the              13:21

16 fact that these witnesses haven't testified full              13:21

17 stop.                                                          13:21

18       THE COURT:  Is that the back door, arguing               13:21

19 that there are a whole lot of witnesses that the              13:21

20 government didn't call?                                        13:21

21       MR. MORVILLO:  It's really to stress to the              13:21

22 jury that they not consider or speculate about what           13:21

23 any of these witnesses would have said.                        13:21

24       THE COURT:  So how does that differ from "You            13:21

25 shouldn't draw any inference or reach any conclusion          13:21

1  as to what they would have testified to had they been    13:21

2  called?  Their absence should not affect your    13:21

3  judgment in any way.    13:21

4      MR. MORVILLO:  I have no problem with that    13:21

5  part.  I totally agree with that.    13:21

6      MR. NOVICK:  I just think, Your Honor, in    13:21

7  order to close the loop to make sure the jury    13:21

8  understands that it is -- either party could have    13:21

9  done this.  That sentence is important.  And I would    13:21

10  be fine with editing it to say each party had an    13:21

11  equal opportunity or lack of opportunity or    13:22

12  inability.  I think lack of opportunity is probably    13:22

13  the cleanest.  And this is particularly true given    13:22

14  the way opening statements went.    13:22

15      THE COURT:  I instruct you that each party    13:22

16  had an equal opportunity or inability to call any of    13:22

17  these witnesses?    13:22

18      MR. NOVICK:  Yes, Your Honor.    13:22

19      THE COURT:  Well, that covers the field.    13:22

20  Okay.    13:22

21      MR. NOVICK:  Under "Testimony of Cooperating    13:22

22  Witnesses," I think it should -- instead of "two," it    13:22

23  should say "three" and include Larry Puckett.    13:22

24      MR. SILVER:  Nothing further from us.    13:23

25      Just at the very beginning, I handed over a    13:23

```
 1   revised 404(b) charge but --                          13:23

 2         THE COURT:  I have that.                         13:23

 3         MR. NOVICK:  We think that the 404(b) charge     13:23

 4   that's in here is appropriate and in the correct       13:23

 5   place.                                                 13:23

 6         THE COURT:  I'll compare it.                     13:23

 7         MR. KAHN:  And, Your Honor, just 30 seconds      13:23

 8   as this is already long.  But just to return for one   13:23

 9   second because I had to refresh on Dinero and Harris   13:23

10   not being a venue case, it's the flip side of the      13:23

11   exact same coin.  It would have been as if we had      13:23

12   charged the transfer from API to Sharafi.  The         13:23

13   argument there was had we done that, that wouldn't     13:23

14   have been an international transaction.  So it's        13:23

15   looking at the exact same issue, whether the           13:23

16   two-stage transaction was a single continuing          13:24

17   transaction under 1965(a)(2).  And I know Your Honor   13:24

18   is going to look at it.  I just wanted to make that    13:24

19   point.                                                 13:24

20         THE COURT:  Okay.  All right.  If there's        13:24

21   nothing else?                                          13:24

22         MR. SPEARS:  Your Honor, can I just point        13:24

23   out, there's another point in the charge where it      13:24

24   talks about the government needing to prove the        13:24

25   defendant was a domestic concern which I think we      13:24
```

1    agreed --    13:24

2        THE COURT:  Can I have the page where we --    13:24

3        MR. SPEARS:  Yes.  It's page 12 of my draft.    13:24

4    It's Section Six, Element Three, agent of domestic    13:24

5    concerns.  It's really the first sentence of the    13:24

6    agency section, third element.    13:24

7        MR. NOVICK:  We have no objection to changing    13:24

8    that to read, "The third element the government must    13:24

9    prove is that the defendant was an agent of a    13:24

10    domestic concern."    13:24

11        THE COURT:  All right.  I will take your    13:25

12    comments back, consider them, get you a clean, what    13:25

13    we think will be the final draft.  If there is    13:25

14    anything that is amiss, you need to e-mail us right    13:25

15    away because we will start reproducing this to the    13:25

16    jury.    13:25

17        Now, with respect to the length of closing    13:25

18    arguments, what is the request here?    13:25

19        MR. KAHN:  I think, Your Honor, to err on the    13:25

20    safe side, we would request two hours for closing and    13:25

21    rebuttal for the government.  We hope that it will be    13:25

22    closer to an hour and a half but just to measure    13:25

23    expectations in case it leads to two hours, we want    13:25

24    to be safe.    13:26

25        THE COURT:  Two hours will do you?    13:26

| | | |
|---|---|---|
| 1 | MR. MORVILLO:  Oh, yes. | 13:26 |
| 2 | THE COURT:  Phew.  Well, we will get the case | 13:26 |
| 3 | submitted tomorrow but they won't have much time for | 13:26 |
| 4 | deliberation. | 13:26 |
| 5 | MR. MORVILLO:  Would it be your intention to | 13:26 |
| 6 | invite them to begin deliberations or -- | 13:26 |
| 7 | THE COURT:  Sure, if it's -- | 13:26 |
| 8 | MR. MORVILLO:  There's time? | 13:26 |
| 9 | THE COURT:  If there's time.  So my guess is | 13:26 |
| 10 | this may well be a two-hour charge plus.  Hopefully | 13:26 |
| 11 | it will not be much over two hours because we'll then | 13:26 |
| 12 | break for lunch. | 13:26 |
| 13 | MR. MORVILLO:  So we'll go from 10 to 12 and | 13:26 |
| 14 | break? | 13:26 |
| 15 | THE COURT:  Something like that. | 13:26 |
| 16 | MR. MORVILLO:  Around that time. | 13:26 |
| 17 | THE COURT:  The caterers will deliver their | 13:27 |
| 18 | lunch.  I think I might have to scrimp it to 45 | 13:27 |
| 19 | minutes for lunch.  If you both take two hours, we'll | 13:27 |
| 20 | just get to 5 and we need a break in there. | 13:27 |
| 21 | MR. MORVILLO:  I would certainly request a | 13:27 |
| 22 | break between the government's main summation and the | 13:27 |
| 23 | defense if for no other reason that happen to set up | 13:27 |
| 24 | computers and that kind of stuff, Your Honor. | 13:27 |
| 25 | MR. NOVICK:  I would also request a break | 13:27 |

1    between defense summation and the rebuttal.                    13:27

2          MR. MORVILLO:  You can use my computer.                  13:27

3          MR. NOVICK:  Appreciate it.                              13:27

4          THE COURT:  So we need a break between the               13:27

5    government's initial summation and defense.  We then           13:27

6    need another break -- if you go two hours, we'll need          13:28

7    another break before the jury -- excuse me, before             13:28

8    the government proceeds with its rebuttal summation.           13:28

9    That's a lot of breaks.  Okay.  All right.  I don't            13:28

10   think they'll get to much deliberation but -- and              13:28

11   we're a little bit squishy on time but we'll make it.          13:28

12   Okay.                                                          13:28

13         MR. NOVICK:  Thank you, Your Honor.                      13:28

14         MR. SILVER:  Thank you, Your Honor.                      13:28

15         THE COURT:  You and Donna have got all the               13:28

16   exhibits all tidied up for --                                  13:28

17         MR. NOVICK:  We'll check.  I think that was              13:28

18   what the paralegal was doing while we were in here             13:28

19   but we'll check again.                                         13:28

20         THE COURT:  All right.  So that they can pull            13:28

21   them all up on their screen and otherwise.  Okay.             13:28

22         MR. NOVICK:  Your Honor, you have no                     13:28

23   restrictions, as I recall, from moving around while            13:28

24   we're addressing the jury?                                     13:29

25         THE COURT:  My concern is only that you can              13:29

| | |
|---|---|
| 1 | be heard by both the court reporter and the jury who | 13:29 |
| 2 | are in two separate directions. | 13:29 |
| 3 |       MR. NOVICK:  Is there a -- | 13:29 |
| 4 |       THE COURT:  A Lavalier mike? | 13:29 |
| 5 |       MR. NOVICK:  Yes. | 13:29 |

1  be heard by both the court reporter and the jury who                13:29

2  are in two separate directions.                                     13:29

3           MR. NOVICK:  Is there a --                                 13:29

4           THE COURT:  A Lavalier mike?                               13:29

5           MR. NOVICK:  Yes.                                          13:29

6           THE COURT:  I don't think so.  We do have a                13:29

7  handheld mike.                                                      13:29

8           MR. SILVER:  A little bit of Phil                          13:29

9  Donahue-ish.                                                        13:29

10          MR. NOVICK:  We'll check with IT.  I know at                13:29

11 least the last trial we had in Judge Chatigny's                     13:29

12 courtroom, they had one that they hooked me up.                     13:29

13          THE COURT:  They did.  That would be great.                13:29

14 Find out if you can use it.                                         13:29

15          Thank you very much.                                       13:29

16          (Proceedings concluded, 1:29 p.m.)

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

RE: UNITED STATES OF AMERICA v. LAWRENCE HOSKINS

No. 3:12-CR-238 (JBA)


        I, Melissa J. Cianciullo, RMR, CRR, CRC,

Official Court Reporter for the United States

District Court for the District of Connecticut, do

hereby certify that the foregoing pages 1 through 94

are a true and accurate transcription of my shorthand

notes taken in the aforementioned matter to the best

of my skill and ability.




        /s/_Melissa J. Cianciullo_____

        MELISSA J. CIANCIULLO, RMR, CRR
            Official Court Reporter
        United States District Court
        141 Church Street, Room 147
        New Haven, Connecticut  06510
            (203) 606-1794

1

**'**

**'agent** [1] - 26:21

**/**

**/s/_Melissa** [1] - 95:17

**0**

**06510** [2] - 2:4, 95:20
**06890** [1] - 2:19

**1**

**1** [14] - 34:18, 46:24, 47:1, 47:4, 47:12, 60:20, 61:11, 64:17, 65:8, 70:19, 71:4, 72:24, 74:8, 95:9
**10** [3] - 57:17, 59:16, 92:13
**10019-6131** [1] - 2:14
**11** [5] - 11:4, 65:17, 67:1, 67:7, 68:1
**11308** [1] - 2:9
**11:10** [1] - 1:6
**12** [8] - 49:6, 58:15, 58:20, 58:22, 67:1, 71:15, 91:3, 92:13
**13** [3] - 65:17, 67:7, 68:1
**14** [4] - 3:18, 3:20, 12:24
**1400** [1] - 2:8
**141** [2] - 1:7, 95:19
**147** [1] - 95:19
**157** [1] - 2:4
**17** [2] - 5:23, 34:24
**18** [1] - 66:3
**1956** [3] - 68:25, 73:21, 73:24
**1956(a)(2)(A)** [2] - 77:1, 78:10
**1956(i** [1] - 78:18
**1956(i)** [1] - 81:5
**1956(i)(3** [1] - 80:7
**1956(i)(3)** [2] - 76:9, 77:2
**1957** [4] - 66:3, 68:24, 69:18, 69:19
**1965(a)(2)** [2] - 80:17, 90:17
**1:00** [1] - 75:21
**1:01** [1] - 75:21
**1:29** [1] - 94:16

**2**

**2** [7] - 8:1, 8:13, 18:14,

49:5, 49:21, 58:19, 61:4
**20005** [1] - 2:9
**2019** [1] - 1:5
**203** [5] - 1:25, 2:5, 2:18, 2:19, 95:20
**212** [1] - 2:15
**22** [1] - 49:21
**23** [1] - 49:14
**23rd** [1] - 2:4
**2425** [1] - 2:18
**28** [1] - 59:15
**292-9766** [1] - 2:19

**3**

**3** [2] - 8:2, 73:5
**30** [1] - 90:7
**33** [1] - 72:19
**34** [1] - 70:9
**36** [1] - 72:18
**37** [1] - 32:22
**3:12-CR-238** [2] - 1:4, 95:4

**4**

**4** [1] - 74:17
**404(b** [6] - 7:21, 8:4, 8:19, 22:16, 90:1, 90:3
**43** [3] - 8:9, 8:10, 8:12
**45** [1] - 92:18

**5**

**5** [7] - 1:5, 4:5, 5:25, 11:6, 50:11, 70:17, 92:20

**6**

**6** [10] - 4:9, 4:12, 4:18, 4:20, 5:1, 50:13, 59:5, 59:15, 82:2
**606-1794** [2] - 1:25, 95:20

**7**

**7** [5] - 4:25, 49:5, 58:19, 61:4, 82:2
**70** [1] - 85:15

**8**

**8** [27] - 7:23, 9:5, 34:18, 47:1, 47:3, 47:4, 47:12, 47:18, 48:1, 48:2, 48:5,

55:1, 59:23, 60:20, 61:9, 61:13, 61:21, 61:25, 62:14, 63:18, 66:3, 70:11, 70:15, 70:23, 71:2, 71:5, 71:10
**80** [1] - 87:15
**821-3700** [1] - 2:5
**878-8000** [1] - 2:15

**9**

**9** [6] - 9:19, 49:6, 58:15, 58:20, 58:22, 71:15
**94** [1] - 95:9

**A**

**A)(2** [1] - 77:12
**a)(2)(A** [1] - 81:3
**a.m** [1] - 1:6
**abetted** [2] - 72:16, 73:2
**abetting** [9] - 60:2, 60:5, 60:6, 73:9, 81:17, 81:19, 82:4, 83:24
**ability** [3] - 86:23, 95:12
**absence** [2] - 86:6, 89:2
**absolutely** [3] - 41:25, 42:1, 42:11
**accept** [1] - 10:23
**acceptable** [1] - 23:7
**acceptance** [1] - 18:14
**access** [1] - 86:21
**accomplish** [3] - 62:1, 62:18, 65:11
**accomplished** [1] - 82:14
**accordingly** [1] - 30:7
**account** [6] - 38:14, 39:2, 42:8, 42:10, 42:14
**accurate** [6] - 5:14, 20:21, 48:22, 69:25, 87:5, 95:10
**accurately** [5] - 15:22, 23:3, 24:17, 30:9, 80:25
**achieve** [1] - 16:11
**acknowledge** [1] - 6:20
**acquit** [1] - 47:6
**acquittal** [1] - 70:19
**act** [8] - 29:3, 29:5, 33:24, 34:5, 34:11, 44:16, 45:21, 66:24

**acted** [2] - 27:23, 64:7
**action** [2] - 39:3, 43:16
**actions** [2] - 43:1, 44:7
**activities** [1] - 79:17
**activity** [2] - 39:4, 69:14
**acts** [19] - 15:18, 15:23, 17:8, 17:13, 17:14, 17:20, 18:2, 29:9, 32:2, 32:4, 32:7, 32:8, 32:16, 32:20, 32:22, 33:10, 33:19, 38:16, 48:14
**actual** [1] - 51:3
**add** [12] - 6:17, 26:16, 50:13, 60:3, 72:6, 72:15, 74:16, 74:24, 76:3, 82:24, 82:25, 83:12
**Add** [1] - 26:17
**added** [2] - 74:23, 77:22
**adding** [4] - 54:25, 62:5, 71:5, 82:18
**addition** [5] - 34:3, 35:9, 74:15, 84:11, 84:12
**additional** [5] - 6:19, 45:24, 56:23, 81:20, 81:23
**address** [1] - 58:14
**addressing** [1] - 93:24
**adequately** [2] - 71:9, 76:23
**adjustments** [1] - 81:15
**admitted** [1] - 84:9
**adopt** [1] - 78:11
**advance** [1] - 8:22
**affect** [2] - 86:6, 89:2
**aforementioned** [1] - 95:11
**agency** [13] - 11:4, 12:21, 14:24, 15:22, 16:7, 16:22, 17:6, 21:3, 21:14, 25:2, 25:17, 45:21, 91:6
**Agent** [1] - 51:2
**agent** [48] - 3:21, 13:13, 13:18, 14:20, 15:5, 15:18, 15:23, 16:6, 17:2, 17:9, 17:15, 17:21, 18:3, 18:13, 18:14, 18:21, 19:10, 19:12, 19:16, 19:22, 19:24, 20:18, 21:13, 21:25, 22:9, 22:10, 22:23, 23:11,

23:16, 23:22, 25:7, 25:9, 25:21, 25:24, 26:1, 26:8, 26:11, 26:13, 26:15, 27:6, 27:7, 27:13, 27:21, 27:24, 50:22, 51:6, 91:4, 91:9
**ago** [2] - 56:12, 88:8
**agree** [9] - 19:23, 24:24, 33:10, 33:16, 41:12, 48:20, 51:1, 87:20, 89:5
**agreed** [4] - 16:6, 17:2, 55:15, 91:1
**agreement** [3] - 17:7, 33:24, 42:13
**agreements** [2] - 27:3, 27:5
**agrees** [4] - 15:19, 17:21, 17:23, 18:13
**aided** [2] - 72:15, 73:2
**aiding** [9] - 60:2, 60:5, 73:8, 81:17, 81:19, 82:4, 83:24
**air** [1] - 80:13, 87:25
**aired** [1] - 88:2
**alleged** [12] - 18:24, 19:12, 20:2, 20:9, 20:10, 20:17, 20:19, 20:24, 22:1, 22:6, 22:14, 61:25
**alleges** [2] - 19:1, 19:25
**alleging** [1] - 19:6
**alluding** [1] - 19:8
**almost** [1] - 87:14
**alone** [3] - 38:23, 39:12, 41:23
**Alstom** [7] - 13:8, 13:24, 14:2, 14:3, 14:14, 26:14, 27:24, 79:3
**alternative** [6] - 21:16, 33:15, 34:12, 61:5, 78:16, 81:24
**alternatively** [1] - 29:14
**altogether** [1] - 42:19
**amended** [4] - 30:14, 30:19, 30:23, 72:1
**AMERICA** [2] - 1:4, 95:3
**amiss** [1] - 91:14
**amount** [1] - 20:11
**anyplace** [1] - 32:1
**API** [5] - 14:21, 15:4, 16:20, 79:3, 90:12
**API's** [1] - 22:5
**apologies** [1] - 60:12
**apologize** [2] - 20:5,

38:20
**appear** [2] - 86:3, 88:10
**applicable** [1] - 76:21
**applied** [1] - 68:3
**applies** [3] - 5:12, 9:11, 73:24
**apply** [9] - 21:15, 25:10, 25:16, 58:15, 58:20, 62:24, 67:6, 67:24, 73:24
**appreciate** [1] - 93:3
**appropriate** [20] - 7:11, 8:16, 9:22, 10:4, 10:6, 10:25, 25:8, 27:14, 35:15, 44:20, 44:22, 49:8, 52:25, 62:7, 71:21, 77:18, 81:20, 85:2, 88:14, 90:4
**area** [2] - 8:23, 81:19
**argue** [9] - 10:1, 16:19, 24:12, 44:1, 57:4, 57:12, 74:1, 86:19, 88:6
**argued** [2] - 4:21, 71:9
**arguing** [2] - 27:17, 88:18
**argument** [10] - 14:25, 15:9, 18:4, 28:12, 35:2, 75:14, 88:2, 88:5, 88:15, 90:13
**arguments** [5] - 70:4, 81:14, 87:21, 87:24, 91:18
**arises** [1] - 9:24
**ARTERTON** [1] - 1:18
**articulate** [1] - 40:12
**articulating** [2] - 20:7, 51:7
**aspect** [2] - 20:18, 68:9
**aspects** [1] - 16:8
**asserted** [1] - 70:10
**associate** [1] - 65:22
**assume** [2] - 30:9, 37:6
**attempt** [6] - 16:19, 29:5, 71:18, 71:19, 71:20
**attempting** [2] - 16:24, 71:17
**attend** [1] - 53:20
**attending** [1] - 24:1
**Attorney's** [1] - 2:3
**AUSA** [2] - 2:3, 69:13
**authority** [2] - 75:14, 81:10
**authorized** [1] - 54:14
**availability** [1] - 86:18

**available** [4] - 85:13, 86:14, 86:16, 87:8
**Avenue** [1] - 2:8
**avoid** [1] - 84:14
**award** [1] - 16:12
**aware** [1] - 69:12

**B**

**balanced** [1] - 12:10
**based** [4] - 10:20, 14:12, 83:24, 88:12
**basis** [4] - 34:6, 49:4, 78:11, 81:25
**bear** [1] - 25:24
**bears** [3] - 28:12, 83:9, 83:14
**became** [2] - 23:22, 67:22
**become** [1] - 65:9
**becomes** [1] - 68:5
**becoming** [1] - 67:5
**beforehand** [1] - 87:25
**begin** [1] - 40:5, 42:19, 92:6
**beginning** [7] - 8:1, 12:25, 39:18, 52:2, 53:4, 71:13, 89:25
**begins** [6] - 11:6, 11:11, 13:13, 51:16, 67:3, 73:6
**behalf** [5] - 15:19, 15:24, 17:9, 17:15, 17:21
**belabor** [1] - 44:4
**belaboring** [1] - 83:23
**believes** [1] - 49:7
**below** [1] - 81:18
**benefit** [1] - 9:16
**BENJAMIN** [2] - 2:13
**benjamin.peacock@cliffordchance.com** [1] - 2:16
**Berger** [12] - 35:7, 35:14, 36:17, 36:19, 37:14, 38:4, 38:21, 38:24, 40:23, 40:24, 41:1
**best** [1] - 95:11
**better** [3] - 7:16, 18:2, 20:8
**between** [11] - 14:2, 15:3, 35:20, 37:2, 38:18, 39:7, 41:6, 67:12, 92:22, 93:1, 93:4
**beyond** [6] - 6:4, 6:24, 20:10, 28:6, 44:17, 46:3, 83:10, 85:13

**bidding** [1] - 16:21
**bit** [8] - 5:10, 8:6, 54:17, 64:9, 65:2, 67:8, 93:11, 94:8
**bleed** [1] - 22:16
**bombing** [1] - 56:11
**BOND** [1] - 1:18
**bottom** [5] - 4:12, 4:20, 5:25, 45:15, 70:17
**break** [8] - 92:12, 92:14, 92:20, 92:22, 92:25, 93:4, 93:6, 93:7
**breaks** [1] - 93:9
**BRIAN** [1] - 2:17
**bribe** [2] - 56:24, 57:10
**bribery** [4] - 24:2, 24:10, 24:15, 24:16
**bribes** [1] - 57:5
**briefed** [4] - 36:11, 44:9, 73:19, 83:25
**briefing** [8] - 57:20, 64:24, 65:25, 68:23, 69:17, 70:4, 75:8, 77:8
**broader** [1] - 54:17
**broke** [1] - 19:25
**brought** [2] - 24:20, 38:3
**bspears@spearsmanning.com** [1] - 2:20
**build** [1] - 14:21
**bullet** [1] - 72:15
**burden** [20] - 4:8, 4:14, 4:16, 5:14, 5:21, 6:3, 6:7, 6:21, 6:22, 6:24, 7:1, 7:2, 7:12, 35:11, 45:18, 46:2, 83:10, 83:11, 83:14, 83:18
**burdens** [1] - 5:19
**business** [20] - 13:13, 18:22, 19:16, 19:22, 35:2, 36:1, 36:8, 36:14, 36:22, 37:20, 37:22, 38:9, 39:12, 40:2, 40:17, 41:8, 42:15, 42:22, 65:21, 87:1
**businesses** [2] - 37:2, 38:19

**C**

**cabins** [2] - 27:15
**cannot** [1] - 41:10
**capture** [1] - 36:5

**captured** [3] - 22:21, 23:4, 54:9
**captures** [4] - 23:14, 24:18, 78:15, 80:25
**carrying** [1] - 64:8
**case** [43] - 5:19, 6:6, 18:23, 18:24, 19:5, 19:12, 19:18, 19:19, 20:15, 20:25, 21:2, 21:3, 21:7, 21:15, 22:11, 22:14, 24:22, 25:18, 26:10, 35:5, 36:6, 36:24, 37:2, 37:25, 38:7, 38:10, 38:11, 42:15, 73:16, 76:20, 76:21, 76:22, 77:6, 77:11, 77:12, 77:20, 78:9, 79:12, 83:25, 85:13, 90:10, 91:23, 92:2
**cases** [8] - 40:20, 57:23, 57:25, 65:25, 66:4, 69:25, 75:11, 81:1
**casts** [1] - 57:12
**catch** [1] - 51:20
**caterers** [1] - 92:17
**causation** [5] - 52:19, 52:24, 53:3, 53:13, 53:15
**caused** [2] - 72:16, 73:2
**causes** [1] - 53:21
**certain** [1] - 45:3
**certainly** [15] - 14:6, 23:7, 24:11, 25:16, 34:13, 36:13, 36:25, 39:10, 43:4, 66:2, 75:11, 77:17, 88:5, 88:11, 92:21
**certify** [1] - 95:9
**cessation** [1] - 39:4
**cetera** [6] - 3:7, 6:9, 27:24, 50:12, 75:12, 76:16
**challenged** [1] - 34:18
**Chance** [1] - 2:14
**change** [15] - 11:19, 20:14, 24:20, 24:21, 31:12, 31:13, 31:17, 31:21, 36:3, 61:3, 67:2, 68:18, 70:20, 75:15
**changed** [2] - 59:12, 77:5
**changes** [1] - 3:6
**changing** [2] - 48:2, 91:7
**characteristics** [1] - 15:7

**CHARGE** [1] - 1:12
**charge** [29] - 4:13, 7:22, 8:5, 8:7, 9:2, 10:5, 10:7, 11:21, 12:19, 28:13, 31:23, 41:9, 46:24, 48:19, 50:7, 63:16, 63:19, 68:3, 68:4, 68:21, 71:15, 76:1, 76:2, 78:12, 90:1, 90:3, 90:23, 92:10
**charged** [15] - 9:4, 9:9, 32:8, 32:16, 47:1, 47:4, 47:11, 52:14, 53:11, 60:20, 61:21, 65:11, 77:6, 77:13, 90:12
**charges** [7] - 6:1, 7:24, 9:21, 19:24, 70:10, 71:25, 72:1
**Charts** [1] - 84:7
**charts** [4] - 21:4, 30:5, 30:8, 84:9
**Chatigny's** [1] - 94:11
**check** [3] - 93:17, 93:19, 94:10
**CHRISTOPHER** [1] - 2:12
**christopher.morvillo@cliffordchance.com** [1] - 2:15
**Church** [3] - 1:7, 2:4, 95:19
**CIANCIULLO** [1] - 95:18
**Cianciullo** [3] - 1:24, 95:6, 95:17
**Circuit** [6] - 77:19, 77:20, 80:14, 80:19, 80:23, 80:25
**circulated** [1] - 3:9
**circumstance** [1] - 6:12
**circumstances** [1] - 57:8
**cited** [2] - 69:24, 76:20
**citing** [1] - 80:20
**claim** [1] - 24:8
**clarifies** [1] - 21:20
**clarify** [6] - 16:25, 17:4, 22:12, 23:5, 38:21, 69:9
**clarifying** [1] - 21:13
**clarity** [3] - 46:25, 63:6, 64:2
**clause** [1] - 6:17
**clean** [3] - 29:16, 29:21, 91:12
**cleanest** [1] - 89:13
**clear** [24] - 4:1, 6:11,

6:15, 9:13, 11:17, 12:10, 18:25, 37:7, 37:10, 39:11, 41:13, 45:13, 48:16, 49:2, 53:14, 62:2, 63:17, 63:22, 66:15, 67:15, 70:22, 78:7, 80:11, 86:17

**clearer** [7] - 5:7, 12:17, 20:23, 47:3, 65:3, 67:8, 72:9

**clearly** [2] - 65:16, 75:11

**Clifford** [1] - 2:14

**close** [3] - 12:8, 48:5, 89:7

**closed** [1] - 38:13

**closely** [1] - 77:5

**closer** [2] - 81:12, 91:22

**closes** [1] - 42:8

**closing** [7] - 27:16, 39:2, 42:14, 87:24, 91:17, 91:20

**coconspirator** [1] - 48:13

**coconspirators** [1] - 69:13

**coin** [1] - 90:11

**collapsing** [3] - 15:21, 17:6, 17:24

**combining** [1] - 63:5

**comma** [3] - 62:17, 72:15, 73:1

**comment** [6] - 49:13, 51:4, 54:19, 56:6, 60:25, 61:14

**comments** [2] - 58:13, 91:12

**commerce** [2] - 49:19, 51:17

**Commission** [1] - 29:2

**commission** [3] - 61:24, 69:3, 69:4

**commit** [3] - 63:24, 68:16, 69:18

**committed** [7] - 33:25, 34:2, 34:4, 34:11, 45:21, 59:7, 59:8

**committing** [1] - 69:23

**common** [1] - 14:24

**commonly** [1] - 9:25

**companies** [1] - 55:12

**company** [3] - 35:13, 38:13, 42:17

**compare** [1] - 90:6

**compel** [1] - 86:23

**completely** [1] - 14:22

**composed** [1] - 79:16

**comprehension** [1] - 7:17

**computer** [1] - 93:2

**computers** [1] - 92:24

**concept** [1] - 52:16

**concepts** [1] - 81:5

**concern** [16] - 12:25, 13:9, 19:10, 22:10, 23:12, 23:19, 36:12, 36:21, 50:23, 50:24, 51:3, 51:6, 80:13, 90:25, 91:10, 93:25

**concerned** [1] - 87:21

**concerns** [2] - 21:4, 91:5

**conclude** [1] - 14:19

**concluded** [1] - 94:16

**concludes** [1] - 23:20

**conclusion** [2] - 86:4, 88:25

**conclusory** [2] - 78:2, 79:13

**conduct** [19] - 10:19, 10:20, 18:5, 18:6, 18:24, 19:1, 19:12, 19:13, 20:2, 20:3, 20:9, 20:10, 20:12, 20:16, 20:19, 20:24, 22:1, 22:13, 22:16

**conducted** [2] - 76:5, 76:7

**conducts** [1] - 78:24

**CONFERENCE** [1] - 1:12

**conflate** [1] - 47:15

**conflation** [1] - 39:6

**confusing** [14] - 5:10, 5:20, 13:25, 40:18, 48:3, 48:21, 52:21, 53:25, 62:10, 64:23, 65:2, 68:5, 68:12, 68:19

**confusion** [2] - 39:9, 43:11

**congress** [1] - 9:22

**Congress** [1] - 10:17

**CONNECTICUT** [1] - 1:1

**Connecticut** [7] - 1:8, 33:25, 34:1, 76:8, 79:9, 95:8, 95:20

**connection** [15] - 19:11, 19:13, 20:23, 21:18, 22:2, 22:10, 22:19, 23:12, 23:21, 23:23, 23:25, 52:19, 76:1, 77:1, 78:12

**consecutively** [1] - 54:2

**consequences** [2] -

15:7, 79:18

**consider** [26] - 7:15, 9:15, 9:16, 10:22, 11:16, 11:24, 12:4, 12:19, 16:10, 25:6, 25:9, 25:17, 26:20, 27:12, 27:13, 38:2, 43:5, 47:16, 66:18, 75:14, 76:15, 79:2, 79:25, 88:15, 88:22, 91:12

**consideration** [2] - 33:2, 70:4

**considered** [2] - 10:6, 11:18

**considering** [1] - 25:23

**consistent** [4] - 37:8, 37:11, 38:6, 57:7

**consisting** [1] - 34:14

**consists** [7] - 15:18, 16:5, 17:20, 18:2, 18:9, 29:17

**conspiracies** [6] - 10:15, 47:1, 47:4, 47:11, 47:17, 60:19

**conspiracy** [71] - 9:21, 9:23, 9:24, 10:2, 10:7, 10:10, 10:14, 10:24, 11:5, 12:15, 20:14, 34:7, 34:15, 35:14, 37:6, 38:4, 39:14, 40:5, 40:7, 40:14, 41:18, 41:19, 41:24, 42:9, 42:17, 43:2, 43:12, 43:17, 45:22, 46:11, 46:12, 46:14, 46:15, 46:24, 47:20, 47:21, 60:9, 61:11, 61:15, 61:16, 61:21, 61:25, 62:2, 62:6, 62:9, 63:2, 63:3, 63:9, 63:15, 63:18, 63:24, 64:18, 64:21, 64:25, 65:9, 65:12, 65:19, 66:5, 66:17, 67:6, 67:17, 67:23, 68:2, 68:14, 68:15, 69:5, 69:6, 69:18, 69:20, 70:1, 70:25

**conspiratorial** [5] - 10:19, 39:4, 44:7, 44:16, 49:3

**constitute** [10] - 35:7, 36:15, 36:18, 37:21, 38:16, 38:23, 39:12, 40:3, 42:22, 43:14

**constitutes** [1] - 39:3

**consultancy** [3] -

27:3, 27:4, 42:13

**consultant** [2] - 25:21, 27:10

**consultants** [1] - 26:9

**contemplated** [2] - 79:5, 81:7

**contested** [1] - 24:6

**context** [17] - 10:7, 20:15, 21:12, 22:9, 23:2, 23:3, 23:5, 25:18, 48:19, 50:1, 52:23, 65:18, 66:4, 69:10, 69:11, 70:15, 70:23

**continuing** [10] - 76:6, 76:8, 77:24, 78:2, 78:7, 78:19, 80:6, 80:8, 81:4, 90:16

**contract** [2] - 16:12, 21:19

**contrary** [1] - 27:17

**control** [5] - 13:17, 14:23, 16:20, 16:21, 17:1

**controlled** [1] - 55:12

**cooperating** [1] - 84:23

**Cooperating** [1] - 89:21

**cooperation** [1] - 85:11

**copies** [2] - 30:11, 31:2

**copy** [2] - 32:10, 57:1

**copying** [2] - 31:3, 50:16

**corporation** [2] - 39:7, 55:23

**correct** [6] - 16:4, 36:13, 46:8, 50:3, 85:3, 90:4

**corrections** [1] - 3:6

**counsel** [16] - 3:1, 14:10, 17:5, 23:4, 26:12, 26:25, 29:3, 29:7, 29:13, 34:13, 35:10, 42:16, 57:1, 57:3, 71:4, 77:23

**counsel's** [2] - 22:21, 87:21

**Count** [26] - 46:24, 47:3, 47:12, 47:18, 48:1, 48:2, 48:5, 59:23, 61:9, 61:11, 61:13, 61:21, 61:25, 62:14, 63:18, 64:17, 65:8, 70:11, 70:15, 70:19, 70:23, 71:2, 71:4, 71:5, 71:10

**count** [5] - 9:6, 28:1,

61:3, 61:5, 61:10

**Counts** [9] - 34:18, 47:1, 47:4, 49:5, 49:6, 58:20, 60:20, 82:2

**counts** [10] - 9:11, 9:12, 9:14, 48:9, 58:15, 58:16, 58:19, 61:4, 71:14, 71:15

**couple** [3] - 15:13, 18:18, 77:10

**course** [3] - 19:21, 42:6, 88:13

**court** [2] - 77:6, 94:1

**COURT** [203] - 1:1, 3:1, 3:13, 4:4, 4:18, 5:3, 5:15, 5:21, 6:13, 7:10, 9:1, 9:8, 9:15, 10:13, 10:22, 11:19, 12:1, 12:18, 13:11, 14:8, 14:25, 15:12, 16:9, 16:15, 17:11, 18:1, 18:9, 18:12, 21:10, 22:8, 22:15, 22:19, 23:11, 23:24, 24:4, 24:8, 24:19, 24:25, 25:12, 25:19, 26:4, 26:16, 26:18, 26:22, 27:3, 27:8, 27:11, 28:14, 28:17, 28:22, 28:25, 29:19, 29:24, 30:3, 30:13, 30:21, 31:1, 31:6, 31:10, 31:19, 31:25, 32:5, 32:15, 32:23, 33:1, 33:8, 33:18, 34:19, 34:23, 35:19, 35:24, 36:2, 37:12, 37:19, 37:24, 39:21, 41:17, 42:4, 42:7, 43:12, 43:19, 43:23, 43:25, 44:13, 44:15, 45:10, 45:13, 46:10, 46:17, 47:6, 47:11, 47:24, 48:4, 48:22, 48:24, 49:10, 49:16, 50:3, 50:9, 50:19, 51:5, 50:9, 51:9, 51:20, 51:23, 52:10, 53:2, 53:6, 53:17, 53:22, 54:10, 54:16, 55:16, 55:19, 55:22, 56:1, 56:7, 56:9, 56:16, 56:20, 57:14, 57:19, 57:24, 58:4, 58:10, 58:21, 59:2, 59:13, 59:15, 59:20, 60:7, 60:13, 61:7, 61:13, 62:11, 62:16, 62:21, 62:23, 63:11, 64:1,

64:5, 67:11, 67:22, 70:3, 70:7, 70:9, 70:18, 71:11, 72:3, 72:6, 72:18, 72:20, 73:11, 74:7, 74:15, 75:7, 75:20, 75:22, 75:24, 78:20, 79:14, 79:21, 81:13, 82:3, 82:7, 82:15, 82:20, 82:23, 83:4, 83:16, 83:21, 84:4, 84:11, 84:13, 84:19, 85:8, 86:1, 86:15, 86:25, 87:8, 87:16, 87:23, 88:18, 88:24, 89:15, 89:19, 90:2, 90:6, 90:20, 91:2, 91:11, 91:25, 92:2, 92:7, 92:9, 92:15, 92:17, 93:4, 93:15, 93:20, 93:25, 94:4, 94:6, 94:13

**Court** [33] - 1:24, 14:11, 15:16, 18:24, 20:8, 25:4, 25:10, 32:11, 32:13, 33:16, 37:7, 38:15, 41:2, 58:8, 64:13, 64:19, 65:17, 68:10, 76:3, 77:3, 77:16, 77:25, 78:3, 78:6, 78:13, 78:15, 78:24, 80:12, 81:10, 95:7, 95:8, 95:18, 95:19

**Court's** [3] - 8:7, 37:17, 37:18

**courtroom** [1] - 94:12

**cover** [3] - 30:25, 31:1, 52:5

**covered** [7] - 62:5, 62:22, 62:24, 63:4, 67:9, 71:7, 71:10

**covers** [5] - 20:11, 37:21, 65:6, 65:22, 89:19

**CRC** [2] - 1:24, 95:6

**create** [1] - 16:22

**crime** [17] - 7:9, 9:23, 10:11, 10:12, 46:4, 46:13, 46:15, 50:5, 59:7, 65:1, 66:2, 66:6, 68:18, 69:1, 69:7, 70:6

**crimes** [12] - 8:25, 9:4, 9:8, 10:8, 63:25, 64:20, 65:5, 65:7, 68:16, 68:17, 68:20, 68:22

**criminal** [22] - 35:6, 35:11, 35:21, 36:7,

36:19, 37:2, 38:19, 38:22, 39:8, 40:9, 40:13, 40:17, 40:25, 41:5, 41:7, 41:15, 41:16, 41:19, 43:1, 43:2, 43:13, 69:14

**Criminal** [1] - 2:8

**CRR** [3] - 1:24, 95:6, 95:18

**crux** [1] - 16:7

**CT** [2] - 2:4, 2:19

**cut** [1] - 50:23

**Cutco** [2] - 13:15, 14:17

## D

**D.C** [1] - 2:9

**dangers** [1] - 10:2

**DANIEL** [2] - 2:6, 2:13

**daniel.kahn@usdoj.gov** [1] - 2:10

**daniel.silver@cliffordchance.com** [1] - 2:16

**DAVID** [1] - 2:3

**david.novick@usdoj.gov** [1] - 2:5

**DAVIS** [1] - 30:17

**deal** [1] - 77:1

**dealing** [2] - 8:18, 85:22

**decide** [1] - 15:3

**deciding** [2] - 76:14, 78:25

**decision** [1] - 55:6

**deemed** [2] - 9:22, 11:8

**default** [1] - 73:23

**defeat** [7] - 35:14, 39:14, 40:13, 41:23, 43:1, 43:16, 44:25

**defeated** [7] - 35:12, 37:6, 38:1, 38:3, 40:4, 40:7, 41:18

**defeating** [1] - 42:9

**defendant** [45] - 4:21, 6:1, 6:4, 6:8, 6:9, 10:13, 11:7, 11:12, 11:15, 12:6, 19:10, 21:25, 22:6, 23:22, 27:16, 38:12, 39:13, 40:12, 41:22, 44:6, 45:17, 46:1, 52:13, 53:10, 53:14, 54:8, 54:13, 59:5, 60:19, 61:5, 62:1, 62:18, 63:9, 63:23, 64:7, 66:3, 66:24, 67:21, 74:4, 74:19, 83:13,

83:18, 86:22, 90:25, 91:9

**Defendant** [2] - 1:9, 2:11

**defendant's** [9] - 18:5, 37:5, 39:23, 40:6, 62:11, 63:7, 69:8, 69:9, 69:11

**defense** [21] - 7:1, 7:14, 9:1, 18:3, 21:5, 22:20, 23:4, 28:14, 45:17, 46:1, 46:23, 48:16, 56:24, 57:9, 57:12, 70:10, 77:23, 83:19, 92:23, 93:1, 93:5

**define** [2] - 81:2, 81:18

**defined** [8] - 15:23, 17:8, 60:3, 64:15, 66:25, 73:9, 73:10, 80:22

**defines** [1] - 15:16

**defining** [2] - 18:15, 77:25

**definition** [13] - 3:21, 14:23, 25:10, 25:16, 26:1, 26:14, 26:18, 27:12, 55:5, 55:14, 62:5, 66:11, 80:5

**definitions** [4] - 26:20, 26:23, 27:7, 64:14

**delete** [1] - 28:15

**deliberation** [3] - 83:7, 92:4, 93:10

**deliberations** [2] - 33:5, 92:6

**deliver** [1] - 92:17

**Department** [1] - 2:7

**deposit** [1] - 38:14

**describe** [3] - 6:18, 27:5, 50:20

**describes** [1] - 49:24

**describing** [2] - 61:20, 63:3

**description** [4] - 7:24, 50:1, 62:6, 64:17

**determine** [5] - 42:21, 61:23, 76:4, 76:6, 79:15

**determined** [1] - 10:18

**determining** [2] - 26:13, 43:6

**differ** [1] - 88:24

**difference** [4] - 35:19, 54:6, 67:12, 67:14

**different** [17] - 5:19, 15:21, 23:18, 47:20, 54:1, 54:3, 54:4, 54:15, 54:17, 59:9,

65:5, 68:11, 72:21, 78:10, 81:5

**Dinero** [3] - 77:20, 80:19, 90:9

**direction** [2] - 57:15, 72:3

**directions** [1] - 94:2

**directly** [5] - 52:13, 53:11, 54:8, 54:16, 76:8, 77:11, 81:7, 85:22

**directs** [1] - 23:15

**disagree** [8] - 4:17, 15:20, 17:23, 19:3, 28:9, 36:10, 36:25, 54:6

**disagreement** [1] - 69:16

**disavow** [1] - 35:14, 39:13, 40:13, 41:23, 43:1, 43:16, 44:25

**disavowal** [6] - 37:8, 37:11, 38:3, 38:16, 41:11, 42:22

**disavowed** [7] - 37:5, 40:4, 40:6, 41:14, 41:15, 41:17, 43:7

**disavows** [2] - 35:12, 38:1

**discuss** [5] - 7:7, 63:14, 65:12, 68:19, 84:2

**discussed** [9] - 4:13, 4:23, 24:2, 24:10, 52:17, 52:22, 61:8, 67:16

**discusses** [1] - 64:19

**discussing** [4] - 8:16, 9:13, 9:23, 65:4

**discussion** [9] - 3:3, 4:10, 8:24, 9:6, 24:14, 24:16, 29:7, 65:8, 71:13

**discussions** [1] - 29:3

**dispute** [1] - 3:14

**disputing** [1] - 5:15

**distinct** [1] - 10:10

**distinction** [5] - 37:1, 37:15, 37:25, 38:17, 41:6

**District** [5] - 33:25, 57:23, 95:8, 95:19

**district** [1] - 34:11

**DISTRICT** [2] - 1:1, 1:1

**Division** [1] - 2:8

**document** [1] - 31:17

**documents** [5] - 26:11, 26:12, 26:25, 27:5, 84:10

**domestic** [12] - 12:25,

13:9, 19:10, 22:10, 23:12, 50:23, 50:24, 51:2, 51:6, 90:25, 91:4, 91:10

**domestically** [1] - 77:15

**Donahue** [1] - 94:9

**Donahue-ish** [1] - 94:9

**done** [8] - 6:25, 22:2, 22:6, 46:19, 68:21, 89:9, 90:13

**Donna** [1] - 93:15

**door** [1] - 88:18

**doubt** [6] - 5:8, 6:4, 6:25, 28:7, 46:3, 83:11

**down** [2] - 18:21, 59:15

**draft** [3] - 3:3, 91:3, 91:13

**drafted** [1] - 63:16

**draw** [4] - 86:4, 86:11, 88:9, 88:25

**drawing** [1] - 80:13

**drawn** [1] - 88:6

**drop** [1] - 31:8

**during** [3] - 8:5, 13:23, 88:13

## E

**E-mail** [3] - 2:5, 2:15, 2:20

**e-mail** [3] - 31:9, 31:10, 91:14

**e-mails** [1] - 29:17

**easy** [1] - 3:8

**Eddie** [1] - 57:9

**edit** [1] - 29:21

**editing** [2] - 3:15, 89:10

**effect** [3] - 42:8, 44:17, 46:4

**effectuated** [1] - 45:5

**effort** [1] - 14:15

**efforts** [5] - 15:4, 21:18, 22:2, 22:5, 23:6

**either** [13] - 4:3, 11:17, 12:10, 12:12, 29:11, 33:23, 44:10, 45:23, 45:22, 75:15, 83:3, 86:12, 89:8

**element** [30] - 7:8, 12:21, 14:23, 27:25, 28:8, 45:20, 46:3, 46:10, 46:13, 49:25, 51:3, 52:19, 56:21, 63:15, 63:17, 64:4,

64:12, 66:21, 67:20, 72:25, 73:1, 73:6, 73:22, 74:2, 75:9, 78:10, 91:6, 91:8
**Element** [25] - 12:23, 13:4, 28:23, 32:4, 33:22, 49:18, 49:21, 50:21, 51:2, 51:12, 51:13, 51:15, 54:21, 54:25, 59:5, 61:16, 63:22, 63:23, 73:5, 73:13, 74:13, 74:17, 74:18, 75:5, 91:4
**elements** [37] - 6:24, 15:21, 17:6, 17:25, 28:2, 28:4, 28:6, 28:21, 45:19, 45:24, 47:20, 49:14, 49:20, 49:22, 49:23, 50:2, 50:4, 50:7, 50:20, 51:8, 59:23, 60:4, 60:9, 60:11, 61:3, 62:7, 63:5, 65:7, 65:13, 68:20, 68:22, 72:12, 72:25, 74:8, 74:13, 75:10, 81:3
**Elements** [2] - 72:14, 72:23
**elevate** [1] - 70:1
**elsewhere** [4] - 54:11, 62:5, 62:25, 65:7
**Email** [1] - 2:10
**Emir** [1] - 57:10
**emphasis** [1] - 28:13
**emphasizing** [2] - 14:10, 28:8
**employment** [5] - 35:20, 35:25, 36:15, 37:20, 43:14
**end** [17] - 7:25, 8:8, 8:14, 9:4, 13:7, 25:4, 53:18, 54:25, 55:6, 57:21, 60:1, 61:19, 61:22, 62:19, 73:1, 73:4, 74:2
**ends** [1] - 62:14
**engaged** [3] - 14:15, 20:25, 22:14
**enterprise** [19] - 35:6, 35:12, 35:21, 36:7, 36:20, 38:10, 38:22, 39:8, 40:10, 40:14, 40:17, 40:25, 41:5, 41:8, 41:16, 41:19, 43:1, 43:13
**enterprises** [3] - 37:2, 37:22, 38:19
**entire** [2] - 34:1, 66:16
**entirely** [1] - 6:11
**entirety** [1] - 68:6

**entitle** [1] - 56:23
**equal** [10] - 85:4, 85:9, 85:21, 86:1, 86:18, 87:1, 87:3, 87:7, 89:11, 89:16
**equally** [4] - 67:6, 67:24, 86:13, 86:16
**equivalent** [1] - 42:17
**err** [1] - 91:19
**ESQ** [6] - 2:6, 2:7, 2:12, 2:13, 2:13, 2:17
**essence** [2] - 28:14, 86:7
**essential** [2] - 11:24, 12:4
**essentially** [8] - 4:22, 8:24, 41:3, 47:19, 74:22, 80:5, 86:10, 86:12
**establish** [1] - 53:5
**established** [1] - 7:13
**establishes** [1] - 13:17
**et** [6] - 3:6, 6:9, 27:24, 50:12, 75:12, 76:16
**evaluate** [1] - 58:17
**event** [1] - 57:16
**events** [12] - 18:23, 19:18, 20:15, 21:3, 21:6, 21:20, 22:11, 23:13, 24:21, 24:22, 44:7, 44:17
**evidence** [31] - 4:24, 5:11, 8:13, 8:14, 8:17, 13:22, 14:1, 14:4, 14:11, 14:13, 16:15, 18:6, 24:4, 24:8, 24:12, 24:13, 24:15, 24:18, 25:22, 26:8, 26:12, 27:1, 30:8, 35:10, 42:12, 44:19, 57:3, 57:4, 83:15, 86:20
**evidentiary** [1] - 8:23
**evil** [1] - 10:10
**exact** [4] - 8:16, 44:23, 90:11, 90:15
**exactly** [12] - 8:18, 12:15, 19:17, 25:12, 25:22, 29:23, 38:5, 48:11, 66:25, 79:10, 79:20
**examined** [1] - 75:7
**example** [5] - 24:3, 38:12, 44:9, 45:9, 45:11
**examples** [3] - 32:16, 44:18, 45:4
**except** [1] - 6:17

**exception** [1] - 6:6
**excuse** [5] - 28:19, 62:8, 69:10, 75:20, 93:7
**executed** [2] - 79:6, 81:7
**exhibit** [1] - 27:9
**exhibits** [1] - 93:16
**exist** [2] - 16:10, 70:2
**existence** [5] - 11:17, 61:2, 62:6, 63:3, 63:8
**expanded** [2] - 8:6, 9:1
**expands** [1] - 18:4
**expectations** [1] - 91:23
**explain** [6] - 6:19, 10:1, 10:17, 60:4, 79:17
**explained** [1] - 68:22
**explaining** [1] - 78:3
**explanation** [1] - 67:23
**explanations** [3] - 66:9, 67:4
**explicitly** [1] - 12:10
**expresses** [1] - 86:10
**extent** [2] - 21:10, 23:4
**extra** [1] - 58:18

## F

**fabrication** [1] - 41:4
**face** [2] - 30:22, 30:24
**fact** [17] - 8:19, 10:10, 11:23, 12:5, 13:25, 14:17, 17:1, 36:23, 41:1, 45:17, 46:1, 56:10, 57:9, 68:16, 85:6, 88:12, 88:16
**factor** [4] - 11:16, 12:3, 12:4, 12:12
**facts** [7] - 15:1, 16:9, 19:4, 19:18, 21:2, 24:6, 43:25
**factual** [3] - 21:11, 42:20, 85:3
**factually** [2] - 21:17, 85:23
**fair** [1] - 88:10
**familiarity** [1] - 10:24
**far** [1] - 20:10
**fares** [1] - 49:11
**fast** [1] - 41:6
**FCPA** [7] - 9:11, 18:5, 19:2, 19:24, 49:15, 49:22, 57:22
**federal** [1] - 75:12

**few** [1] - 74:12
**field** [1] - 89:19
**filed** [1] - 3:25
**final** [6] - 12:19, 25:2, 75:5, 76:12, 76:13, 91:13
**finally** [2] - 33:23, 34:16
**financial** [8] - 11:13, 11:18, 12:2, 12:11, 12:14, 76:5, 76:23, 76:24
**findings** [1] - 21:11
**fine** [20] - 4:4, 21:21, 26:2, 30:2, 30:10, 36:3, 37:17, 39:22, 45:12, 46:5, 46:6, 46:15, 50:17, 52:6, 72:10, 76:11, 84:17, 86:8, 89:10
**finish** [2] - 39:24, 42:2
**first** [31] - 3:14, 3:17, 4:6, 4:14, 7:13, 7:20, 11:21, 12:21, 12:24, 35:5, 36:13, 37:12, 39:17, 40:1, 44:15, 47:9, 49:23, 51:3, 54:3, 54:7, 61:15, 61:16, 72:15, 72:25, 73:1, 73:5, 73:6, 75:4, 76:3, 85:24, 91:5
**five** [4] - 49:23, 50:8, 59:24, 60:9
**Five** [2] - 54:22, 54:25
**fix** [1] - 70:5
**flag** [1] - 84:2
**flip** [1] - 90:10
**floats** [1] - 25:21
**Floor** [1] - 2:4
**flowed** [1] - 72:3
**focused** [1] - 22:17
**focuses** [1] - 23:14
**folks** [1] - 86:23
**following** [5] - 36:23, 44:8, 50:7, 51:18, 53:13
**foregoing** [1] - 95:9
**foreign** [4] - 55:3, 55:10, 55:18, 57:5
**foreseeability** [2] - 52:17, 52:20
**foreseeable** [1] - 53:25
**foreseeing** [1] - 59:11
**foreseen** [3] - 53:20, 59:6, 59:9
**form** [3] - 3:9, 3:10, 14:10
**formal** [1] - 15:6

**formed** [2] - 33:24, 34:4
**forms** [1] - 34:6
**formulated** [1] - 5:5
**formulation** [3] - 37:17, 78:11, 81:11
**forth** [5] - 13:21, 25:21, 49:5, 69:16, 78:16
**forward** [1] - 35:10
**Four** [3] - 28:23, 32:4, 33:23
**four** [1] - 50:14
**framed** [1] - 16:2
**frankly** [2] - 63:16, 65:6
**Fraud** [1] - 2:8
**fraudulent** [1] - 38:10
**fraught** [1] - 79:22
**friends** [1] - 86:22
**full** [4] - 32:17, 64:16, 68:3, 88:16
**funds** [8] - 69:12, 71:24, 72:1, 73:14, 79:2, 79:7, 80:3, 80:9
**furtherance** [1] - 45:22
**furthering** [1] - 65:21
**furthermore** [1] - 37:3
**fuzzier** [1] - 80:7

## G

**game** [1] - 88:10
**general** [6] - 6:5, 16:21, 21:4, 22:22, 23:3
**gilded** [1] - 85:19
**given** [10] - 9:25, 25:5, 26:1, 26:15, 27:12, 29:15, 85:5, 85:21, 85:24, 89:13
**glad** [1] - 24:20
**goal** [1] - 61:24
**Government** [1] - 2:2
**government** [52] - 6:3, 6:23, 7:12, 8:15, 8:20, 13:14, 19:1, 19:5, 19:9, 19:25, 20:19, 21:21, 23:7, 28:2, 28:16, 28:17, 34:2, 34:10, 35:1, 38:18, 44:21, 45:18, 46:2, 49:7, 54:5, 55:3, 55:11, 55:18, 61:23, 62:21, 64:6, 73:6, 74:3, 74:18, 76:14, 76:19, 76:23, 77:10, 79:1, 83:8,

83:9, 85:7, 85:10, 85:14, 86:21, 87:14, 88:7, 88:20, 90:24, 91:8, 91:21, 93:8
**government's** [8] - 4:8, 4:15, 5:9, 13:6, 16:18, 35:4, 92:22, 93:5
**grave** [1] - 10:18
**great** [1] - 94:13
**greater** [1] - 10:18
**guess** [8] - 18:20, 44:3, 48:10, 61:15, 71:1, 73:16, 79:23, 92:9
**guidelines** [1] - 83:7
**guilt** [4] - 6:3, 49:4, 56:22, 58:18
**Guilt** [2] - 58:11, 59:16
**guilty** [4] - 19:23, 60:21, 61:5, 83:10
**guy** [1] - 42:7

## H

**half** [1] - 91:22
**hand** [2] - 50:15, 56:25
**handed** [1] - 89:25
**handheld** [1] - 94:7
**happy** [6] - 3:15, 29:10, 32:13, 40:19, 40:20, 78:16
**hard** [2] - 12:1, 41:6
**hard-and-fast** [1] - 41:6
**harm** [1] - 53:22
**Harris** [12] - 76:20, 76:21, 77:6, 77:10, 78:6, 78:14, 78:15, 80:15, 80:20, 81:8, 81:9, 90:9
**hate** [1] - 87:24
**Haven** [3] - 1:8, 2:4, 95:20
**heading** [1] - 88:1
**hear** [8] - 5:8, 5:10, 27:16, 32:18, 56:4, 56:14, 56:16, 56:18
**heard** [4] - 25:17, 26:8, 67:11, 94:1
**hears** [1] - 4:14
**heightened** [1] - 69:22
**held** [3] - 77:16, 80:14
**helpful** [2] - 44:18, 44:24
**helps** [1] - 63:6
**hereby** [1] - 95:9
**higher** [1] - 69:18
**hold** [2] - 61:9, 86:11

**holding** [1] - 77:21
**holdings** [1] - 40:23
**Honor** [164] - 3:11, 3:12, 3:17, 3:23, 5:6, 5:13, 5:24, 6:23, 7:21, 8:5, 9:3, 9:11, 9:19, 10:5, 10:16, 11:20, 12:24, 13:20, 14:9, 14:19, 15:11, 15:14, 15:21, 16:1, 17:5, 18:8, 18:11, 18:19, 19:4, 19:8, 20:4, 20:5, 21:22, 21:24, 22:20, 23:1, 23:17, 24:18, 25:3, 26:2, 26:24, 27:21, 28:9, 28:18, 28:24, 29:3, 29:8, 29:12, 29:16, 29:22, 30:1, 30:3, 30:16, 30:25, 31:14, 32:6, 32:20, 32:21, 32:25, 33:13, 34:17, 34:25, 35:4, 35:16, 35:17, 35:22, 35:23, 36:4, 36:6, 36:11, 36:12, 37:1, 37:3, 38:20, 39:16, 39:22, 39:25, 40:8, 40:19, 40:21, 41:21, 43:9, 43:21, 43:24, 44:10, 44:12, 44:21, 44:23, 45:3, 45:15, 47:13, 48:7, 48:19, 48:20, 48:23, 49:8, 49:24, 50:10, 50:15, 51:1, 51:4, 52:1, 52:6, 54:5, 57:11, 57:18, 58:11, 58:24, 58:25, 59:19, 60:1, 60:15, 60:23, 61:12, 61:18, 61:20, 62:9, 63:1, 63:13, 64:3, 64:10, 65:6, 65:15, 67:10, 67:15, 67:20, 68:24, 70:13, 70:21, 71:3, 72:10, 74:10, 74:24, 75:16, 75:23, 77:9, 78:5, 79:12, 79:20, 79:23, 80:12, 80:21, 82:5, 82:17, 82:21, 83:20, 83:22, 83:25, 85:24, 86:8, 86:19, 87:20, 88:8, 89:6, 89:18, 90:7, 90:17, 90:22, 91:19, 92:24, 93:13, 93:14, 93:22
**Honor's** [3] - 45:6, 63:19, 87:12
**HONORABLE** [1] -

1:18
**hooked** [1] - 94:12
**hope** [2] - 27:15, 91:21
**hopefully** [2] - 20:8, 92:10
**Hoskins** [21] - 13:23, 14:4, 14:20, 16:23, 20:12, 20:24, 22:13, 25:24, 26:13, 27:23, 42:12, 50:22, 51:5, 58:19, 60:21, 68:14, 70:24, 71:16, 83:10, 83:11
**HOSKINS** [2] - 1:8, 95:3
**hospital** [1] - 56:13
**hour** [2] - 91:22, 92:10
**hours** [6] - 91:20, 91:23, 91:25, 92:11, 92:19, 93:6

## I

**idea** [2] - 47:15, 58:10
**II** [1] - 9:4
**illegal** [1] - 69:22
**immediately** [1] - 9:16
**implemented** [2] - 76:16, 80:1
**implies** [2] - 17:18, 41:10
**important** [8] - 6:10, 22:4, 27:17, 28:5, 45:16, 45:25, 65:24, 89:9
**imposes** [1] - 6:9
**impressions** [1] - 45:4
**improper** [1] - 88:2
**improves** [1] - 24:23
**inability** [3] - 87:4, 89:12, 89:16
**inaccurate** [1] - 7:2
**Inc** [7] - 13:8, 13:25, 14:2, 14:14, 26:14, 27:24, 79:3
**inclined** [5] - 10:23, 58:8, 77:3, 78:13, 81:10
**include** [11] - 16:3, 25:5, 45:24, 48:2, 49:8, 58:9, 61:21, 77:3, 78:1, 78:13, 89:23
**included** [4] - 4:12, 9:20, 77:7, 77:18, 78:17, 82:11
**includes** [6] - 16:3, 17:14, 17:17, 18:4, 34:1, 44:24, 66:25

**inconsistent** [2] - 19:15, 19:20
**inconvenience** [1] - 84:15
**incorporate** [1] - 68:6
**incorporated** [2] - 66:22, 73:25
**incorporation** [1] - 61:10
**incredibly** [1] - 87:21
**independent** [1] - 79:8
**indictment** [19] - 7:25, 20:9, 20:11, 20:17, 29:6, 29:7, 29:11, 30:6, 30:9, 30:15, 30:20, 30:24, 31:2, 31:20, 31:22, 32:9, 33:4, 33:5
**individual** [1] - 10:20
**individually** [1] - 9:14
**Indonesia** [4] - 14:3, 55:19, 79:5, 79:8, 86:24
**inference** [3] - 86:4, 88:6, 88:25
**inferences** [1] - 88:9
**influence** [1] - 16:11
**initial** [2] - 7:5, 93:5
**inject** [1] - 42:18
**innocence** [2] - 4:8, 83:12
**innocent** [1] - 6:1
**insert** [1] - 9:13
**inserted** [2] - 7:23, 37:4
**inside** [2] - 74:5, 74:20
**instead** [6] - 18:22, 36:1, 55:5, 65:3, 79:6, 89:22
**instruct** [4] - 52:2, 52:8, 70:14, 89:15
**instructed** [5] - 8:20, 11:11, 47:22, 57:7, 57:8
**instructing** [2] - 8:21, 66:23
**instruction** [28] - 7:21, 13:15, 14:17, 22:22, 25:20, 32:7, 35:15, 36:9, 36:17, 44:23, 49:9, 49:11, 56:23, 57:1, 57:22, 58:13, 66:16, 73:25, 77:17, 80:24, 81:21, 81:22, 81:24, 82:2, 82:19, 83:24, 85:1, 85:2
**instructs** [2] - 62:9, 65:17
**instrument** [1] - 73:14
**instrumentality** [5] -

49:19, 55:2, 55:9, 55:10, 55:17
**instruments** [2] - 71:24, 72:2
**integral** [1] - 80:3
**intend** [6] - 3:25, 4:2, 57:11, 66:1, 69:3, 69:4
**intended** [5] - 16:8, 62:1, 62:18, 66:3, 68:6
**intent** [26] - 45:6, 62:3, 62:4, 62:23, 63:2, 63:8, 63:17, 63:24, 64:7, 64:19, 65:1, 65:10, 65:18, 66:1, 66:5, 66:6, 66:14, 66:19, 66:21, 68:15, 68:18, 69:1, 69:7, 69:9, 69:21, 70:1
**intention** [3] - 65:21, 88:6, 92:5
**interest** [8] - 11:13, 11:14, 11:15, 11:18, 12:3, 12:6, 12:11, 12:14
**international** [5] - 76:24, 76:25, 79:5, 81:2, 90:14
**International** [4] - 14:14, 14:20, 15:4, 79:4
**interrupt** [2] - 42:5, 87:24
**interstate** [2] - 49:19, 51:17
**investigators** [1] - 85:12
**invitation** [1] - 85:19
**invite** [1] - 92:6
**involved** [6] - 20:12, 52:14, 53:11, 54:9, 54:17, 57:24
**involvement** [1] - 42:9
**involves** [1] - 77:11
**ish** [1] - 94:9
**issue** [26] - 3:25, 6:2, 6:21, 8:18, 8:20, 8:21, 12:25, 25:3, 32:21, 39:1, 41:1, 48:10, 52:5, 53:16, 65:18, 68:25, 71:3, 71:6, 71:8, 73:19, 78:9, 79:10, 83:5, 83:13, 84:3, 90:15
**issues** [4] - 7:7, 8:17, 8:23, 66:8
**IT** [1] - 94:10
**itself** [11] - 4:13, 10:12, 35:3, 35:7,

36:15, 37:20, 40:2, 43:14, 58:13, 68:17, 69:19

## J

**Jakarta** [2] - 24:13, 56:11
**JANET** [1] - 1:18
**JBA** [2] - 1:4, 95:4
**job** [1] - 63:6
**join** [5] - 62:2, 63:23, 64:18, 65:10, 69:20
**joined** [1] - 68:14
**joining** [1] - 67:17
**Joint** [1] - 13:16
**joint** [8] - 13:17, 13:18, 13:23, 14:1, 14:2, 14:4, 15:4, 15:6
**Judge** [1] - 94:11
**judgment** [3] - 44:10, 86:7, 89:3
**juries** [1] - 57:7
**jurisdictional** [4] - 73:21, 75:9, 75:10, 75:12
**jurors** [1] - 21:10
**jury** [47] - 4:14, 5:8, 7:16, 10:9, 10:17, 11:18, 14:7, 14:19, 15:3, 16:10, 19:5, 19:19, 23:20, 25:8, 28:4, 29:25, 32:12, 33:9, 38:2, 39:9, 41:10, 42:21, 43:5, 44:18, 44:25, 57:6, 57:16, 60:18, 64:13, 64:16, 65:18, 66:10, 66:17, 66:23, 68:13, 70:14, 77:6, 79:15, 87:18, 88:9, 88:15, 88:22, 89:7, 91:16, 93:7, 93:24, 94:1
**jury's** [2] - 10:24, 63:6
**Justice** [1] - 2:7
**juxtapose** [1] - 7:11

## K

**Kahn** [1] - 40:23
**KAHN** [35] - 2:6, 20:5, 21:21, 22:20, 24:17, 24:24, 32:21, 32:24, 36:12, 38:20, 40:9, 41:20, 42:2, 42:6, 42:11, 43:3, 43:18, 43:21, 44:21, 46:6, 48:20, 49:7, 54:5, 56:3, 56:8, 58:2,

60:8, 60:12, 77:9, 79:11, 79:20, 80:11, 80:19, 90:7, 91:19
**Kahn's** [2] - 20:22, 40:22
**keep** [3] - 22:16, 54:18, 87:23
**key** [1] - 39:1
**keyed** [1] - 30:9
**kind** [10] - 4:9, 21:8, 27:6, 41:6, 45:19, 64:23, 66:7, 78:13, 80:4, 92:24
**knowing** [2] - 73:18, 73:23
**knowingly** [11] - 64:14, 65:16, 66:11, 66:20, 66:24, 67:5, 67:16, 67:18, 67:21, 67:22, 67:24
**knowledge** [3] - 65:1, 65:20, 69:8
**known** [1] - 10:9
**KPK** [1] - 85:11

## L

**lack** [4] - 11:17, 87:4, 89:11, 89:12
**lands** [1] - 75:12
**language** [15] - 13:21, 14:5, 25:6, 37:4, 57:19, 58:5, 58:6, 58:8, 62:12, 73:21, 78:13, 78:18, 81:6, 81:8, 82:10
**large** [1] - 84:10
**Larry** [1] - 89:23
**LARYEA** [3] - 2:7, 3:20, 5:23
**last** [23] - 6:16, 11:3, 27:20, 31:14, 33:22, 34:16, 34:20, 45:14, 46:7, 46:21, 48:6, 48:7, 51:9, 51:15, 54:24, 57:22, 59:22, 60:25, 74:17, 77:25, 83:8, 85:16, 94:11
**laundering** [7] - 9:12, 68:15, 70:25, 71:14, 72:12, 72:14, 72:24
**Lavalier** [1] - 94:4
**law** [17] - 5:14, 5:25, 6:8, 14:24, 20:1, 35:5, 36:6, 36:24, 37:2, 37:25, 38:7, 38:24, 40:18, 52:3, 69:1, 79:12, 80:25
**lawful** [2] - 23:21, 23:24

**LAWRENCE** [2] - 1:8, 95:3
**leads** [1] - 91:23
**least** [5] - 6:15, 9:5, 76:7, 77:5, 94:11
**leave** [4] - 44:3, 48:1, 59:4, 67:25, 68:7, 86:2
**leaves** [2] - 45:4, 49:23
**leaving** [5] - 42:15, 42:16, 42:17, 42:21, 79:14
**left** [2] - 15:9, 75:13
**legal** [3] - 15:7, 16:20, 69:16
**legitimate** [3] - 38:9, 38:13, 39:7
**length** [1] - 91:17
**liability** [7] - 48:12, 48:17, 49:3, 60:11, 60:22, 61:8, 82:12
**liable** [1] - 48:13
**light** [2] - 39:3, 51:17
**line** [3] - 3:19, 31:16, 59:15
**lines** [1] - 77:4
**list** [6] - 33:12, 45:19, 45:20, 49:25, 50:21, 85:16
**listed** [3] - 17:19, 32:8, 32:9
**listen** [1] - 32:12
**listing** [2] - 49:14, 49:20
**lists** [2] - 49:23, 50:8
**literally** [2] - 15:25, 17:8
**LLC** [1] - 2:18
**LLP** [1] - 2:14
**located** [1] - 85:7
**location** [1] - 80:16
**look** [7] - 21:6, 48:5, 60:13, 70:5, 78:6, 81:13, 90:18
**looking** [5] - 54:10, 55:8, 59:14, 81:18, 90:15
**looks** [4] - 45:1, 46:21, 50:17, 72:12
**loop** [1] - 89:7
**LORINDA** [1] - 2:7
**lorinda.laryea@
    usdoj.gov** [1] - 2:10
**loses** [1] - 23:9
**loud** [2] - 56:16, 56:18
**low** [1] - 56:5
**lunch** [3] - 92:12, 92:18, 92:19

## M

**mail** [6] - 2:5, 2:15, 2:20, 31:9, 31:10, 91:14
**mails** [2] - 29:17, 49:18
**main** [1] - 92:22
**majority** [1] - 85:5
**Manning** [1] - 2:18
**marshaling** [1] - 44:19
**Martini** [1] - 2:18
**Marubeni** [1] - 14:3
**match** [1] - 40:16
**matter** [5] - 14:16, 38:24, 52:3, 85:3, 95:11
**mean** [18] - 5:14, 12:14, 21:16, 24:6, 25:20, 28:10, 28:17, 36:11, 38:7, 38:11, 47:19, 54:13, 59:1, 66:1, 66:25, 67:18, 79:14, 81:25
**meaning** [6] - 21:14, 31:19, 54:3, 60:5, 78:2, 80:7
**means** [7] - 10:25, 16:3, 21:20, 64:17, 65:9, 85:8
**meant** [2] - 67:5, 67:24
**measure** [1] - 91:22
**meet** [1] - 55:13
**meeting** [3] - 24:2, 24:9, 24:13
**MELISSA** [1] - 95:18
**Melissa** [2] - 1:24, 95:6
**member** [8] - 12:15, 13:24, 14:4, 63:9, 64:18, 65:9, 67:6, 67:23
**membership** [10] - 62:8, 63:2, 63:15, 63:18, 63:19, 64:6, 64:12, 66:17, 68:2, 70:17
**Membership** [1] - 11:5
**mens** [9] - 63:20, 64:21, 65:4, 68:11, 68:20, 69:11, 69:19, 69:22, 73:23
**mention** [1] - 7:5
**mentioned** [2] - 51:18, 52:4
**mere** [1] - 39:4
**merely** [2] - 67:17, 73:21
**met** [2] - 85:14, 87:15

**method** [2] - 58:17, 61:6
**might** [8] - 12:5, 21:16, 47:3, 59:7, 59:10, 59:12, 65:3, 92:18
**mike** [2] - 94:4, 94:7
**mimic** [1] - 77:5
**mind** [2] - 68:3, 84:20
**minutes** [1] - 92:19
**misleading** [1] - 14:6
**missing** [1] - 50:11
**misstates** [1] - 40:23
**mix** [1] - 40:16
**modeled** [1] - 8:4
**modified** [1] - 48:15
**modify** [1] - 45:25
**Moeis** [1] - 57:10
**moment** [2] - 20:3, 88:8
**monetary** [3] - 71:24, 72:2, 73:14
**money** [10] - 9:12, 68:14, 70:24, 71:14, 72:12, 72:14, 72:23, 74:4, 74:19, 80:15
**morning** [1] - 3:1
**morphed** [1] - 22:24
**MORVILLO** [11] - 2:12, 88:3, 88:21, 89:4, 92:1, 92:5, 92:8, 92:13, 92:16, 92:21, 93:2
**most** [2] - 3:4, 44:20
**motion** [3] - 44:7, 44:16, 56:25
**move** [7] - 7:17, 9:2, 18:17, 24:25, 28:23, 71:11, 85:6
**moved** [1] - 5:21
**movement** [1] - 79:7
**moving** [1] - 93:23
**MR** [371] - 3:11, 3:12, 3:17, 3:21, 3:22, 4:5, 4:17, 4:20, 4:25, 5:1, 5:6, 5:13, 5:17, 5:18, 5:24, 6:14, 6:22, 7:8, 7:19, 8:10, 8:12, 8:15, 9:3, 9:10, 9:18, 10:4, 10:16, 11:3, 11:20, 12:8, 12:13, 12:20, 12:23, 13:1, 13:3, 13:5, 13:6, 13:10, 13:12, 13:20, 14:9, 14:18, 15:11, 15:13, 15:20, 16:1, 16:13, 16:17, 17:5, 17:12, 17:14, 17:17, 17:23, 18:7, 18:11, 18:18, 19:3, 19:7,

19:15, 19:20, 20:3, 20:5, 20:20, 20:21, 20:22, 21:2, 21:8, 21:21, 21:23, 22:13, 22:18, 22:20, 23:17, 23:18, 24:1, 24:5, 24:11, 24:17, 24:24, 25:2, 25:14, 25:15, 26:2, 26:5, 26:6, 26:17, 26:19, 26:24, 27:4, 27:9, 27:10, 27:20, 28:9, 28:16, 28:18, 28:24, 29:2, 29:21, 30:1, 30:10, 30:12, 30:16, 30:18, 30:19, 30:25, 31:4, 31:8, 31:13, 31:21, 32:3, 32:6, 32:19, 32:21, 32:24, 33:3, 33:6, 33:12, 33:14, 33:15, 33:22, 34:9, 34:12, 34:17, 34:21, 34:22, 34:25, 35:16, 35:17, 35:22, 36:1, 36:3, 36:5, 36:10, 36:12, 36:25, 37:16, 37:23, 38:5, 38:20, 39:16, 39:22, 39:25, 40:9, 40:21, 41:15, 41:20, 41:25, 42:2, 42:3, 42:6, 42:11, 42:20, 42:24, 43:3, 43:4, 43:8, 43:18, 43:21, 43:24, 44:3, 44:14, 44:21, 45:2, 45:8, 45:12, 45:14, 46:5, 46:6, 46:7, 46:9, 46:12, 46:13, 46:15, 46:18, 46:19, 47:5, 47:8, 47:13, 47:25, 48:6, 48:18, 48:20, 48:23, 49:1, 49:7, 49:12, 49:13, 49:17, 49:18, 49:20, 50:4, 50:6, 50:10, 50:17, 50:21, 51:1, 51:11, 51:14, 51:15, 51:22, 52:1, 52:6, 52:7, 52:11, 52:25, 53:4, 53:8, 53:18, 53:24, 54:5, 54:12, 54:21, 54:23, 54:24, 55:4, 55:8, 55:9, 55:15, 55:18, 55:21, 55:24, 56:3, 56:6, 56:8, 56:10, 56:18, 56:21, 57:11, 57:18, 57:21, 58:1, 58:2, 58:6, 58:11, 58:23, 58:25, 59:4, 59:14, 59:18, 59:21, 60:8,

60:10, 60:12, 60:15, 60:23, 61:12, 61:14, 62:4, 62:13, 62:17, 62:22, 63:1, 63:13, 64:2, 64:4, 64:10, 65:15, 66:7, 66:13, 66:15, 66:19, 67:2, 67:9, 67:14, 67:19, 68:8, 68:23, 69:15, 69:24, 70:6, 70:8, 70:12, 70:14, 70:16, 70:21, 71:3, 71:12, 71:20, 71:22, 72:4, 72:8, 72:10, 72:17, 72:19, 72:21, 72:23, 73:8, 73:12, 73:13, 74:1, 74:10, 74:11, 74:16, 74:22, 74:24, 75:4, 75:16, 75:17, 75:19, 75:23, 75:25, 77:9, 78:5, 78:21, 79:11, 79:20, 79:23, 80:11, 80:18, 80:19, 81:1, 81:17, 81:23, 82:1, 82:5, 82:6, 82:8, 82:9, 82:13, 82:17, 82:21, 83:1, 83:3, 83:6, 83:20, 83:22, 84:5, 84:7, 84:12, 84:16, 84:22, 84:24, 85:10, 85:23, 86:8, 86:9, 86:19, 87:3, 87:5, 87:12, 87:20, 88:3, 88:21, 89:4, 89:6, 89:18, 89:21, 89:24, 90:3, 90:7, 90:22, 91:3, 91:7, 91:19, 92:1, 92:5, 92:8, 92:13, 92:16, 92:21, 92:25, 93:2, 93:3, 93:13, 93:14, 93:17, 93:22, 94:3, 94:5, 94:8, 94:10

**MS** [3] - 3:20, 5:23, 30:17
**multiple** [2] - 76:16, 80:1
**multistep** [5] - 77:16, 78:4, 80:15, 80:21, 80:23
**multitransaction** [1] - 79:16
**must** [24] - 7:12, 11:8, 17:1, 19:9, 19:12, 19:24, 33:23, 37:8, 37:10, 39:13, 39:20, 40:3, 40:12, 41:21, 43:15, 47:6, 54:13, 62:2, 63:23, 65:10,

73:6, 76:5, 77:23, 91:8

# N

**N.W** [1] - 2:8
**name** [1] - 55:23
**names** [2] - 86:3, 88:13
**narrowing** [1] - 23:8
**narrows** [1] - 23:14
**nature** [2] - 20:13, 69:16
**necessarily** [5] - 28:19, 36:15, 37:20, 40:3, 85:3
**necessary** [15] - 8:22, 11:24, 26:7, 28:3, 28:20, 32:13, 52:12, 53:7, 53:9, 53:10, 53:12, 53:23, 58:7, 75:15, 79:19
**need** [23] - 24:20, 30:24, 31:3, 31:6, 31:11, 34:7, 54:8, 61:9, 61:22, 62:16, 66:2, 66:5, 72:6, 74:3, 74:19, 81:14, 82:24, 84:1, 91:14, 92:20, 93:4, 93:6
**needed** [1] - 66:6
**needing** [1] - 90:24
**needs** [4] - 53:14, 66:17, 73:15, 78:22
**Nerlinger** [3] - 38:11, 38:25, 40:24
**Network** [3] - 14:14, 14:21, 15:4
**never** [3] - 6:7, 6:8, 7:3
**New** [6] - 1:8, 2:4, 2:8, 2:14, 57:23, 95:20
**new** [3] - 30:22, 30:24, 57:17
**next** [39] - 7:18, 11:2, 11:10, 13:12, 15:12, 25:1, 25:3, 25:4, 27:19, 27:25, 28:1, 29:1, 44:2, 46:22, 49:13, 52:4, 52:18, 52:23, 54:9, 54:12, 54:20, 56:6, 56:20, 58:11, 59:22, 61:14, 62:20, 63:14, 64:11, 68:10, 70:7, 71:22, 73:12, 75:18, 76:11, 81:16, 83:4, 83:6, 84:5
**NH** [1] - 2:3
**nine** [1] - 85:21

**non** [1] - 18:5
**non-FCPA** [1] - 18:5
**noncriminal** [1] - 37:21
**nonspecific** [1] - 66:1
**notation** [1] - 58:14
**notebook** [1] - 33:20
**notebooks** [1] - 31:3
**noted** [1] - 4:6
**notes** [1] - 95:11
**nothing** [10] - 12:20, 34:21, 46:18, 54:21, 59:21, 70:8, 78:22, 84:22, 89:24, 90:21
**notwithstanding** [1] - 87:10
**November** [1] - 1:5
**Novick** [5] - 12:21, 15:2, 20:7, 40:11, 41:12
**NOVICK** [169] - 2:3, 3:11, 3:17, 3:21, 4:17, 4:25, 5:13, 5:18, 5:24, 6:14, 7:8, 8:10, 8:15, 10:4, 11:20, 12:13, 12:23, 13:3, 13:6, 13:12, 14:9, 15:11, 15:20, 17:5, 17:14, 17:23, 18:7, 18:11, 19:3, 19:15, 20:3, 20:21, 21:2, 23:17, 25:14, 26:6, 26:17, 26:19, 26:24, 27:4, 27:9, 27:20, 28:16, 28:18, 28:24, 29:2, 29:21, 30:12, 30:16, 30:18, 30:25, 31:4, 31:8, 31:13, 31:21, 32:3, 32:6, 32:19, 33:6, 33:12, 33:15, 33:22, 34:12, 34:21, 34:25, 35:17, 35:22, 36:5, 39:16, 39:25, 41:15, 42:24, 43:8, 43:24, 45:8, 45:12, 46:5, 46:7, 46:13, 46:18, 47:5, 47:13, 47:25, 48:18, 48:23, 49:13, 49:20, 50:4, 50:10, 51:1, 51:14, 52:6, 52:25, 54:21, 54:24, 55:8, 55:15, 55:18, 55:21, 56:6, 56:10, 56:18, 56:21, 57:18, 57:21, 58:1, 58:11, 58:23, 59:14, 59:18, 60:23, 61:12, 62:4, 62:22, 63:1, 64:4, 65:15, 66:13, 66:19,

67:9, 67:19, 68:23, 69:24, 70:6, 70:8, 70:14, 71:3, 71:20, 72:10, 72:23, 73:12, 74:1, 74:10, 74:16, 74:24, 75:19, 75:23, 81:17, 82:1, 82:5, 82:8, 82:13, 82:17, 82:21, 83:1, 83:6, 83:20, 84:7, 84:12, 84:16, 84:22, 85:23, 86:9, 86:19, 87:3, 87:20, 89:6, 89:18, 89:21, 90:3, 91:7, 92:25, 93:3, 93:13, 93:17, 93:22, 94:3, 94:5, 94:10
**Novick's** [2] - 7:20, 40:22
**number** [3] - 31:16, 50:13, 63:4
**Number** [6] - 8:13, 18:14, 50:11, 55:1, 73:5, 74:17
**numbering** [1] - 72:22
**numbers** [1] - 31:18
**NY** [2] - 2:14, 2:14

# O

**object** [8] - 13:20, 45:8, 45:9, 61:16, 61:24, 62:8, 69:5, 69:6
**objected** [1] - 44:5
**objection** [15] - 5:6, 10:21, 13:10, 30:4, 30:22, 32:19, 47:14, 55:4, 58:4, 58:6, 58:7, 59:19, 60:24, 68:9, 91:7
**objections** [2] - 4:2, 5:4
**objective** [3] - 11:1, 27:18, 65:21
**objects** [9] - 61:15, 61:20, 63:21, 64:20, 64:25, 65:11, 65:13, 65:14, 68:12
**obtain** [3] - 21:18, 22:2, 22:5
**obviously** [13] - 3:24, 4:17, 6:2, 6:5, 25:9, 27:23, 28:3, 28:10, 29:4, 31:22, 34:6, 68:25, 74:1
**OF** [3] - 1:1, 1:4, 95:3
**offense** [6] - 48:9, 56:22, 58:12, 61:24, 69:23, 73:22

**offenses** [2] - 49:5, 59:17
**offer** [1] - 50:11
**offered** [1] - 21:5
**office** [2] - 31:5, 58:2
**Office** [1] - 2:3
**Official** [3] - 1:24, 95:7, 95:18
**officials** [1] - 57:6
**old** [1] - 59:16
**once** [2] - 23:8, 82:24
**one** [44] - 6:21, 7:19, 12:11, 15:22, 20:3, 20:6, 21:13, 21:16, 28:5, 28:8, 29:8, 34:6, 34:8, 38:8, 38:9, 41:7, 41:8, 50:8, 50:13, 54:9, 60:25, 63:24, 64:4, 64:18, 64:22, 64:24, 65:1, 65:10, 65:11, 66:8, 68:16, 68:17, 72:3, 76:13, 78:4, 80:1, 80:9, 80:16, 83:4, 83:6, 88:4, 90:8, 94:12
**One** [11] - 13:13, 18:21, 50:21, 51:2, 61:16, 63:22, 73:5, 73:13, 74:13, 74:18, 75:5
**ones** [3] - 27:1, 30:8, 31:22
**opening** [1] - 89:14
**opinion** [1] - 77:7
**opportunity** [12] - 85:4, 85:18, 85:21, 86:2, 87:1, 87:3, 87:4, 87:7, 89:11, 89:12, 89:16
**opposed** [3] - 40:22, 57:19, 59:24
**opposite** [2] - 14:6, 74:1, 74:23
**oral** [1] - 15:9
**order** [3] - 11:7, 43:19, 89:7
**orderly** [1] - 3:5
**organizational** [1] - 21:4
**original** [1] - 43:9
**originally** [1] - 57:2
**otherwise** [3] - 53:3, 68:4, 93:21
**ought** [3] - 6:20, 47:21, 86:9
**outcome** [1] - 11:9
**outset** [2] - 5:8, 78:1
**outside** [6] - 72:5, 72:7, 74:6, 74:21,

75:2, 87:10
**overseas** [2] - 77:15, 85:7
**overt** [16] - 29:2, 29:5, 29:9, 32:1, 32:4, 32:7, 32:8, 32:16, 32:20, 32:22, 33:10, 33:19, 33:24, 34:5, 34:11, 45:21
**Overview** [1] - 9:4
**overview** [1] - 9:8
**own** [3] - 15:6, 15:7, 52:22
**owned** [1] - 55:12

**P**

**p.m** [3] - 75:21, 94:16
**Pacific** [2] - 79:3, 79:4
**page** [47] - 3:5, 3:6, 3:14, 3:17, 3:18, 3:20, 4:5, 4:6, 4:9, 4:12, 4:18, 4:20, 4:25, 5:1, 5:23, 5:25, 7:23, 8:8, 8:10, 9:5, 9:19, 11:4, 12:24, 15:14, 15:16, 18:19, 30:24, 30:25, 31:1, 31:14, 31:15, 31:16, 31:17, 44:8, 45:15, 46:22, 49:13, 49:21, 59:2, 59:15, 59:22, 62:20, 67:1, 72:21, 91:2, 91:3
**pages** [6] - 31:12, 31:13, 31:21, 65:17, 67:7, 95:9
**papers** [1] - 13:22
**paragraph** [59] - 4:21, 4:23, 6:16, 6:19, 9:21, 10:3, 11:6, 12:24, 13:3, 13:7, 13:12, 23:9, 25:3, 25:4, 27:20, 27:22, 28:3, 28:15, 30:6, 32:3, 33:22, 34:16, 34:20, 35:1, 35:3, 35:18, 39:10, 40:16, 44:8, 44:15, 46:21, 47:9, 47:10, 48:1, 51:9, 51:16, 51:19, 52:4, 52:12, 52:14, 52:18, 52:23, 53:4, 53:9, 53:13, 53:18, 54:3, 54:7, 54:12, 55:7, 59:22, 60:1, 61:1, 62:15, 66:8, 73:5, 76:2
**Paragraph** [2] - 57:17, 59:16

**paragraphs** [11] - 18:21, 29:10, 29:20, 29:22, 30:2, 30:5, 54:1, 65:4, 65:23, 68:10, 75:5
**paralegal** [1] - 93:18
**parallel** [2] - 28:20, 35:8
**paralleled** [1] - 28:1
**parenthetical** [2] - 74:25, 75:6
**part** [15] - 3:8, 10:5, 17:7, 22:8, 44:20, 57:5, 62:7, 63:2, 71:23, 73:22, 73:24, 76:7, 77:16, 80:3, 89:5
**participant** [1] - 11:8
**participate** [1] - 65:19
**participation** [1] - 13:16
**particular** [7] - 6:12, 61:3, 63:21, 64:21, 65:13, 69:3, 86:12
**particularly** [6] - 10:7, 10:9, 26:11, 27:1, 86:13, 89:13
**parties** [4] - 13:8, 51:24, 51:25, 55:1
**partner** [1] - 13:18
**partnership** [4] - 13:16, 13:24, 15:6
**parts** [1] - 79:16
**party** [6] - 26:9, 27:10, 83:8, 89:8, 89:10, 89:15
**pass** [1] - 40:20
**pattern** [2] - 10:5, 44:22
**pay** [1] - 50:12
**payment** [2] - 50:12, 50:13
**PEACOCK** [18] - 2:13, 49:18, 51:15, 51:22, 52:1, 52:11, 53:4, 53:8, 53:24, 67:2, 67:14, 72:19, 73:13, 74:22, 75:16, 84:24, 85:10, 86:8
**Peacock** [1] - 87:13
**people** [2] - 85:12, 86:22
**perform** [6] - 15:19, 16:6, 17:2, 17:21, 17:24, 18:13
**performed** [1] - 16:24
**performs** [4] - 15:24, 17:9, 17:15, 18:3
**perhaps** [4] - 3:8, 7:25, 58:14, 60:3

**period** [2] - 44:17, 79:6
**permitted** [1] - 14:19
**personally** [5] - 52:13, 53:11, 54:8, 54:16, 58:2
**persuasion** [1] - 83:18
**phew** [1] - 92:2
**Phil** [1] - 94:8
**phrase** [2] - 61:22, 62:19
**phrased** [2] - 64:11, 64:13
**pick** [1] - 73:16
**picked** [2] - 52:18, 53:3
**piece** [1] - 22:25
**Pinkerton** [14] - 48:12, 48:19, 49:2, 49:9, 49:11, 60:11, 60:17, 61:8, 71:2, 81:21, 81:23, 82:2, 82:10, 82:18
**place** [14] - 7:11, 8:16, 27:22, 49:8, 72:5, 72:6, 74:6, 74:9, 74:21, 75:2, 80:9, 81:20, 84:9, 90:5
**places** [5] - 47:8, 63:4, 74:12, 74:14, 82:25
**plain** [1] - 80:7
**plaintiff** [1] - 1:5
**plan** [4] - 77:16, 80:3, 80:15, 80:23
**plans** [1] - 80:21
**players** [1] - 47:19
**PLN** [3] - 55:2, 55:16, 55:24
**plus** [1] - 92:10
**Point** [2] - 59:5, 72:24
**point** [31] - 7:20, 9:18, 11:3, 11:22, 16:1, 16:14, 16:17, 19:17, 20:7, 20:22, 22:3, 22:21, 25:2, 28:10, 35:23, 36:6, 45:14, 48:6, 54:7, 60:16, 64:11, 71:6, 71:12, 77:11, 84:5, 84:24, 87:12, 90:19, 90:22, 90:23
**pointed** [2] - 23:1, 42:16
**points** [6] - 15:13, 18:19, 44:5, 72:24, 77:10, 87:25
**portion** [1] - 28:13
**position** [4] - 35:4, 44:12, 69:17, 78:22
**possibility** [1] - 58:18

**Post** [1] - 2:18
**potentially** [3] - 14:6, 39:17, 68:12
**power** [1] - 87:11
**Power** [7] - 13:8, 13:25, 14:2, 14:14, 26:14, 27:24, 79:3
**PowerPoints** [1] - 21:5
**precise** [1] - 64:9
**preexisting** [1] - 31:15
**preferable** [1] - 29:14
**prepared** [1] - 8:3
**preponderance** [6] - 4:11, 4:23, 5:11, 7:1, 7:4, 83:14
**presented** [2] - 85:20, 87:10
**presumes** [1] - 5:25
**presumption** [1] - 4:7
**pretty** [1] - 45:13
**previous** [1] - 63:19
**previously** [4] - 4:1, 13:21, 44:5, 82:1
**PRI** [1] - 79:7
**principal** [8] - 15:19, 15:24, 16:8, 16:25, 17:3, 17:10, 17:15, 17:22
**principally** [1] - 29:17
**problem** [10] - 3:9, 18:10, 29:24, 40:10, 45:2, 47:5, 68:3, 79:24, 81:1, 89:4
**proceed** [3] - 3:5, 27:24, 27:25
**proceeding** [1] - 71:18
**Proceedings** [1] - 94:16
**proceeds** [4] - 38:15, 69:13, 93:8
**process** [5] - 16:21, 26:25, 27:6
**Project** [10] - 14:16, 14:22, 22:3, 22:5, 23:6, 23:13, 23:21, 23:25, 24:9, 24:23
**promise** [1] - 50:12
**promote** [1] - 64:8
**pronounce** [2] - 55:22, 56:2
**pronouncing** [1] - 56:5
**proof** [5] - 4:8, 4:15, 7:12, 66:5, 83:14
**properly** [2] - 11:16, 77:13
**proposal** [7] - 8:4, 40:22, 50:16, 57:2, 78:16, 78:20, 79:22

**propose** [3] - 9:3, 51:23, 78:25
**proposed** [2] - 8:7, 84:25
**proposing** [1] - 67:13
**proposition** [1] - 6:5
**prove** [13] - 6:3, 6:24, 19:9, 29:5, 29:17, 64:7, 66:2, 73:7, 74:3, 74:19, 83:12, 90:24, 91:9
**proved** [3] - 51:6, 76:15, 79:1
**proven** [2] - 29:9, 61:23, 76:23
**provide** [2] - 55:13, 56:25
**provided** [2] - 29:12, 65:25
**proving** [2] - 46:2, 83:10
**provision** [1] - 76:9
**public** [3] - 9:24, 10:19, 55:13
**Puckett** [1] - 89:23
**pull** [1] - 93:20
**pulled** [1] - 57:22
**purpose** [14] - 18:22, 22:23, 23:1, 23:10, 37:6, 38:3, 39:14, 40:5, 40:7, 41:18, 43:12, 43:16, 65:20, 80:21
**Purpose** [1] - 9:19
**purposes** [13] - 13:14, 19:16, 19:22, 19:25, 22:1, 30:13, 34:7, 34:15, 43:8, 50:14, 63:6, 81:2, 81:4
**put** [12] - 12:19, 18:12, 26:12, 26:25, 35:10, 55:19, 57:14, 64:1, 78:16, 81:20, 82:3, 83:16

### Q

**quite** [1] - 78:6
**quote** [2] - 38:22, 80:14
**quote/unquote** [2] - 38:19, 41:7
**quoting** [1] - 80:20

### R

**raise** [1] - 71:23
**raised** [2] - 45:17, 46:1
**rather** [8] - 4:12,

39:18, 39:19, 40:3, 40:12, 43:15, 61:22, 67:17
**Rather** [1] - 41:21
**RE** [1] - 95:3
**rea** [9] - 63:20, 64:21, 65:4, 68:11, 68:20, 69:11, 69:19, 69:22, 73:24
**reach** [2] - 86:4, 88:25
**read** [24] - 4:7, 13:7, 15:17, 23:11, 28:21, 32:10, 32:13, 32:16, 33:3, 33:6, 33:8, 33:11, 33:16, 33:20, 44:12, 47:22, 67:1, 67:4, 73:1, 74:18, 78:21, 78:25, 84:1, 91:8
**Read** [1] - 32:4
**reading** [4] - 12:8, 32:20, 34:16, 69:2
**reads** [6] - 9:21, 13:16, 19:9, 33:23, 44:6, 46:23, 52:12, 55:1, 66:10, 71:15, 74:3, 75:1, 76:4, 79:25, 83:9, 84:8
**real** [1] - 14:18
**realized** [1] - 56:1
**really** [18] - 6:22, 8:4, 10:20, 14:23, 19:21, 38:17, 55:22, 57:15, 63:22, 64:16, 66:16, 71:25, 78:14, 78:18, 87:18, 87:24, 88:21, 91:5
**reason** [8] - 6:8, 7:10, 10:23, 37:9, 42:18, 44:23, 72:22, 92:23
**reasonable** [8] - 5:8, 6:4, 6:24, 28:7, 46:3, 52:16, 52:20, 83:11
**reasonably** [6] - 53:15, 53:19, 53:25, 59:6, 59:9, 59:10
**rebuttal** [3] - 91:21, 93:1, 93:8
**receive** [1] - 3:15
**record** [6] - 3:24, 4:1, 8:5, 38:21, 75:21, 86:17
**recordkeeping** [1] - 30:14
**red** [1] - 3:18
**redline** [1] - 29:15
**redo** [2] - 29:20, 30:6
**redone** [1] - 29:6
**refer** [12] - 26:9, 31:22, 32:1, 33:4, 40:24,

53:25, 59:1, 59:2, 59:23, 64:16, 65:8, 67:7
**reference** [10] - 30:5, 59:3, 60:18, 60:24, 61:10, 65:16, 71:5, 82:7, 82:14, 82:15
**referenced** [1] - 77:8
**references** [3] - 4:19, 30:7, 60:1
**referencing** [1] - 26:10
**referring** [6] - 11:13, 32:2, 36:18, 37:13, 66:10, 70:22
**refers** [6] - 53:13, 60:10, 63:18, 64:13, 76:8, 81:21
**refining** [1] - 24:21
**refresh** [1] - 90:9
**regard** [4] - 6:18, 11:6, 22:7, 53:5
**regarding** [3] - 24:12, 73:13, 81:6
**regardless** [1] - 34:3
**regularly** [1] - 10:6
**reiterate** [4] - 22:24, 23:8, 58:22, 58:25
**reiterates** [1] - 13:15
**related** [3] - 23:13, 24:22, 82:2
**relates** [2] - 4:9, 4:11
**relation** [1] - 61:8
**relationship** [3] - 15:3, 16:7, 16:22
**relationships** [1] - 25:17
**relevant** [3] - 25:19, 65:24, 69:8
**relieve** [2] - 45:18, 46:2
**relitigate** [1] - 3:25
**rely** [1] - 82:12
**remainder** [1] - 33:20
**remaining** [1] - 32:23
**remember** [2] - 45:16, 45:25
**remind** [2] - 83:12, 83:17
**remove** [5] - 34:15, 35:18, 43:10, 51:5, 71:19
**removed** [7] - 51:17, 52:15, 65:6, 74:14, 75:1, 76:13, 76:17
**removing** [1] - 42:18
**renumber** [1] - 29:10
**renumbered** [2] - 29:11, 29:22
**renumbering** [1] - 30:2

**repeat** [2] - 59:1, 81:24
**reporter** [1] - 94:1
**Reporter** [3] - 1:24, 95:7, 95:18
**reproducing** [1] - 91:15
**request** [30] - 4:2, 4:7, 4:9, 4:10, 7:22, 10:2, 11:10, 13:15, 15:15, 18:20, 18:23, 20:1, 25:4, 35:17, 48:15, 52:11, 56:22, 61:18, 62:13, 76:2, 76:10, 76:12, 76:17, 77:4, 77:22, 82:9, 91:18, 91:20, 92:21, 92:25
**requested** [3] - 62:12, 76:19, 83:23
**requests** [1] - 75:25
**requirement** [5] - 38:8, 69:19, 70:1, 70:19, 79:1
**requirements** [5] - 63:21, 64:22, 65:5, 68:11, 77:2
**requires** [2] - 66:22, 69:7
**reserved** [2] - 14:11, 44:10
**Resignation** [1] - 40:2
**resignation** [30] - 35:2, 35:6, 35:20, 35:24, 36:7, 36:8, 36:14, 36:17, 36:19, 36:22, 37:5, 37:8, 37:10, 37:19, 38:1, 38:2, 38:22, 39:1, 39:11, 39:23, 40:4, 40:6, 40:9, 40:16, 40:17, 41:3, 41:10, 41:23, 43:6, 43:13
**resigned** [3] - 35:13, 38:12, 41:14
**resigns** [4] - 38:8, 38:9, 41:7, 41:8
**Resources** [2] - 79:3, 79:4
**respect** [12] - 3:14, 10:14, 16:23, 48:12, 49:2, 61:7, 71:2, 77:22, 86:1, 86:17, 87:6, 91:17
**respond** [2] - 39:24, 63:11
**rest** [6] - 26:7, 31:17, 40:15, 43:25, 51:8, 84:14
**restatement** [1] - 10:11

**restrictions** [1] - 93:23
**result** [2] - 56:14, 85:19
**return** [1] - 90:8
**review** [1] - 75:14
**revise** [1] - 39:11
**revised** [2] - 83:23, 90:1
**rid** [1] - 46:7
**risk** [6] - 14:18, 18:7, 23:20, 39:9, 40:18, 45:7
**risky** [1] - 44:19
**RMR** [3] - 1:24, 95:6, 95:18
**road** [1] - 16:20
**Road** [1] - 2:18
**room** [1] - 33:5
**Room** [2] - 2:9, 95:19
**Roseman** [1] - 83:24
**rule** [1] - 73:23
**rules** [1] - 39:4
**ruling** [1] - 14:12
**running** [1] - 40:10
**runs** [1] - 45:6

### S

**safe** [2] - 91:20, 91:24
**safety** [2] - 9:24, 10:19
**sake** [3] - 29:4, 46:25, 64:2
**satisfied** [3] - 53:15, 61:2
**save** [2] - 32:25, 84:14
**scheme** [1] - 38:15
**screen** [1] - 93:21
**scrimp** [1] - 92:18
**seated** [1] - 3:2
**Second** [6] - 77:19, 80:14, 80:19, 80:23, 80:25
**second** [15] - 30:18, 30:19, 30:23, 32:3, 37:13, 47:9, 55:6, 55:11, 61:15, 67:20, 76:10, 84:8, 85:16, 88:4, 90:9
**seconds** [1] - 90:7
**section** [10] - 5:22, 6:10, 7:5, 11:5, 27:21, 59:4, 59:21, 66:14, 72:11, 91:6
**Section** [9] - 2:8, 8:1, 8:2, 11:6, 46:22, 71:13, 73:21, 73:24, 91:4
**secure** [1] - 23:6
**see** [18] - 3:6, 4:19, 8:11, 9:16, 22:12,

22:15, 22:18, 30:22, 49:11, 50:9, 59:18, 68:1, 75:10, 75:15, 81:14, 82:6, 82:15
**seem** [2] - 20:17, 75:8
**selected** [1] - 33:10
**selecting** [1] - 27:6
**sense** [8] - 7:7, 7:16, 16:20, 30:16, 38:7, 50:2, 58:23, 70:12
**sent** [1] - 3:4
**sentence** [50] - 11:10, 15:17, 19:8, 26:7, 36:13, 37:13, 39:18, 39:19, 40:1, 44:6, 46:8, 47:9, 47:10, 48:7, 51:16, 52:2, 53:23, 54:15, 54:25, 55:6, 55:9, 55:11, 60:4, 67:3, 67:10, 67:19, 74:2, 74:16, 74:17, 74:25, 76:3, 76:4, 76:11, 76:13, 76:17, 76:18, 77:4, 77:23, 78:1, 78:14, 78:23, 79:24, 83:8, 84:8, 84:14, 86:10, 89:9, 91:5
**sentences** [1] - 52:8
**separate** [6] - 9:23, 17:7, 37:14, 71:6, 79:8, 94:2
**separately** [7] - 47:16, 47:23, 62:9, 63:4, 68:21, 71:2, 83:17
**September** [1] - 24:13
**services** [11] - 15:18, 15:23, 16:5, 16:23, 17:2, 17:9, 17:13, 17:14, 17:21, 18:3, 55:13
**set** [5] - 13:21, 49:5, 69:16, 79:17, 92:23
**sets** [2] - 44:7, 44:16
**seven** [3] - 50:4, 50:7, 50:8
**seventh** [3] - 49:24, 49:25, 56:21
**several** [1] - 56:3
**severed** [1] - 35:11
**Sharafi** [5] - 85:14, 85:19, 86:17, 87:6, 90:12
**shift** [1] - 6:20
**shifting** [1] - 6:23
**shifts** [2] - 6:7, 7:3
**short** [2] - 8:3, 56:25
**shorthand** [1] - 95:10
**shortly** [1] - 60:6
**show** [1] - 15:1

**showing** [1] - 29:16
**shows** [2] - 24:9, 24:12
**side** [3] - 86:12, 90:10, 91:20
**signature** [1] - 31:15
**significance** [2] - 12:2, 23:15
**significant** [1] - 85:11
**SILVER** [141] - 2:13, 3:12, 3:22, 4:5, 4:20, 5:1, 5:6, 5:17, 6:22, 7:19, 8:12, 9:3, 9:10, 9:18, 10:16, 11:3, 12:8, 12:20, 13:1, 13:5, 13:10, 13:20, 14:18, 15:13, 16:1, 16:13, 16:17, 17:12, 17:17, 18:18, 19:7, 19:20, 20:20, 20:22, 21:8, 21:23, 22:13, 22:18, 23:18, 24:1, 24:5, 24:11, 25:2, 25:15, 26:2, 26:5, 27:10, 28:9, 30:1, 30:10, 30:19, 33:3, 33:14, 34:9, 34:17, 34:22, 35:16, 36:1, 36:3, 36:10, 36:25, 37:16, 37:23, 38:5, 39:22, 40:21, 41:25, 42:3, 42:20, 43:4, 44:3, 44:14, 45:2, 45:14, 46:9, 46:12, 46:15, 46:19, 47:8, 48:6, 49:1, 49:12, 49:17, 50:6, 50:17, 50:21, 51:11, 52:7, 53:18, 54:12, 54:23, 55:4, 55:9, 55:24, 57:11, 58:6, 58:25, 59:4, 59:21, 60:10, 60:15, 61:14, 62:13, 62:17, 63:13, 64:2, 64:10, 66:7, 66:15, 68:8, 69:15, 70:12, 70:16, 70:21, 71:12, 71:22, 72:4, 72:8, 72:17, 72:21, 73:8, 74:11, 75:4, 75:17, 75:25, 78:5, 78:21, 79:23, 80:18, 81:1, 81:23, 82:6, 82:9, 83:3, 83:22, 84:5, 87:5, 87:12, 89:24, 93:14, 94:8
**Silver** [2] - 58:4, 63:12
**similar** [2] - 57:8, 77:20
**simple** [1] - 6:8

**simplicity** [1] - 34:19
**simply** [7] - 4:15, 24:1, 65:7, 66:8, 66:10, 69:23, 79:11
**single** [13] - 76:6, 77:23, 77:24, 78:2, 79:6, 79:13, 79:15, 80:2, 80:3, 80:16, 80:22, 81:3, 90:16
**Six** [1] - 91:4
**six** [4] - 50:8, 59:23, 60:10, 61:3
**sixth** [2] - 49:24, 49:25
**skill** [1] - 95:12
**slightly** [1] - 54:1
**small** [2] - 9:18, 71:12
**solicitation** [1] - 56:24
**solicited** [1] - 57:5
**solution** [1] - 48:11
**someone** [3] - 12:13, 31:8, 87:13
**someplace** [1] - 75:1
**sometimes** [1] - 26:9
**somewhat** [2] - 52:21, 53:24
**soon** [1] - 31:5
**sorry** [20] - 4:19, 5:1, 8:12, 11:20, 13:1, 37:18, 39:24, 40:8, 46:19, 47:13, 47:25, 55:8, 59:19, 60:8, 60:12, 67:11, 72:25, 73:13, 76:25, 83:7
**sort** [2] - 52:22, 76:18
**sound** [1] - 12:16
**Southern** [1] - 57:23
**Southport** [1] - 2:19
**sowing** [1] - 43:10
**speaking** [2] - 56:17, 56:19
**SPEARS** [3] - 2:17, 90:22, 91:3
**Spears** [1] - 2:18
**specific** [30] - 17:1, 18:23, 19:18, 20:14, 21:1, 21:3, 21:6, 21:17, 21:20, 22:11, 22:12, 23:12, 24:22, 32:1, 58:8, 62:4, 63:17, 63:20, 63:24, 64:19, 64:25, 65:10, 65:20, 66:13, 66:19, 68:15, 68:18, 69:1, 69:7, 69:21
**specifically** [6] - 32:11, 54:14, 62:1, 62:18, 66:1, 68:24
**speculate** [2] - 88:11, 88:22
**spot** [1] - 59:14

**squaring** [1] - 87:2
**squishy** [1] - 93:11
**stage** [3] - 5:11, 80:2, 90:16
**stages** [2] - 76:16, 80:1
**stake** [1] - 11:8
**standalone** [2] - 39:19, 40:1
**standard** [7] - 4:11, 5:9, 5:12, 7:4, 11:21, 69:22
**standing** [1] - 38:23
**standpoint** [1] - 7:16
**start** [7] - 3:8, 18:1, 20:16, 23:8, 31:3, 48:2, 91:15
**started** [1] - 40:11
**starts** [2] - 4:21, 34:24
**state** [3] - 23:19, 34:1, 55:12
**State** [1] - 55:12
**state-controlled** [1] - 55:12
**State-owned** [1] - 55:12
**statement** [3] - 5:14, 36:14, 79:13
**statements** [3] - 34:5, 44:11, 89:14
**States** [17] - 71:25, 72:2, 72:5, 72:7, 73:15, 73:17, 73:20, 74:5, 74:6, 74:9, 74:20, 74:21, 75:2, 75:3, 95:7, 95:19
**STATES** [3] - 1:1, 1:4, 95:3
**stating** [1] - 53:10
**status** [1] - 21:14
**statute** [6] - 9:20, 34:6, 34:8, 69:4, 80:4, 80:10
**step** [2] - 44:25, 77:14
**steps** [3] - 39:13, 40:13, 41:22
**still** [6] - 6:23, 31:14, 36:5, 61:7, 61:10, 68:13
**stipulated** [4] - 13:8, 51:24, 51:25, 55:2
**stipulation** [2] - 51:18, 52:4
**stop** [4] - 26:4, 31:25, 43:20, 88:17
**Street** [1] - 1:7, 2:4, 95:19
**stress** [1] - 88:21
**stricken** [1] - 10:3
**strikes** [2] - 8:15, 28:7

**strongly** [1] - 84:18
**stuff** [1] - 92:24
**stylistic** [1] - 5:3
**Subheading** [1] - 49:21
**submissions** [1] - 84:1
**submit** [1] - 78:20
**submitted** [1] - 92:3
**Subparagraph** [1] - 74:8
**Subpart** [5] - 61:17, 61:19, 62:14, 62:19
**subpoena** [1] - 87:11
**Subsection** [1] - 4:7
**subsequent** [1] - 48:14
**substance** [4] - 3:15, 14:10, 56:22, 58:12
**substantial** [2] - 20:11, 54:6
**substantive** [10] - 5:4, 8:24, 10:8, 10:11, 48:9, 49:5, 59:6, 59:16, 69:23, 71:14
**substitute** [1] - 30:7
**subsume** [2] - 12:5, 12:9
**subtle** [1] - 28:10
**successfully** [1] - 16:11
**sudden** [1] - 56:1
**suddenly** [1] - 20:16
**suffice** [1] - 38:4
**sufficient** [8] - 13:17, 14:16, 16:22, 36:23, 38:16, 42:22, 53:5, 64:9
**suggest** [13] - 15:2, 34:3, 39:17, 39:25, 42:16, 44:22, 45:23, 51:4, 54:24, 59:7, 59:11, 59:25, 74:13
**suggested** [4] - 34:14, 42:18, 71:5, 81:6
**suggesting** [2] - 36:22, 87:22
**suggestion** [8] - 7:15, 9:10, 13:6, 31:24, 32:6, 34:13, 43:9, 43:22
**suggestions** [1] - 35:1
**suggests** [1] - 44:24
**Suite** [1] - 2:18
**summaries** [3] - 84:8, 84:9, 84:17
**summary** [2] - 30:4, 30:7
**summation** [6] - 16:19, 28:12, 92:22,

93:1, 93:5, 93:8
**summations** [1] - 15:10
**superseding** [4] - 29:7, 30:15, 30:19, 30:23
**supplement** [1] - 48:25
**support** [1] - 14:17
**supported** [1] - 79:11
**supports** [1] - 69:2
**suppose** [3] - 13:14, 33:15, 33:17
**supposed** [1] - 25:23

**T**

**talks** [4] - 63:20, 68:10, 80:20, 90:24
**tall** [1] - 56:7
**Tarahan** [13] - 14:15, 14:22, 21:18, 22:3, 22:5, 22:17, 23:2, 23:6, 23:13, 23:21, 23:25, 24:9, 24:22
**ten** [4] - 32:10, 33:10, 33:19, 87:14
**tend** [1] - 33:8
**term** [7] - 25:7, 25:9, 26:8, 26:20, 27:13, 51:16, 78:23
**terms** [4] - 38:2, 54:1, 64:14, 67:18
**testified** [3] - 86:5, 88:16, 89:1
**testify** [1] - 86:3
**testimony** [3] - 24:7, 28:11, 84:22
**Testimony** [1] - 89:21
**text** [2] - 11:12, 32:17
**THE** [203] - 1:18, 3:1, 3:13, 4:4, 4:18, 5:3, 5:15, 5:21, 6:13, 7:10, 9:1, 9:8, 9:15, 10:13, 10:22, 11:19, 12:1, 12:18, 13:11, 14:8, 14:25, 15:12, 16:9, 16:15, 17:11, 18:1, 18:9, 18:12, 21:10, 22:8, 22:15, 22:19, 23:11, 23:24, 24:4, 24:8, 24:19, 24:25, 25:12, 25:19, 26:4, 26:16, 26:18, 26:22, 27:3, 27:8, 27:11, 28:14, 28:17, 28:22, 28:25, 29:19, 29:24, 30:3, 30:13, 30:21, 31:1, 31:6, 31:10, 31:19, 31:25,

32:5, 32:15, 32:23, 33:1, 33:8, 33:18, 34:19, 34:23, 35:19, 35:24, 36:2, 37:12, 37:19, 37:24, 39:21, 41:17, 42:4, 42:7, 43:12, 43:19, 43:23, 43:25, 44:13, 44:15, 45:10, 45:13, 46:10, 46:17, 47:6, 47:11, 47:24, 48:4, 48:22, 48:24, 49:10, 49:16, 50:3, 50:9, 50:19, 50:25, 51:9, 51:20, 51:23, 52:10, 53:2, 53:8, 53:17, 53:22, 54:10, 54:16, 55:16, 55:19, 55:22, 56:1, 56:7, 56:9, 56:16, 56:20, 57:14, 57:19, 57:24, 58:4, 58:10, 58:21, 59:2, 59:13, 59:15, 59:20, 60:7, 60:13, 61:7, 61:13, 62:11, 62:16, 62:21, 62:23, 63:11, 64:1, 64:5, 67:11, 67:22, 70:3, 70:7, 70:9, 70:18, 71:11, 72:3, 72:6, 72:18, 72:20, 73:11, 74:7, 74:15, 75:7, 75:20, 75:22, 75:24, 78:20, 79:14, 79:21, 81:13, 82:3, 82:7, 82:15, 82:20, 82:23, 83:4, 83:16, 83:21, 84:4, 84:11, 84:13, 84:19, 85:8, 86:1, 86:15, 86:25, 87:8, 87:16, 87:23, 88:18, 88:24, 89:15, 89:19, 90:2, 90:6, 90:20, 91:2, 91:11, 91:25, 92:2, 92:7, 92:9, 92:15, 92:17, 93:4, 93:15, 93:20, 93:25, 94:4, 94:6, 94:13
**theory** [6] - 16:18, 48:16, 49:2, 60:21, 71:19, 82:12
**therefore** [1] - 73:23
**they've** [1] - 76:20
**Thiessen** [1] - 56:3
**thin** [1] - 80:13
**thinking** [1] - 27:1
**third** [11] - 13:3, 26:9, 27:10, 29:6, 30:14, 30:19, 30:23, 59:15, 76:2, 91:6, 91:8

**third-party** [2] - 26:9, 27:10
**thirty** [1] - 72:20
**thirty-three** [1] - 72:20
**threat** [2] - 9:23, 10:18
**Three** [7] - 12:23, 13:4, 49:18, 51:12, 51:13, 51:15, 91:4
**three** [2] - 72:20, 89:23
**tidied** [1] - 93:16
**ties** [1] - 35:11
**tinnitus** [2] - 56:12, 56:13
**together** [6] - 12:19, 14:15, 14:21, 15:5, 17:6, 17:25
**tomorrow** [1] - 92:3
**took** [5] - 39:13, 40:13, 41:22, 42:12, 43:15
**top** [3] - 8:19, 9:5, 12:24
**totally** [2] - 34:9, 89:5
**towards** [2] - 8:8, 88:1
**tracks** [2] - 75:9, 77:18
**trading** [1] - 38:13
**transacted** [1] - 69:12
**transaction** [22] - 76:5, 76:7, 76:9, 76:24, 77:15, 77:24, 78:3, 78:8, 78:19, 79:6, 79:8, 79:13, 79:16, 80:2, 80:6, 80:8, 80:22, 81:4, 90:14, 90:16, 90:17
**transcription** [1] - 95:10
**transfer** [11] - 76:15, 76:25, 78:4, 79:2, 79:25, 80:3, 80:8, 80:15, 80:17, 81:2, 90:12
**transport** [1] - 71:17
**Transportation** [1] - 73:14
**transportation** [1] - 73:16
**transported** [2] - 74:5, 74:20
**transporting** [1] - 71:16
**trial** [9] - 8:6, 13:23, 14:11, 36:11, 57:25, 85:15, 85:17, 88:13, 94:11
**trick** [2] - 21:23, 26:5
**triggers** [1] - 36:8
**trouble** [1] - 13:1
**true** [8] - 6:5, 6:11,

28:22, 34:17, 48:4, 66:2, 89:13, 95:10
**try** [2] - 22:24, 23:8
**trying** [8] - 17:3, 20:6, 22:15, 22:16, 32:24, 79:17, 86:15, 87:18
**Two** [3] - 49:21, 63:23, 74:17
**two** [41] - 5:18, 18:20, 29:8, 37:13, 44:11, 47:8, 52:7, 54:1, 57:22, 57:25, 61:20, 63:5, 63:21, 63:25, 64:20, 64:24, 65:4, 65:5, 65:23, 66:7, 68:10, 68:11, 68:16, 68:17, 68:20, 68:22, 72:24, 75:25, 77:14, 81:5, 89:22, 90:16, 91:20, 91:23, 91:25, 92:10, 92:11, 92:19, 93:6, 94:2
**two-hour** [1] - 92:10
**two-stage** [1] - 90:16
**two-step** [1] - 77:14
**type** [1] - 75:9
**types** [1] - 75:10
**typically** [1] - 9:20
**typo** [2] - 55:5, 70:5

**U**

**U.S** [3] - 2:3, 2:7, 78:6
**U.S.D.J** [1] - 1:18
**unavailability** [1] - 85:9
**uncalled** [2] - 84:6, 84:25, 85:1
**under** [25] - 4:7, 12:23, 13:3, 29:2, 32:3, 32:4, 38:4, 51:2, 58:11, 59:15, 61:14, 70:17, 72:11, 72:14, 72:23, 72:25, 73:5, 74:8, 74:12, 74:17, 80:17, 83:8, 89:21, 90:17
**underlying** [3] - 66:6, 68:19, 84:10
**undermines** [1] - 14:22
**understood** [3] - 15:11, 31:4, 34:10
**undertaking** [18] - 15:16, 15:17, 15:22, 15:25, 16:5, 16:11, 16:25, 17:8, 17:13, 18:2, 18:9, 18:15, 18:16, 20:10, 20:15, 22:22, 22:25, 23:9

**United** [17] - 71:24, 72:2, 72:4, 72:5, 72:7, 73:15, 73:17, 73:20, 74:5, 74:6, 74:9, 74:20, 74:21, 75:2, 75:3, 95:7, 95:19
**UNITED** [3] - 1:1, 1:4, 95:3
**unlawful** [1] - 65:20
**unlawfully** [1] - 71:16
**unless** [3] - 39:21, 39:23, 51:12
**unlike** [1] - 10:8
**unnecessarily** [1] - 28:8
**unnecessary** [4] - 10:1, 10:14, 10:17, 84:15
**up** [20] - 7:7, 24:20, 29:5, 29:10, 29:17, 33:12, 40:20, 51:20, 52:18, 53:3, 56:25, 57:16, 73:16, 80:5, 87:2, 88:13, 92:23, 93:16, 93:21, 94:12
**US** [1] - 2:14
**USC** [1] - 66:3
**useful** [1] - 57:15
**uses** [4] - 25:6, 26:10, 26:20, 27:13

**V**

**various** [1] - 45:19
**vast** [1] - 85:5
**venture** [6] - 11:9, 13:17, 13:18, 14:1, 14:2, 14:5
**venturer** [1] - 13:24
**venue** [19] - 7:4, 7:8, 34:7, 34:14, 34:18, 75:17, 75:22, 76:1, 76:15, 76:22, 77:2, 77:14, 78:8, 78:9, 78:12, 79:1, 79:9, 81:4, 90:10
**verdict** [2] - 3:9, 3:10
**version** [3] - 8:7, 29:16, 76:18
**versus** [2] - 59:10, 79:13
**view** [2] - 21:24, 85:1
**viewed** [1] - 80:16
**violate** [1] - 66:3
**violation** [5] - 49:14, 49:22, 69:3, 69:18, 69:19
**violative** [2] - 18:5, 19:2

**voice** [3] - 20:6, 32:25, 56:5

## W

**waive** [1] - 4:2
**wants** [3] - 9:1, 23:5, 28:14
**Washington** [1] - 2:9
**ways** [3] - 29:8, 39:10, 45:5
**weigh** [1] - 88:3
**well-known** [1] - 10:9
**white** [3] - 29:9, 29:15, 31:15
**whole** [10] - 11:22, 19:21, 23:10, 51:25, 59:1, 68:4, 80:21, 84:14, 86:25, 88:19
**Widiono** [1] - 57:9
**willful** [1] - 66:11
**willfully** [11] - 64:15, 65:16, 66:19, 66:20, 66:24, 67:5, 67:16, 67:18, 67:21, 67:22, 67:24
**win** [1] - 14:15
**wire** [4] - 52:14, 53:12, 53:16, 54:14
**wires** [2] - 53:19, 53:21
**withdrawal** [42] - 4:11, 4:13, 5:12, 5:21, 5:22, 6:18, 7:1, 7:14, 34:21, 34:24, 35:7, 35:20, 36:16, 36:18, 37:21, 38:23, 39:8, 39:12, 40:3, 41:2, 43:15, 44:4, 45:5, 45:15, 46:20, 46:23, 47:16, 47:23, 47:24, 47:25, 48:8, 60:18, 60:24, 70:10, 70:15, 70:20, 70:23, 71:7, 71:8, 82:11, 83:13, 83:19
**withdrew** [7] - 4:22, 41:16, 48:8, 48:13, 49:4, 60:19, 70:24
**witness** [5] - 85:2, 85:16, 86:13, 86:20, 88:11
**Witnesses** [1] - 89:22
**witnesses** [12] - 24:14, 24:15, 84:6, 84:23, 84:25, 85:5, 85:6, 88:10, 88:16, 88:19, 88:23, 89:17
**word** [6] - 18:4, 26:11, 34:2, 35:24, 62:14,

77:13
**words** [1] - 41:5
**worker** [1] - 65:22
**works** [1] - 28:25
**worth** [1] - 83:23
**written** [1] - 12:17
**wrote** [1] - 50:15

## Y

**years** [3] - 56:12, 85:21, 87:14
**yesterday** [1] - 3:4
**York** [3] - 2:8, 2:14, 57:23