UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE HOSKINS | Criminal No. 3:12cr238 (JBA)<br><br>February 24, 2021 |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Lawrence Hoskins moves the Court for compassionate release and "requests that the Court reduce his sentence to time served," pursuant to 18 U.S.C. § 3582(c), because his "age and health condition[s], in combination with the impact of the COVID-19 pandemic and its rapid spread within prisons, constitute extraordinary and compelling reasons to grant this relief." (Def.'s Mot. for Reduction in Sentence [Doc. # 642] at 1.) The Government opposes. ([Doc. # 644].)

Defendant Lawrence Hoskins was convicted by a jury of one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A), one count of conspiracy to violate the Foreign Corrupt Practices Act (FCPA), and six counts of violations of the FCPA. (Jury Verdict [Doc. # 583].) Upon Defendant's motion, (Def.'s Mot. for Acquittal on All Counts [Doc. # 589]), this Court vacated the jury's verdict on the FCPA counts, (Ruling on Def.'s R. 29(c) and R. 33 Mots. [Doc. # 617]), and sentenced Mr. Hoskins to 15 months of imprisonment for his guilty conduct forming the basis of his convictions under 18 U.S.C. §§ 1956(h) and 1956(a)(2)(A), (J. [Doc. # 629] at 1). The sentencing hearing was held on March 6, 2020, just two weeks prior to the lockdown necessitated by the declaration of the COVID-19 pandemic in Connecticut. (Sentencing Tr. [Doc. # 631].) Given the ongoing nature of the pandemic, the Court has allowed Mr. Hoskins to postpone his self-surrender date until April 12, 2021. (Order Granting Mot. to Adjourn [Doc. # 650]; *see also* Order Granting Mot. to Adjourn [Doc.

1

# 648]; Order Granting Mot. to Adjourn [Doc. # 641]; Order Granting Mot. to Adjourn [Doc. # 639].) Accordingly, Mr. Hoskins has yet to serve any of his 15-month sentence in prison. The ruling vacating his FCPA counts remains on appeal.

Since Defendant has not yet begun to serve his sentence and is not yet in the custody of the Bureau of Prisons (BOP), the Court cannot "reduce his sentence to time served."[1] *See United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020) ("[S]ection [3582(c)] applies only to those defendants who have begun serving their term of imprisonment at a BOP facility. Because the defendant is not currently in the custody of the BOP, his application is premature.") (internal citations omitted); *United States v. Spruill*, No. 3:18-CR-0022-10(VLB), 2020 WL 2113621, at *3 (D. Conn. May 4, 2020) (denying defendant's motion for compassionate release as "premature" because he had not yet begun his custodial sentence).

Furthermore, the relevant 18 U.S.C. § 3553 factors, required to be considered before reducing a sentence and granting release, weigh against Mr. Hoskins. 18 U.S.C.A. § 3582 (the court may grant compassionate release only "after considering the factors set forth in section 3553(a)"). The Court considered Mr. Hoskins's age and medical conditions, lack of personal benefit from his crimes, difficult pretrial detention conditions in the Caribbean, and uncertainties of incarceration resulting from his status as a noncitizen at his initial sentencing in March 2020. (Sentencing Tr. at 77, 79-84.) Because of Mr. Hoskins's advanced age and medical frailties, the Court sentenced Mr. Hoskins to only fifteen months

---

[1] Defendant points to Judge Rakoff's reduction of Joel Austin's sentence to time-served, even though Mr. Austin was not yet incarcerated, to demonstrate that the Court has such authority here. *United States v. Austin*, 468 F. Supp. 3d 641, 642 (S.D.N.Y. 2020). However, *Austin* is a unique case in which the defendant had already served nine years of his fifteen-year sentence before being released after his *habeas* motion was granted. *Id.* That grant was subsequently overturned on appeal and the defendant was instructed to *return to* prison to complete the remainder of his sentence. *Id.* at 643. While Mr. Austin was not physically incarcerated at the time of his motion, he was under supervision of the U.S. Probation Office, and he had already served nine years of the sentence for which he sought reduction. *Id.* Mr. Hoskins has served none of his fifteen-month sentence and has no other extraordinary reasons warranting release.

imprisonment, a sentence significantly below the range advanced by the Sentencing Guidelines of 135 to 168 months and urged by the Government. (*Id.*) Since his sentencing, Mr. Hoskins's release conditions pending surrender required him to remain in Dallas, Texas, where he has resided in an apartment, away from his wife in England, but where he is able to take steps to protect his health during the COVID-19 pandemic. (Def.'s Mem. in Supp. of his Mot. for Reduction [Doc. # 642-1] at 12.) Mr. Hoskins argues that his lonely existence and separation from his home and his wife are grounds for his release because they resemble a custodial status.

Given the impact of the pandemic on the global community, Mr. Hoskins's isolated and lonely existence is far from unique and is not the functional equivalent of incarceration. The Court reflects that each postponement of his surrender to the BOP has been at Mr. Hoskins's request. Considering Defendant's age and the Court's willingness to adjourn his surrender, Defendant presents no reason why he cannot get vaccinated pre-incarceration.[2] Mr. Hoskins's effort to avoid serving any portion of his sentence of incarceration, particularly considering the severity of his offenses, fails. Thus, Defendant's Motion for a Reduction in Sentence [Doc. # 642] is DENIED.

---

[2] Mr. Hoskins is seventy years old, placing him at high risk of severe complications from contracting the COVID-19 virus, and has "polymyalgia rheumatica," an inflammatory disease which preliminary studies have shown may increase one's risk of severe disease, although the Center for Disease Control (CDC) does not list it among the conditions that may increase risk. (Def.'s Mem. at 34); *see also* CDC, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 7, 2020) ("Among adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk."); Kristin M. D'Silva et. al, *Risk of Respiratory Failure Tripled in COVID-19 Patients with Existing Rheumatic Disease*, Mass Gen. Hosp. (June 19, 2020) ("Significantly more patients with rheumatic disease required ICU admission/mechanical ventilation [and] had threefold higher odds of requiring mechanical ventilation than patients without."). While his age and medical conditions could constitute extraordinary and compelling circumstances if Mr. Hoskins was presently incarcerated, they do not impact his petition for release as he presently lives in a community, not congregate, environment.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of February 2021.